R. LEWIS VAN BLOIS, SBN 038912
THOMAS C. KNOWLES, SBN 40899
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____

SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
UNLIMITED JURISDICTION

SHELLEY R. ROBINSON; and
ELIZAVETA M. HUNSINGER, by and
through her Conservator IVAN J.
HUNSINGER

    Plaintiffs,

    v.

DAIMLERCHRYSLER AG;
DAIMLERCHRYSLER MOTORS
COMPANY LLC; DAIMLERCHRYSLER
CORPORATION; and DOES ONE through
FIFTY, inclusive,

    Defendants.
_____/

No. C 07 00998

COMPLAINT FOR PERSONAL INJURY
AND DAMAGES

Comes now SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and

through her Conservator IVAN J. HUNSINGER, and complain of defendants, and each of them

as follows:

## FACTUAL ALLEGATIONS

1. Prior to the issuance of the summons in this action, on February 14, 2006, the above-entitled Court, by its order regularly made, entered, appointed, and issued, Letters of Conservatorship, in case number P05-01241, naming IVAN J. HUNSINGER as Conservator of the person and estate of plaintiff ELIZAVETA M. HUNSINGER.

2. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to Section 474 of the Code of Civil Procedure. Plaintiffs are informed and believe, and thereon allege, that each of said defendants designated by such fictitious names is responsible and legally obligated to plaintiffs in contract, in tort, or by statute, for the events and happenings herein referred to, and for the injuries and damages legally caused to plaintiffs, all as hereinafter alleged. Plaintiffs will therefore pray leave to amend this complaint to insert herein the true names and capacities of said defendants when the same have been ascertained, or upon proof thereof at trial.

3. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants named herein, including each defendant sued herein under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other defendant with respect to the events and transactions herein alleged, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of such agency, service, and/or employment, and conducting himself, herself, or itself pursuant to the consent, permission, authorization, and/or ratification of and by each and every other defendant, and further that, each and every defendant, as

aforesaid, when acting as a principal, was negligent in the selection, hiring, and/or supervision of each and every other defendant as an agent, servant, employee and/or independent contractor. Additionally, plaintiffs are informed and believe, and thereon allege, that at all times material hereto, certain of said defendants owned, controlled, were the alter egos of, or successors in interest to the assets and liabilities of, certain other businesses, or the corporate owners of said other businesses. As such, each of said defendants is liable and responsible to plaintiffs for the acts and/or omissions of said other businesses, as hereinafter alleged.

4. Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER AG was and now is a corporation, organized and existing under the laws of a country other than the United States. Plaintiffs are further informed and believe, and thereon allege that said defendant is engaged in the business of the design, manufacture, distribution and sale of motor vehicles for use by members of the general public for purposes of business, pleasure and recreation, and that said defendant does now, and has for some time, engaged in this business with the knowledge and the intent that a substantial number of its products will be distributed to, and purchased and/or used within the State of California by large numbers of California citizens, including many who reside in Contra Costa County, thereby purposefully availing itself of the privilege of conducting business activities in California, and the benefits and protection of California laws.

5. Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER MOTORS COMPANY LLC was and now is a limited partnership or limited liability company, organized and existing under the laws of the

   State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof, including Contra Costa County.

6. Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER CORPORATION; was and now is a corporation, organized and existing under the laws of the State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof including Contra Costa County.

7. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants, DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, were engaged in the businesses of designing, manufacturing, remanufacturing, reconditioning, converting, packaging, distributing, testing, constructing, selecting, assembling, installing, fabricating, accessorizing, configuring, analyzing, marketing, recommending, servicing, repairing, maintaining, warranting, merchandising, advertising, promoting, leasing, renting, selling, and instructing and warning concerning the operation, installation, accessory and/or component configuration, care, repair, service, maintenance, and use of certain motor vehicles, the component parts thereof (including but not limited to the passenger compartment, roof, passenger restraints and protective devices, tires, wheels, brakes, steering components, handling components, suspension components, etc.), and the accessories therefor, for use by members of the general public for the purpose, among others, of transporting persons and cargo over the public streets and highways for business and recreational use. As a part of their respective businesses, as aforesaid, defendants, and each of them, did design,

manufacture, remanufacture, recondition, convert, package, accessorize, configure, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, repair, maintain, warrant, merchandise, advertise, promote, lease, rent, sell, and instruct and warn concerning the installation, operation, maintenance, repair, accessory and/or component configuration, service, use, and care of, a certain 1998 Jeep Cherokee, California license number 5ESC758, VIN number 1J4FJ68SXWL252744, the component parts thereof (including but not limited to the passenger compartment, roof, passenger restraints and protective devices, tires, wheels, brakes, steering components, handling components, suspension components, etc.), and the accessories therefor, all hereinafter referred to collectively as the "subject products".

