SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**)TICE TO DEFENDANT:**
**VISO AL DEMANDADO) :**

imlerChrysler AG; DaimlerChrysler Motors Company LLC;
imlerChrysler Corporation; and Does One through Fifty, inclusive

**)U ARE BEING SUED BY PLAINTIFF:**
**O ESTA DEMANDANDO EL DEMANDANTE) :**

helley R. Robinson
izaveta M. Hunsinger, by and through her Conservator Ivan J.
unsinger

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| he name and address of the court is: *El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **C.07 00998** |

Superior Court of California
Contra Costa County
725 Court Street, P.O. Box 911          Martinez, CA 94553-1233

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*'El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

R. Lewis Van Blois                    Van Blois & Associates
7677 Oakport Street, Suite 565        Oakland, CA 94621
(510) 635-1284

| DATE: | | Clerk, by | C. AGUILAR-JACAL. \ Deputy |
|---|---|---|---|
| *(Fecha)* | MAY 1 1 2007 | *(Secretario)* | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)* :

3. ☒ on behalf of *(specify)* :DaimlerChrysler Motors Company LLC
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)* :
4. ☐ by personal delivery on *(date)* :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™          **SUMMONS**          Code of Civil Procedure §§ 412 20, 465

Robinson-Hunsinger

R. LEWIS VAN BLOIS, SBN 038912
THOMAS C. KNOWLES, SBN 40899
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT _____

SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
UNLIMITED JURISDICTION

SHELLEY R. ROBINSON; and
ELIZAVETA M. HUNSINGER, by and
through her Conservator IVAN J.
HUNSINGER

Plaintiffs,

v.

DAIMLERCHRYSLER AG;
DAIMLERCHRYSLER MOTORS
COMPANY LLC; DAIMLERCHRYSLER
CORPORATION; and DOES ONE through
FIFTY, inclusive,

Defendants.

No.    C 07    00998

COMPLAINT FOR PERSONAL INJURY
AND DAMAGES

Comes now SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and

through her Conservator IVAN J. HUNSINGER, and complain of defendants, and each of them

as follows:

# FACTUAL ALLEGATIONS

1.   Prior to the issuance of the summons in this action, on February 14, 2006, the above-entitled Court, by its order regularly made, entered, appointed, and issued, Letters of Conservatorship, in case number P05-01241, naming IVAN J. HUNSINGER as Conservator of the person and estate of plaintiff ELIZAVETA M. HUNSINGER.

2.   The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to Section 474 of the Code of Civil Procedure. Plaintiffs are informed and believe, and thereon allege, that each of said defendants designated by such fictitious names is responsible and legally obligated to plaintiffs in contract, in tort, or by statute, for the events and happenings herein referred to, and for the injuries and damages legally caused to plaintiffs, all as hereinafter alleged. Plaintiffs will therefore pray leave to amend this complaint to insert herein the true names and capacities of said defendants when the same have been ascertained, or upon proof thereof at trial.

3.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants named herein, including each defendant sued herein under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other defendant with respect to the events and transactions herein alleged, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of such agency, service, and/or employment, and conducting himself, herself, or itself pursuant to the consent, permission, authorization, and/or ratification of and by each and every other defendant, and further that, each and every defendant, as

aforesaid, when acting as a principal, was negligent in the selection, hiring, and/or supervision of each and every other defendant as an agent, servant, employee and/or independent contractor. Additionally, plaintiffs are informed and believe, and thereon allege, that at all times material hereto, certain of said defendants owned, controlled, were the alter egos of, or successors in interest to the assets and liabilities of, certain other businesses, or the corporate owners of said other businesses. As such, each of said defendants is liable and responsible to plaintiffs for the acts and/or omissions of said other businesses, as hereinafter alleged.

4.   Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER AG was and now is a corporation, organized and existing under the laws of a country other than the United States. Plaintiffs are further informed and believe, and thereon allege that said defendant is engaged in the business of the design, manufacture, distribution and sale of motor vehicles for use by members of the general public for purposes of business, pleasure and recreation, and that said defendant does now, and has for some time, engaged in this business with the knowledge and the intent that a substantial number of its products will be distributed to, and purchased and/or used within the State of California by large numbers of California citizens, including many who reside in Contra Costa County, thereby purposefully availing itself of the privilege of conducting business activities in California, and the benefits and protection of California laws.

