| | |
|---|---|
| 1  SEDGWICK, DETERT, MORAN & ARNOLD LLP<br>    MICKI S. SINGER  Bar No. 148699<br> 2  JENNIFER B. BONNEVILLE  Bar No. 243686<br>    One Embarcadero Center, 16th Floor<br> 3  San Francisco, California 94111-3628<br>    Telephone: (415) 781-7900<br> 4  Facsimile: (415) 781-2635<br><br> 5  Attorneys for Defendants DAIMLERCHRYSLER<br>    COMPANY LLC, formerly DAIMLERCHRYSLER<br> 6  CORPORATION, and DAIMLERCHRYSLER<br>    MOTORS COMPANY LLC<br> 7 | FILED<br><br>K. TORRE CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By_____ Deputy Clerk |

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    CITY AND COUNTY OF CONTRA COSTA

10

| | |
|---|---|
| 11  SHELLEY P. ROBINSON; and ELIZAVETA M.<br>     HUNSINGER, by and through her Conservator<br> 12  IVAN J. HUNSINGER,<br><br> 13              Plaintiffs,<br><br> 14       v.<br><br> 15  DAIMLERCHRYSLER AG;<br>     DAIMLERCHRYSLER MOTORS COMPANY<br> 16  LLC; DAIMLERCHRYSLER CORPORATION;<br>     and DOES One through Fifty, inclusive,<br> 17<br>                Defendants.<br> 18 | CASE NO. 07-00998<br><br>**DEFENDANTS DAIMLERCHRYSLER COMPANY LLC, AND DAIMLERCHRYSLER MOTORS COMPANY LLC ANSWER TO PLAINTIFFS' COMPLAINT**<br><br>BY FAX |

19       Defendants DAIMLERCHRYSLER COMPANY LLC, formerly DAIMLERCHRYSLER

20  CORPORATION, and DAIMLERCHRYSLER MOTORS COMPANY LLC (hereafter

21  "Defendants"), answers plaintiffs' Complaint as follows:

22       Under the provisions of section 431.30 of the Code of Civil Procedure, defendants deny

23  each and every and all of the allegations of plaintiffs' Complaint, in each cause of action thereof,

24  and further denies that plaintiffs sustained damages alleged or at all.

25                          **FIRST AFFIRMATIVE DEFENSE**

26       Plaintiffs' Complaint fails to state a cause of action against these answering defendants.

27                          **SECOND AFFIRMATIVE DEFENSE**

28       Plaintiffs failed to mitigate their damages, if any.

**THIRD AFFIRMATIVE DEFENSE**

If plaintiffs were damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the negligence of plaintiffs and/or others, and plaintiffs' recovery, if any, should be reduced in proportion to their comparative fault.

**FOURTH AFFIRMATIVE DEFENSE**

If plaintiffs were damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the comparative fault of others, whether or not parties to this action, and plaintiffs' recovery, if any, should be reduced in proportion to the amount of the comparative fault of said parties.

**FIFTH AFFIRMATIVE DEFENSE**

If plaintiffs were damaged, as alleged in the Complaint or at all, such damages were caused by the alteration and/or abnormal or improper use of the product in question.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs assumed the risk of the matters referred to in the Complaint, and appreciated the risk, and voluntarily assumed the risk of and the damages, if any, resulting therefrom.

**SEVENTH AFFIRMATIVE DEFENSE**

The causes of action, if any, attempted to be stated and set forth in the Complaint are barred in whole or in part by the equitable doctrines of waiver and estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

The causes of action, if any, attempted to be stated and set forth in the Complaint are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from any recovery because plaintiffs, or others acting with the permission, consent or knowledge of plaintiffs, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject vehicle and/or components of the vehicle which were known to plaintiffs or such others to be critical evidence in the instant litigation.

///

**ELEVENTH AFFIRMATIVE DEFENSE**

Any conduct on the part of defendants was not the proximate cause of the injuries and/or damages as set forth in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

That the direct and proximate cause of any and all of plaintiffs' alleged injuries and damages, the fact of which is presently denied by defendants, were unforeseeable actions of others, which constitute supervening, superseding, or intervening causes for which defendants are not liable.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendants hereby give notice that it intends to rely on such other and further defenses as may become available or appear during the discovery proceedings in this case and hereby reserve the right to amend their answer to assert any such defense.

WHEREFORE, Defendants prays as follows:

1. That plaintiffs take nothing by way of their Complaint;
2. That defendants be awarded costs of suit;
3. That defendants be awarded reasonable attorney's fees; and
4. For such other and further relief as the Court deems just and proper.

DATED: June 20, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Micki S. Singer
Jennifer B. Bonneville
Attorneys for Defendants
DAIMLERCHRYSLER COMPANY LLC,
formerly DAIMLERCHRYSLER
CORPORATION, and DAIMLERCHRYSLER
MOTORS COMPANY LLC

SF/1410265v1

-3-

ANSWER TO COMPLAINT

*Robinson, et al. v. DaimlerChrysler AG, et al.*

Conta Costa County Superior Court, Case No. C07-00998

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On June 20, 2007, I served the within document(s):

**DAIMLERCHRYSLER COMPANY LLC AND DAIMLERCHRYSLER MOTORS COMPANY LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

R. Lewis Van Blois, Esq.                      Attorneys For Plaintiffs
Thomas C. Knowles, Esq.
Law Office of Van Blois & Associates
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: 510/635-1284
Facsimile: 510/635-1516

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 20, 2007, at San Francisco, California.

*Kathleen McNulty*
Kathleen McNulty

---

1
PROOF OF SERVICE

SF/1410375v1