UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY P. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES One through Fifty, inclusive,<br><br>Defendants. | CASE NO. C-07-03258 SC<br><br>**STIPULATION AND PROTECTIVE ORDER** |

It is hereby stipulated and agreed by and between Shelley P. Robinson; and Elizaveta M. Hunsinger, by and through her Conservator Ivan J. Hunsinger (hereinafter "Plaintiffs") and Defendant Chrysler LLC (formerly known as DaimlerChrysler Company LLC), formerly DaimlerChrysler Corporation, by conversion effective March 31, 2007, through its attorneys of record, as follows:

1. Chrysler LLC may designate as "Confidential" documents it agrees to produce in response to discovery and deposition testimony about those documents. Since such materials are confidential or proprietary or contain trade secrets, the discovery and inspection will be conducted pursuant to the following terms, restrictions, and conditions.

2. Information contained therein shall be disclosed only to counsel of record in this action or only to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action or to other attorneys representing plaintiffs in lawsuits against Chrysler LLC in which it is alleged that a defect existed in connection with the resistance to rollover or the roof structure of a Jeep Cherokee (XJ) or a Jeep Wagoneer (XJ) or to court and court personnel handling this case or to court reporters used by the parties to this lawsuit.

3. In the event that Plaintiffs' counsel disagrees with the designation of documents or other information as confidential and subject to this Protective Order, that party shall send a written notice to Chrysler LLC specifying the documents or information in question. If the parties cannot agree regarding the status of the identified documents or information, then within thirty days of receiving the written notice specifying the document or information in question, Chrysler LLC shall file a Motion to Preserve Protected Status. Any documents or information in question shall continue to be treated as confidential and subject to this Order unless the court or tribunal orders otherwise.

4. Before any attorney in another case receives access to any of the confidential documents pursuant to Paragraph 2, each person shall be advised of the terms of this Protective Order and shall agree in writing, the form attached hereto as Exhibit A, to be bound by the terms of this Protective Order and submit to the jurisdiction of this court. Plaintiffs shall maintain a list of individuals with whom the documents produced subject to

this Protective Order are shared and shall maintain a copy of each signed agreement in the form attached as Exhibit A from each person receiving such documents.

5. Any such documents or information shall be used only for the purpose of prosecuting this action.

6. During the pre-trial phase of this lawsuit, if any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, or other paper filed with the Clerk of this Court, such confidential documents or information shall be kept under seal by the Clerk until further order of the Court. Any use of any such document or of information contained therein and any testimony associated with the confidential information contained therein shall be held *in camera* unless the Court orders otherwise upon good cause shown. This paragraph does not apply to documents disclosed during the trial of this lawsuit.

7. The production of such documents or information by Chrysler LLC shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have.

8. At the termination of this case, the parties will address the issue of whether or not the protected documents should be returned to Chrysler LLC.

VAN BLOIS & ASSOCIATES

_____    September 25, 2007
R. Lewis Van Blois, Bar No. 038912    Date
Thomas C. Knowles, Bar No. 40899
Attorneys for Plaintiffs
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
(510) 635-1284

SEDGWICK, DETERT, MORAN & ARNOLD LLP

_____    9/20/07
Micki S. Singer, Bar No. 148699    Date
Dennis E. Raglin, Bar No. 179261
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
(415) 781-7900

MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
Suite 200
840 West Long Lake Road
Troy, Michigan 48098-6358
(248) 879-2000

Attorneys for Defendant
CHRYSLER LLC

-4-

**ORDER**

It is ordered that this Stipulation be adopted as the Court's Protective Order.

IT IS FURTHER ORDERED that any documents to be filed under seal with the Clerk of the Court, pursuant to this Order, shall be filed in an envelope marked "Sealed with the Court."

_____

Dated: _____

[STAMP: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — DENIED — Judge Samuel Conti — 10/3/07]

# EXHIBIT A
## AGREEMENT FOR ACCESS TO CONFIDENTIAL DOCUMENTS

NAME: _____

NAME OF LAW FIRM: _____

ADDRESS: _____

PHONE NUMBER: _____

NAME OF PLAINTIFF: _____

DATE OF ACCIDENT: _____

VEHICLE: _____    _____    _____
              MAKE               MODEL               YEAR

IF SUIT HAS BEEN FILED:

_____    _____    _____
CAUSE NO.              COURT               STATE

      I certify that I am an attorney at law licensed and admitted to practice in the State of _____, and that I am presently employed to represent the above-injured person and/or plaintiff(s) in the investigation or prosecution of a potential or actually pending case against Chrysler LLC involving claims of vehicle defect(s). I request access to confidential materials in the possession of Van Blois & Associates for the purpose of assisting in the development of plaintiffs' claims in such case and/or determining whether or not the plaintiffs have a valid claim in such case.

      I certify that I have read the terms of the Protective Order issued by the United States District Court, Northern District of California, which is attached to this document, and that I will, in all things, abide by such Protective Order according to the terms of the same.

                                              _____
                                                      Lawyer