R. Lewis Van Blois, sbn 38912
Thomas C. Knowles, sbn 40899
Darren J. Van Blois, sbn 232583
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through FIFTY, inclusive,<br><br>Defendants.<br>_____/ | Case No. C 07-03258 SC<br><br>JOINT CASE MANAGEMENT STATEMENT |

    Plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER, and defendants CHRYSLER MOTORS LLC (formerly DAIMLERCHRYSLER MOTORS COMPANY LLC), and CHRYSLER LLC (formerly DAIMLERCHRYSLER CORPORATION), jointly submit this case management statement as follows:

---

Joint Case Management Statement                      1

1. <u>Jurisdiction and Service</u>: Subject matter jurisdiction in this case is under 28 U.S.C. §1332. All named defendants have been served. Plaintiffs do not anticipate serving any other defendants.

Daimler AG (formerly "DaimlerChrysler AG") has moved to dismiss on the grounds of lack of personal jurisdiction.

2. <u>Facts</u>: This lawsuit arises out of a single vehicle accident that occurred on May 25, 2005 on highway 93 in Twin Falls County, Idaho, when the 1998 Jeep Cherokee that Plaintiffs were passengers in oversteered, yawed, and rolled over, causing severe and catastrophic injuries to Plaintiffs, including quadriplegia to SHELLEY R. ROBINSON and quadriplegia and traumatic brain injury to ELIZAVETA M. HUNSINGER.

At this time, without conducting discovery, defendants cannot state whether or not they dispute this statement of the facts, and reserve the right to dispute them as investigation and discovery continue.

3. <u>Legal Issues</u>: Plaintiffs claim that the defendants are liable under California law for negligence, strict liability, and breach of warranty, and that the subject vehicle was defective in its handling and stability, roof strength, and glazing.

Defendants deny liability for the subject incident and dispute each of plaintiffs' alleged theories of liability.

4. <u>Motions</u>: Defendant Daimler AG (formerly "DaimlerChrysler AG") has filed a motion to dismiss for lack of personal jurisdiction. Defendants reserve the right to file a summary judgment motion.

5. <u>Amendment of Pleadings</u>: The parties do not anticipate any amendments to the pleadings.

6. <u>Evidence Preservation</u>: The parties understand their obligations to preserve evidence. Plaintiffs have secured the subject vehicle salvage and it is currently located at a secure facility.

7. <u>Disclosures</u>: The parties submitting this statement will comply with the Court's previous Order and make initial disclosures by November 9, 2007. Defendants will produce confidential documents after the entry by the Court of the pending proposed Stipulated Protective Order. Plaintiffs would like to address the subject of the protective order at the hearing.

8. <u>Discovery</u>: Pursuant to Rule 26(f), the parties met and conferred on discovery issues and propose the following discovery plan and proposed revisions to discovery limits set forth by the FRCP.

A.   SCHEDULE

| <u>Plaintiffs' proposed discovery plan</u> | <u>completion date</u> |
|---|---|
| Close of nonexpert discovery | August 29, 2008 |
| Expert disclosure by all parties | September 30, 2008 |
| Disclosure of rebuttal experts | October 30, 2008 |
| Close of expert discovery | February 13, 2009 |
| Last day to file dispositive motions | February 27, 2009 |
| Trial | May, 2009 |

Joint Case Management Statement                3

| Defendants' proposed discovery plan | completion date |
|---|---|
| Close of nonexpert discovery | July 31, 2008 |
| Expert disclosure by plaintiffs | August 29, 2008 |
| Expert disclosure by defendants | September 30, 2008 |
| Disclosure of rebuttal experts | October 17, 2008 |
| Close of expert discovery | January 16, 2009 |
| Last day to file dispositive motions | February 27, 2009 |
| Trial date | May, 2009 |

B.  PROPOSED CHANGES IN FRCP 26(b) DISCOVERY

Given the complexity of Plaintiffs' allegations and causes of action in this multiple injury products liability matter, combined with the sheer volume of potential witnesses identified thus far, both Plaintiffs and Defendants propose to increase the limit of depositions for each side to twenty and the number of interrogatories for each side to fifty. Should the parties believe additional discovery is necessary beyond these limits, the parties will attempt to meet and confer first and reach a stipulation. Failing that, the party seeking additional discovery will seek Court relief.

Defendants also propose limits of 50 admission requests and 50 requests for production of documents. Plaintiffs propose no limits at this time, and do not waive their right to file a motion for protective order if necessary.

9.  Class Actions: n/a

10. Related Cases: No related cases. The plaintiffs settled with the driver for the policy limits.

11.     Relief:  Plaintiffs are seeking monetary damages for their physical injuries, pain and suffering, medical expenses, and loss of income.  A full economic evaluation has not been completed at this time.

12.     Settlement and ADR:  The parties submitted an ADR Stipulation on October 26, 2007, agreeing to seek private mediation of the matter.  The parties are not in agreement on the deadline for the same.

13.     Consent to Magistrate Judge for all Purposes:  The parties do not consent to a magistrate judge.

14.     Other References:  This case is not suitable for reference to binding arbitration, a special master, or multidistrict litigation.

15.     Narrowing of Issues:  The parties have no suggestions at this time for narrowing issues.

16.     Expedited Schedule:  This case is not suitable for being expedited.

17.     Scheduling:  The proposed schedules are set forth above.

18.     Trial:  The parties request a jury trial.  Expected length is four to five weeks.

19.     Disclosure of Non-party Interested Entities or Persons:  The parties are not aware of any non-party interested entities or persons.

Joint Case Management Statement                    5

20. <u>Other matters</u>: None at this time.

Dated: November 8, 2007

VAN BLOIS & ASSOCIATES

_____
R. Lewis Van Blois
Thomas C. Knowles
Darren J. Van Blois,
Attorneys for Plaintiffs

Dated: November ___, 2007

SEDGWICK, DETERT, MORAN & ARNOLD

_____
Micki S. Singer
Dennis E. Raglin,
Attorneys for Defendants CHRYSLER MOTORS LLC (formerly DAIMLERCHRYSLER MOTORS COMPANY LLC), and CHRYSLER LLC (formerly DAIMLERCHRYSLER CORPORATION)

20. **Other matters:** None at this time.

Dated: November ___, 2007    VAN BLOIS & ASSOCIATES

_____
R. Lewis Van Blois
Thomas C. Knowles
Darren J. Van Blois,
Attorneys for Plaintiffs

Dated: November 8, 2007    SEDGWICK, DETERT, MORAN & ARNOLD

_____
Micki S. Singer
Dennis E. Raglin,
Attorneys for Defendants CHRYSLER MOTORS LLC (formerly DAIMLERCHRYSLER MOTORS COMPANY LLC), and CHRYSLER LLC (formerly DAIMLERCHRYSLER CORPORATION)