8. On or about May 25, 2005, plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER were passengers in the aforesaid Jeep Cherokee vehicle and subject products, which were being used and driven in a manner and under conditions in which they were intended to be used, and reasonably foreseeable that they would be used, to convey them from their residence in Contra Costa County, California, to the State of Montana. Traveling northbound on Highway 93, 366 feet south of mile post marker 3, in Twin Falls County, Idaho, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries.

## FIRST CAUSE OF ACTION

Plaintiff SHELLEY R. ROBINSON complains of defendants DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

## FIRST COUNT

(Negligence)

9. Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

10. At all times material hereto, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said vehicles, their component parts and accessories, including the subject products, were of such a nature that if not properly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed, marketed, recommended, serviced, repaired, maintained, warranted, merchandised, advertised, promoted, leased, rented, sold, configured, accessorized, and described with appropriate warnings and instructions concerning the proper operation, accessory and/or component configuration, installation, use, care, repair, service, and maintenance, they would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the uses for which and the manner in which they were intended to be used and would foreseeably be used, and would thereby be likely to injure the person or persons by whom, or in the vicinity of whom, they would foreseeably be used; in consequence thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate

the foreseeable uses and conditions of use of said vehicles and said subject products, including but not limited to the transportation of both persons and cargo both over the public streets and highways and the potential for involvement of same in accidents and collisions; in further consequence thereof, defendants, and each of them, had a duty to exercise and use reasonable care to properly design, manufacture, remanufacture, recondition, convert, package, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair, warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning and instruction concerning the proper installation, operation, accessory and/or component configuration, maintenance, service, repair, care, and use of said vehicles, their component parts and accessories, including the subject products, such that the same would be reasonably safe for the uses, the conditions of use, and manner of use for which they were intended to be used and would foreseeably be used.

11. On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently and carelessly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, accessorized, configured, installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired, warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to label, provided inadequate, or failed to provide adequate instructions and warnings concerning the proper installation, operation, accessory and/or component configuration, use, care, service, repair and maintenance of, the subject products, the component parts thereof, and the accessories therefor, such that the same were rendered unreasonably

dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

12. As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

13. As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain severe and permanent injuries and was injured in her health, strength

and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on such information and belief alleges, that said injuries will result in severe permanent disability to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum which is greater than the minimum jurisdiction of this Court.

14. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff SHELLEY R. ROBINSON has been, and in the future, will be required to obtain the services of physicians and other health care practitioners and to incur other medical expenses. At this time, plaintiff does not know the reasonable value of said services and expenses, but will ask leave to insert the same in her complaint when the same has been ascertained or upon proof thereof at trial.

15. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff SHELLEY R. ROBINSON has sustained injury and damage to her earnings and/or earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to her further damage in an amount presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert the amount of said damage when the same has been ascertained, or upon proof thereof at trial.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

## SECOND COUNT

### (Strict Liability)

16. Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

17. At the time of manufacture, and at all times thereafter, including but not limited to the time that the subject products, their component parts, and each accessory, left the possession of the defendants, and each of them, the subject products, their component parts and accessories, were defective, unsafe and unfit for their intended uses and for their reasonably foreseeable uses.

18. As a direct and legal result of the defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

19. As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

## THIRD COUNT

(Breach of Warranty)

20. Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

21. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, on and prior to the sale of the subject products, and each of their component parts, and each accessory, and continuing thereafter, defendants, and each of them, through advertising media urging the purchase, rental and/or use of the subject products, each of their component parts, and each accessory, and otherwise, expressly warranted and represented, and otherwise impliedly warranted and represented, to members of the general public, including all persons who would foreseeably use or be in the vicinity of use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and including plaintiff SHELLEY R. ROBINSON, that their products, including the subject products, each of their component parts, and each accessory, were and was effective, proper, free from defects, and in all respects safe and fit for their intended and reasonably foreseeable uses, free from defects in design, workmanship, instructions, and materials, and of merchantable quality.

22. Plaintiff is informed and believes, and thereon alleges, that plaintiff SHELLEY R. ROBINSON and the owners and operators of said vehicle, in the purchase and use of the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including

options, components, systems, and accessories, which was in all respects safe and fit for the purpose for which it was to be used and would foreseeably be used.

23. Said express and implied warranties and warranty representations were untrue and breached by defendants, and each of them, in that the subject products, certain of their component parts, and certain of their accessories, were not of merchantable quality, were not free of defects in design, workmanship and materials, were not safe and reasonably fit for their intended and reasonably foreseeable uses, but instead were defective, unfit and unsafe for their intended and reasonably foreseeable uses.