5.   Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER MOTORS COMPANY LLC was and now is a limited partnership or limited liability company, organized and existing under the laws of the

State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof, including Contra Costa County.

6.  Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER CORPORATION; was and now is a corporation, organized and existing under the laws of the State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof including Contra Costa County.

7.  Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants, DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, were engaged in the businesses of designing, manufacturing, remanufacturing, reconditioning, converting, packaging, distributing, testing, constructing, selecting, assembling, installing, fabricating, accessorizing, configuring, analyzing, marketing, recommending, servicing, repairing, maintaining, warranting, merchandising, advertising, promoting, leasing, renting, selling, and instructing and warning concerning the operation, installation, accessory and/or component configuration, care, repair, service, maintenance, and use of certain motor vehicles, the component parts thereof (including but not limited to the passenger compartment, roof, passenger restraints and protective devices, tires, wheels, brakes, steering components, handling components, suspension components, etc.), and the accessories therefor, for use by members of the general public for the purpose, among others, of transporting persons and cargo over the public streets and highways for business and recreational use. As a part of their respective businesses, as aforesaid, defendants, and each of them, did design,

1    manufacture, remanufacture, recondition, convert, package, accessorize, configure,

2    distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend,

3    service, repair, maintain, warrant, merchandise, advertise, promote, lease, rent, sell, and

4    instruct and warn concerning the installation, operation, maintenance, repair, accessory

5

6    and/or component configuration, service, use, and care of, a certain 1998 Jeep Cherokee,

7    California license number 5ESC758, VIN number 1J4FJ68SXWL252744, the component

8    parts thereof (including but not limited to the passenger compartment, roof, passenger

9    restraints and protective devices, tires, wheels, brakes, steering components, handling

10    components, suspension components, etc.), and the accessories therefor, all hereinafter

11

12    referred to collectively as the "subject products".

13    8.   On or about May 25, 2005, plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M.

14    HUNSINGER were passengers in the aforesaid Jeep Cherokee vehicle and subject

15    products, which were being used and driven in a manner and under conditions in which

16    they were intended to be used, and reasonably foreseeable that they would be used, to

17

18    convey them from their residence in Contra Costa County, California, to the State of

19    Montana. Traveling northbound on Highway 93, 366 feet south of mile post marker 3, in

20    Twin Falls County, Idaho, the aforesaid Jeep Cherokee vehicle was caused to lose

21    control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or

22    inadequate functioning of the components of the vehicle (including but not limited to the

23    roof, roof support structure, glazing, restraints, etc.) which should have protected the

24

25    occupants from injuries, thereby causing plaintiffs SHELLEY R. ROBINSON and

26    ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries.

1

FIRST CAUSE OF ACTION

2    Plaintiff SHELLEY R. ROBINSON complains of defendants DAIMLERCHRYSLER

3   AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER

4   CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

5
                                     FIRST COUNT
6

7                                     (Negligence)

8    9.    Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and

9           incorporates the same herein by reference as if fully set forth at this point.

10   10.   At all times material hereto, defendants, and each of them, knew, or in the exercise of
11
            reasonable care should have known, that said vehicles, their component parts and
12
13          accessories, including the subject products, were of such a nature that if not properly

14          designed, manufactured,  remanufactured, reconditioned, converted, packaged,

15          distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed,

16          marketed, recommended, serviced, repaired, maintained, warranted, merchandised,
17
            advertised, promoted, leased, rented, sold, configured, accessorized, and described with
18
19          appropriate warnings and instructions concerning the proper operation, accessory and/or

20          component configuration, installation, use, care, repair, service, and maintenance, they

21          would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the

22          uses for which and the manner in which they were intended to be used and would

23          foreseeably be used, and would thereby be likely to injure the person or persons by
24
            whom, or in the vicinity of whom, they would foreseeably be used; in consequence
25
26          thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate

Complaint for Personal Injuries and Damages                                              6

the foreseeable uses and conditions of use of said vehicles and said subject products, including but not limited to the transportation of both persons and cargo both over the public streets and highways and the potential for involvement of same in accidents and collisions; in further consequence thereof, defendants, and each of them, had a duty to exercise and use reasonable care to properly design, manufacture, remanufacture, recondition, convert, package, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair, warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning and instruction concerning the proper installation, operation, accessory and/or component configuration, maintenance, service, repair, care, and use of said vehicles, their component parts and accessories, including the subject products, such that the same would be reasonably safe for the uses, the conditions of use, and manner of use for which they were intended to be used and would foreseeably be used.