24. As a direct and legal result of the breach of express and implied warranties and warranty representations by defendants, and each of them, and of the defective, unsafe, and unfit character of the subject products, their component parts, and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

25. As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

Plaintiff ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER, complains of defendants DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

## FIRST COUNT

(Negligence)

26. Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

27. At all times material hereto, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said vehicles, their component parts and accessories, including the subject products, were of such a nature that if not properly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed, marketed, recommended, serviced, repaired, maintained, warranted, merchandised, advertised, promoted, leased, rented, sold, configured, accessorized, and described with appropriate warnings and instructions concerning the proper operation, accessory and/or component configuration, installation, use, care, repair, service, and maintenance, they would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the uses for which and the manner in which they were intended to be used and would foreseeably be used, and would thereby be likely to injure the person or persons by whom, or in the vicinity of whom, they would foreseeably be used; in consequence

thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate the foreseeable uses and conditions of use of said vehicles and said subject products, including but not limited to the transportation of both persons and cargo both over the public streets and highways and the potential for involvement of same in accidents and collisions; in further consequence thereof, defendants, and each of them, had a duty to exercise and use reasonable care to properly design, manufacture, remanufacture, recondition, convert, package, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair, warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning and instruction concerning the proper installation, operation, accessory and/or component configuration, maintenance, service, repair, care, and use of said vehicles, their component parts and accessories, including the subject products, such that the same would be reasonably safe for the uses, the conditions of use, and manner of use for which they were intended to be used and would foreseeably be used.

28. On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently and carelessly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, accessorized, configured, installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired, warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to label, provided inadequate, or failed to provide adequate instructions and warnings concerning the proper installation, operation, accessory and/or component configuration, use, care, service, repair and maintenance of, the subject products, the component parts

Complaint for Personal Injuries and Damages                    14

thereof, and the accessories therefor, such that the same were rendered unreasonably dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

29.  As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

30. As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER, was caused to sustain severe and permanent injuries and was injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on such information and belief alleges, that said injuries will result in severe permanent disability to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum which is greater than the minimum jurisdiction of this Court.

31. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has been, and in the future, will be required to obtain the services of physicians and other health care practitioners and to incur other medical expenses. At this time, plaintiff does not know the reasonable value of said services and expenses, but will ask leave to insert the same in her complaint when the same has been ascertained or upon proof thereof at trial.

32. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has sustained injury and damage to her earnings and/or earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to her further damage in an amount presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert the amount of said damage when the same has been ascertained, or upon proof thereof at trial.

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said

defendants, and each of them, as hereinafter set forth.

## SECOND COUNT

### (Strict Liability)

33. Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

34. At the time of manufacture, and at all times thereafter, including but not limited to the time that the subject products, their component parts, and each accessory, left the possession of the defendants, and each of them, the subject products, their component parts and accessories, were defective, unsafe and unfit for their intended uses and for their reasonably foreseeable uses.

35. As a direct and legal result of the defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

36. As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER, was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.
Complaint for Personal Injuries and Damages    17

1  WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said
2  defendants, and each of them, as hereinafter set forth.

### THIRD COUNT

### (Breach of Warranty)

37. Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

38. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, on and prior to the sale of the subject products, and each of their component parts, and each accessory, and continuing thereafter, defendants, and each of them, through advertising media urging the purchase, rental and/or use of the subject products, each of their component parts, and each accessory, and otherwise, expressly warranted and represented, and otherwise impliedly warranted and represented, to members of the general public, including all persons who would foreseeably use or be in the vicinity of use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and including plaintiff ELIZAVETA M. HUNSINGER, that their products, including the subject products, each of their component parts, and each accessory, were and was effective, proper, free from defects, and in all respects safe and fit for their intended and reasonably foreseeable uses, free from defects in design, workmanship, instructions, and materials, and of merchantable quality.

39. Plaintiff is informed and believes, and thereon alleges, that plaintiff ELIZAVETA M. HUNSINGER and the owners and operators of said vehicle, in the purchase and use of

the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including options, components, systems, and accessories, which was in all respects safe and fit for the purpose for which it was to be used and would foreseeably be used.

40. Said express and implied warranties and warranty representations were untrue and breached by defendants, and each of them, in that the subject products, certain of their component parts, and certain of their accessories, were not of merchantable quality, were not free of defects in design, workmanship and materials, were not safe and reasonably fit for their intended and reasonably foreseeable uses, but instead were defective, unfit and unsafe for their intended and reasonably foreseeable uses.

41. As a direct and legal result of the breach of express and implied warranties and warranty representations by defendants, and each of them, and of the defective, unsafe, and unfit character of the subject products, their component parts, and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

42. As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER,

Complaint for Personal Injuries and Damages                                                            19

was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said defendants, and each of them, as hereinafter set forth.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, and each of them, pray judgment against defendants, and each of them, as follows:

1. For general damages in an amount which is greater than the minimum jurisdiction of this Court.

2. All past and future medical and incidental expenses, according to proof.

3. All past and future loss of earnings, according to proof.

4. Prejudgment interest at ten percent (10%) per annum, pursuant to the provisions of Civil Code, Sections 3288 and 3291, or either of them.

5. For costs of suit herein incurred.

6. Such other and further relief as this Court may deem proper.

Dated: May 9, 2007

VAN BLOIS & ASSOCIATES

By: R. LEWIS VAN BLOIS
Attorneys for Plaintiff