11. On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently and carelessly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, accessorized, configured, installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired, warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to label, provided inadequate, or failed to provide adequate instructions and warnings concerning the proper installation, operation, accessory and/or component configuration, use, care, service, repair and maintenance of, the subject products, the component parts thereof, and the accessories therefor, such that the same were rendered unreasonably

Complaint for Personal Injuries and Damages                                                    7

dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

12. As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

13. As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain severe and permanent injuries and was injured in her health, strength

1    and activity, sustaining injury to her body and shock and injury to her nervous system and

2    person, all of which have caused and continue to cause plaintiff great mental, physical

3    and nervous pain and suffering. Plaintiff is informed and believes, and on such

4
     information and belief alleges, that said injuries will result in severe permanent disability
5
6    to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum

7    which is greater than the minimum jurisdiction of this Court.

8    14.  As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plain-

9         tiff SHELLEY R. ROBINSON has been, and in the future, will be required to obtain the

10        services of physicians and other health care practitioners and to incur other medical
11
          expenses. At this time, plaintiff does not know the reasonable value of said services and
12
13        expenses, but will ask leave to insert the same in her complaint when the same has been

14        ascertained or upon proof thereof at trial.

15   15.  As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plain-

16        tiff SHELLEY R. ROBINSON has sustained injury and damage to her earnings and/or
17
          earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will
18
19        continue to sustain such damage in the future, all to her further damage in an amount

20        presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert

21        the amount of said damage when the same has been ascertained, or upon proof thereof at

22        trial.

23        WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said
24
     defendants, and each of them, as hereinafter set forth.
25

26

Complaint for Personal Injuries and Damages                                              9

SECOND COUNT

(Strict Liability)

16.   Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

17.   At the time of manufacture, and at all times thereafter, including but not limited to the time that the subject products, their component parts, and each accessory, left the possession of the defendants, and each of them, the subject products, their component parts and accessories, were defective, unsafe and unfit for their intended uses and for their reasonably foreseeable uses.

18.   As a direct and legal result of the defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

19.   As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

## THIRD COUNT

### (Breach of Warranty)

20. Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

21. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, on and prior to the sale of the subject products, and each of their component parts, and each accessory, and continuing thereafter, defendants, and each of them, through advertising media urging the purchase, rental and/or use of the subject products, each of their component parts, and each accessory, and otherwise, expressly warranted and represented, and otherwise impliedly warranted and represented, to members of the general public, including all persons who would foreseeably use or be in the vicinity of use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and including plaintiff SHELLEY R. ROBINSON, that their products, including the subject products, each of their component parts, and each accessory, were and was effective, proper, free from defects, and in all respects safe and fit for their intended and reasonably foreseeable uses, free from defects in design, workmanship, instructions, and materials, and of merchantable quality.

22. Plaintiff is informed and believes, and thereon alleges, that plaintiff SHELLEY R. ROBINSON and the owners and operators of said vehicle, in the purchase and use of the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including

Complaint for Personal Injuries and Damages                                                    11

1   options, components, systems, and accessories, which was in all respects safe and fit for

2   the purpose for which it was to be used and would foreseeably be used.

3   23.   Said express and implied warranties and warranty representations were untrue and

4   breached by defendants, and each of them, in that the subject products, certain of their

5   component parts, and certain of their accessories, were not of merchantable quality, were

6   not free of defects in design, workmanship and materials, were not safe and reasonably

7

8   fit for their intended and reasonably foreseeable uses, but instead were defective, unfit

9   and unsafe for their intended and reasonably foreseeable uses.

10  24.   As a direct and legal result of the breach of express and implied warranties and warranty

11  representations by defendants, and each of them, and of the defective, unsafe, and unfit

12  character of the subject products, their component parts, and accessories, as aforesaid, at

13

14  the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused

15  to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or

16  inadequate functioning of the components of the vehicle (including but not limited to the

17  roof, roof support structure, glazing, restraints, etc.) which should have protected the

18

19  occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain

20  severe and catastrophic injuries, including but not limited to quadriplegia.

21  25.   As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was

22  caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

23      WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said

24  defendants, and each of them, as hereinafter set forth.

25

26

Complaint for Personal Injuries and Damages                                    12

## SECOND CAUSE OF ACTION

Plaintiff ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER, complains of defendants DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

## FIRST COUNT

### (Negligence)

26.    Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

27.    At all times material hereto, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said vehicles, their component parts and accessories, including the subject products, were of such a nature that if not properly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed, marketed, recommended, serviced, repaired, maintained, warranted, merchandised, advertised, promoted, leased, rented, sold, configured, accessorized, and described with appropriate warnings and instructions concerning the proper operation, accessory and/or component configuration, installation, use, care, repair, service, and maintenance, they would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the uses for which and the manner in which they were intended to be used and would foreseeably be used, and would thereby be likely to injure the person or persons by whom, or in the vicinity of whom, they would foreseeably be used; in consequence

1    thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate

2    the foreseeable uses and conditions of use of said vehicles and said subject products,

3    including but not limited to the transportation of both persons and cargo both over the

4    public streets and highways and the potential for involvement of same in accidents and

5

6    collisions; in further consequence thereof, defendants, and each of them, had a duty to

7    exercise and use reasonable care to properly design, manufacture, remanufacture,

8    recondition, convert, package, distribute, test, construct, select, assemble, install,

9    fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair,

10   warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning

11

12   and instruction concerning the proper installation, operation, accessory and/or component

13   configuration, maintenance, service, repair, care, and use of said vehicles, their

14   component parts and accessories, including the subject products, such that the same

15   would be reasonably safe for the uses, the conditions of use, and manner of use for which

16   they were intended to be used and would foreseeably be used.

17

18   28.  On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently

19        and carelessly designed, manufactured, remanufactured, reconditioned, converted,

20        packaged, distributed, tested, constructed, selected, assembled, accessorized, configured,

21        installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired,

22        warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to

23        label, provided inadequate, or failed to provide adequate instructions and warnings

24        concerning the proper installation, operation, accessory and/or component configuration,

25        use, care, service, repair and maintenance of, the subject products, the component parts

26

---

Complaint for Personal Injuries and Damages                                    14

thereof, and the accessories therefor, such that the same were rendered unreasonably dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

29.  As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

Complaint for Personal Injuries and Damages                                               15

30. As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER, was caused to sustain severe and permanent injuries and was injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on such information and belief alleges, that said injuries will result in severe permanent disability to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum which is greater than the minimum jurisdiction of this Court.

31. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has been, and in the future, will be required to obtain the services of physicians and other health care practitioners and to incur other medical expenses. At this time, plaintiff does not know the reasonable value of said services and expenses, but will ask leave to insert the same in her complaint when the same has been ascertained or upon proof thereof at trial.

32. As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has sustained injury and damage to her earnings and/or earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to her further damage in an amount presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert the amount of said damage when the same has been ascertained, or upon proof thereof at trial.

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said

Complaint for Personal Injuries and Damages                                                16

1  defendants, and each of them, as hereinafter set forth.

2

3                                  SECOND COUNT

4                                 (Strict Liability)

5

6  33.  Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and

7       incorporates the same herein by reference as if fully set forth at this point.

8  34.  At the time of manufacture, and at all times thereafter, including but not limited to the

9       time that the subject products, their component parts, and each accessory, left the

10      possession of the defendants, and each of them, the subject products, their component

11      parts and accessories, were defective, unsafe and unfit for their intended uses and for their

12      reasonably foreseeable uses.

13

14 35.  As a direct and legal result of the defective, unsafe, and unfit character of the subject

15      products, their component parts and accessories, as aforesaid, at the time and place

16      hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control,

17      yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate

18      functioning of the components of the vehicle (including but not limited to the roof, roof

19      support structure, glazing, restraints, etc.) which should have protected the occupants

20      from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe

21      and catastrophic injuries, including but not limited to quadriplegia and traumatic brain

22

23      injury.

24 36.  As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER,

25      was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.

26

Complaint for Personal Injuries and Damages                                          17

1    WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said

2  defendants, and each of them, as hereinafter set forth.

3

4                                    THIRD COUNT

5
                                  (Breach of Warranty)
6

7  37.   Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and

8        incorporates the same herein by reference as if fully set forth at this point.

9  38.   Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned,

10       on and prior to the sale of the subject products, and each of their component parts, and

11
         each accessory, and continuing thereafter, defendants, and each of them, through
12

13       advertising media urging the purchase, rental and/or use of the subject products, each of

14       their component parts, and each accessory, and otherwise, expressly warranted and

15       represented, and otherwise impliedly warranted and represented, to members of the

16       general public, including all persons who would foreseeably use or be in the vicinity of

17
         use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and
18

19       including plaintiff ELIZAVETA M. HUNSINGER, that their products, including the

20       subject products, each of their component parts, and each accessory, were and was

21       effective, proper, free from defects, and in all respects safe and fit for their intended and

22       reasonably foreseeable uses, free from defects in design, workmanship, instructions, and

23       materials, and of merchantable quality.

24
   39.   Plaintiff is informed and believes, and thereon alleges, that plaintiff ELIZAVETA M.
25
         HUNSINGER and the owners and operators of said vehicle, in the purchase and use of
26

Complaint for Personal Injuries and Damages                                              18

the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including options, components, systems, and accessories, which was in all respects safe and fit for the purpose for which it was to be used and would foreseeably be used.

40. Said express and implied warranties and warranty representations were untrue and breached by defendants, and each of them, in that the subject products, certain of their component parts, and certain of their accessories, were not of merchantable quality, were not free of defects in design, workmanship and materials, were not safe and reasonably fit for their intended and reasonably foreseeable uses, but instead were defective, unfit and unsafe for their intended and reasonably foreseeable uses.

41. As a direct and legal result of the breach of express and implied warranties and warranty representations by defendants, and each of them, and of the defective, unsafe, and unfit character of the subject products, their component parts, and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

42. As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER,

1    was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.

2    WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said

3    defendants, and each of them, as hereinafter set forth.

4

5

6                              PRAYER FOR RELIEF

7    WHEREFORE, plaintiffs, and each of them, pray judgment against defendants, and each

8    of them, as follows:

9    1.    For general damages in an amount which is greater than the minimum jurisdiction

10           of this Court.

11

12   2.    All past and future medical and incidental expenses, according to proof.

13   3.    All past and future loss of earnings, according to proof.

14   4.    Prejudgment interest at ten percent (10%) per annum, pursuant to the provisions

15           of Civil Code, Sections 3288 and 3291, or either of them.

16   5.    For costs of suit herein incurred.

17   6.    Such other and further relief as this Court may deem proper.

18

19

20   Dated: May 9, 2007                              VAN BLOIS & ASSOCIATES

21

22

23                                                   BY: R. LEWIS VAN BLOIS
                                                     Attorneys for Plaintiff
24

25

26

Complaint for Personal Injuries and Damages                                        20

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

SHELLEY ROBINSON VS. DAIMLERCHRYSLER AG

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07-00998

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  09/28/07     DEPT:  30     TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.   If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

   a.  an order establishing a discovery schedule
   b.  an order referring the case to arbitration
   c.  an order transferring the case to limited jurisdiction
   d.  an order dismissing fictitious defendants
   e.  an order scheduling exchange of expert witness information
   f.  an order setting subsequent conference and the trial date
   g.  an order consolidating cases
   h.  an order severing trial of cross-complaints or bifurcating
       issues
   i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

         Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/11/07                    _____ _____ _____

                                    C. JACALA, Deputy Clerk

## Superior Court of California, County of Contra Costa

## NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

**YOU ARE BEING SUED.** This packet should contain the following papers:

- a.   The *Summons*
- b.   The *Complaint*
- c.   The *Notice of Case Management Conference* (shows hearing date and time)
- d.   Blank: *Case Management Conference Statement* (Judicial Council form CM-110)
- e.   Alternative Dispute Resolution (ADR) Information sheet
- f.   Blank: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**



## WHAT DO I DO NOW?

You Must:

1. **Complete the Case Management Conference Statement** (CM-110)
2. **File a response**  (See other side of page)
3. **Appear in Court on the date and time given** in the Notice of Case Management Conference.
4. **File and serve your court papers on time.**

**IMPORTANT!  YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.**
If you were served in person **you have to file your response in 30 days.** If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms 982(a)(17)(A) [information sheet]; 982(a)(17) [application]; and 982(a)(18) [order].

**FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

---

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You must file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you must file with the court promptly.

---

### ARE THERE ALTERNATIVES TO GOING TO TRIAL?

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the Stipulation to Attend ADR and Delay First Case Management Conference 90 Days can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
   b. For contract claims, use Judicial Council form 982.1(35)

   Answers for other types of claims do not have Judicial Council forms and you will have to write your own..

2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

### All answers include:

| | | |
|---|---|---|
| 1. The Denial | General Denial: | *Use the correct Judicial Council form (see the forms listed above)* |
| | OR | |
| | Specific Denial: | *Be sure to deny every claim that you disagree with. For example, you might write:* |
| | | *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* |
| | | *Continue your list until you have addressed each paragraph in the Complaint.* |
| 2. Affirmative Defenses | | *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.* |
| 3. The Prayer or Relief | | *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.* |

Be sure to include all defenses in the Answer, or you may not be able to use them later in the case.
If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.

## TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (866) 442-2529
- Bay Legal:   (800) 551-5554
- Contra Costa County Law Library        Martinez:  (925) 646-2763        Richmond:  (510) 374-3019
- Ask the Law Librarian:      www.247ref.org/portal/access_law3.cfm

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                         FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| STREET ADDRESS: |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: |
|---|
| DEFENDANT/RESPONDENT: |

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE <br> (Amount demanded <br> exceeds $25,000)   ☐ LIMITED CASE <br> (Amount demanded is $25,000 <br> or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                          Time:                    Dept.:               Div.:               Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in  ☐ complaint     ☐ cross-complaint     *(describe, including causes of action):*

Page 1 of 4

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, <br> rules 3.720–3.730 <br> www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request  ☐ a jury trial  ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a.  ☐  The trial has been set for *(date):*
   b.  ☐  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☐  days *(specify number):*
   b.  ☐  hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☐  by the attorney or party listed in the caption  ☐  by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9. **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c.  ☐  The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

10. d.    The party or parties are willing to participate in *(check all that apply)*:

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

 

e.    ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f.    ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g.    ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a.    ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b.    Reservation of rights:    ☐ Yes    ☐ No

c.    ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy    ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a.    ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 14a.

b.    ☐ A motion to    ☐ consolidate    ☐ coordinate    will be filed by *(name party)*:

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

    <u>Party</u>            <u>Description</u>                  <u>Date</u>

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):*    ☐ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any):* _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

| | |
|---|---|
| _____ (TYPE OR PRINT NAME) | ► _____ (SIGNATURE OF PARTY OR ATTORNEY) |
| _____ (TYPE OR PRINT NAME) | ► _____ (SIGNATURE OF PARTY OR ATTORNEY) |
| | ☐ Additional signatures are attached |

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
Plaintiff(s)
vs.

_____

_____
Defendant(s)

### _Stipulation and Order_ to Attend ADR and Delay _First Case Management Conference 90 Days_

Case No.:_____ Date complaint filed: _____ First case management conference set for:_____

---

▸ <u>ALL PARTIES MUST SIGN THIS FORM</u> AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

▸ THIS STIPULATION <u>MAY NOT</u> BE USED IN COMPLEX LITIGATION CASES

---

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

❑ Judicial mediation          ❑ Judicial arbitration          ❑ Neutral case evaluation

❑ Private mediation          ❑ Private arbitration

<u>COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:</u>

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____ | _____
Counsel for Plaintiff _(print)_ | Fax

_____
Signature

_____ | _____
Counsel for Plaintiff _(print)_ | Fax

_____
Signature

_____ | _____
Counsel for Defendant _(print)_ | Fax

_____
Signature

_____ | _____
Counsel for Defendant _(print)_ | Fax

_____
Signature

---

Pursuant to the Stipulation of the parties, and subject to the _Case Management Order_ to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) <u>Plaintiff's counsel must notify all parties of the case management conference.</u>

Dated: _____          _____
                                                                _**Judge of the Superior Court**_

---



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form* (CM-110);
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Call (925) 957-5787, or go to www.contracostacourts.org/adr*

### MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787