R. Lewis Van Blois, sbn 38912
Thomas C. Knowles, sbn 40899
Darren J. Van Blois, sbn 232583
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through FIFTY, inclusive,<br><br>Defendants.<br>_____ / | Case No. C 07-03258 SC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT DAIMLER AG's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, REQUEST TO ALLOW JURISDICTIONAL DISCOVERY<br><br>Date: November 30, 2007<br>Time: 10:00 a.m.<br>Courtroom: 1<br>Judge: Hon. Samuel Conti<br><br>Complaint Filed: 6/20/07 |

I. INTRODUCTION

This case stems from a motor vehicle accident involving a 1998 Jeep Cherokee. Daimler AG maintains, and Plaintiffs have no evidence to the contrary, that Chrysler Corporation designed, manufactured, and distributed the subject vehicle. However, Daimler AG overlooks a claim made by Plaintiffs in this case that the defendants were negligent during the time period

after the distribution and initial sale of the subject vehicle, for not giving the customers an option of retrofitting their vehicles with electronic stability control. In 1998 Daimler-Benz "merged" with Chrysler, forming a corporation named "DaimlerChrysler AG", which in 2007 became Daimler AG. For the purposes of this motion, the relevant inquiry is whether or not DaimlerChrysler AG had sufficient minimum contacts to establish specific personal jurisdiction over them during the time period from 1998 to the time of the subject accident.

It is Plaintiffs' contention that DaimlerChrysler AG had sufficient minimum contacts through its subsidiary, a limited liability company named DaimlerChrysler Motors Company LLC, which was became the "Chrysler division" of DaimlerChrysler AG. However, there is no mention of DaimlerChrysler Motors Company LLC in the moving papers, and Defendant failed to address the critical issue. Instead, the focus of defendant's motion is their relationship with DaimlerChrysler Corporation, and how the acts of that corporate subsidiary cannot be attributed to the corporate parent. This leads to a discussion of a niche of caselaw interpreting the meaning of an "alter-ego", the presumption of corporate separateness, whether corporations adhere to corporate formalities, and whether courts can "pierce the corporate veil" jurisdictionally. In the context of a limited liability company, such as DaimlerChrysler Motors Company LLC, defendant cannot benefit from corporate protections, and this Court should analyze the relationship between DaimlerChrysler AG and DaimlerChrysler Motors Company LLC for what it truly is.

DaimlerChrysler Motors Company LLC was, in reality, a division or a branch of DaimlerChrysler AG. It was an agent for DaimlerChrysler AG engaging in activities that, but for their existence, DaimlerChrysler AG would have to undertake itself. DaimlerChrysler AG was a merged corporation from former Chrysler Corporation and Daimler-Benz AG, converting the shares of both predecessor corporations to DaimlerChrysler AG, and combining the two prior corporate functions into one. DaimlerChrysler AG created a management structure consisting of

a Supervisory Board, and a Board of Management, that had the responsibility for managing both the Mercedes division and the Chrysler division. While the "Chrysler division" maintained its physical location Michigan, the management of this division, and the hiring of executives in Michigan, was done by the Board of Management of DaimlerChrysler AG.

Defendant's moving papers also fail to address the actions and responsibilities of the entities regarding the issue of post-manufacture negligence in not giving customers an option of retrofitting their vehicles with electronic stability control. From the sources available to Plaintiffs, that would be the ultimate responsibility of the Board of Management of DaimlerChrysler AG.

Without having conducted any discovery in this case, most of the factual support for this opposition derives from the opinion <u>Tracinda Corp. v. DaimlerChrysler AG</u> (D. Del. 2005) 364 F.Supp.2d 362, which contains lengthy findings of facts, mostly concerning the corporate structure of DaimlerChrysler AG and its "Chrysler division", based on the evidence submitted at trial therein. Plaintiffs also find support in internet sources which are believed to be credible. To the extent that there is any dispute regarding the sufficiency of these sources, or that additional information is needed, that information can be collected in discovery limited to jurisdictional issues.

II.  FACTS

    A.    **The formation of DaimlerChrysler AG**

DaimlerChrysler AG was formed in 1998, as a result of the merger between Daimler-Benz AG and Chrysler Corporation that closed on November 12, 1998. As a result of the Merger, all shareholders of Chrysler Corporation and all shareholders of Daimler-Benz AG became shareholders of the new company, DaimlerChrysler AG. Chrysler Corporation's shareholders received approximately 42% of DaimlerChrysler AG outstanding shares and

Daimler-Benz AG shareholders received approximately 58% of those shares. (See <u>Tracinda Corp. v. DaimlerChrysler AG</u> (D. Del. 2005) 364 F.Supp.2d 362, 380).

**B.     The Supervisory Board**

In accord with German law, DaimlerChrysler AG had a two tier system consisting of a Supervisory Board and a Management Board. The Supervisory Board appointed and removed members of the Management Board, oversaw the management of the company, and was ultimately responsible for significant corporate transactions like major asset sales and acquisitions. From the time the Merger was completed, through and including November 27, 2000, half of the shareholder representatives on the DaimlerChrysler AG Supervisory Board were those originally designated by Chrysler Corporation and half of the shareholder representatives were those originally designated by Daimler-Benz AG. (See <u>Tracinda Corp</u>, 364 F.Supp.2d 362, 380-381).

**C.     The Board of Management**

In contrast to the Supervisory Board, the Management Board managed the daily operations of the company. The DaimlerChrysler AG Management Board initially consisted of 18 members, ten of whom were designated by Daimler-Benz AG, and eight of whom were designated by Chrysler Corporation. The Management Board functioned as a board of equals with collective responsibility for the operations of the company. (See <u>Tracinda Corp</u>, 364 F.Supp.2d 362, 381).

**D.     Operating Structure of DaimlerChrysler AG**

Chrysler Corporation became a wholly owned subsidiary of DaimlerChrysler AG and Daimler-Benz AG merged with and into DaimlerChrysler AG. DaimlerChrysler AG maintained two operational headquarters, one located at the former Chrysler Corporation headquarters in Auburn Hills, Michigan and the other at the former Daimler-Benz AG headquarters in Stuttgart, Germany. The overlapping corporate functions of Daimler-Benz AG and Chrysler Corporation

were combined. (See Tracinda Corp, 364 F.Supp.2d 362, 382).

Chrysler Corporation was renamed to DaimlerChrysler Motors Company LLC, doing business as the "Chrysler Group". (See Van Blois Decl. at ¶¶ 2-3). In 2000, Dieter Zetsche was appointed by the Board of Management of DaimlerChrysler AG to be the CEO of DaimlerChrysler Motors Company LLC, after the Management Board terminated his predecessor. (See Tracinda Corp, 364 F.Supp.2d 362, 384-386). The Chrysler Brands were kept together in a separate, independent unit of DaimlerChrysler AG and the Daimler brands were similarly separated. Chrysler was referred to in financial reports, in internal memoranda, in shareholder meetings, and in press releases as a "division" of DaimlerChrysler AG. DaimlerChrysler Motors Company LLC was a U.S. division of DaimlerChrysler AG where vehicle design, procurement, production, and marketing was overhauled through the management of the DaimlerChrysler AG Board of Management. (See Tracinda Corp, 364 F.Supp.2d 362, 382-383, 387).

### III. ARGUMENT

**A. This Court has specific personal jurisdiction over Daimler AG through the contacts of DaimlerChrysler Motors Company, LLC, which acted as an agent of DaimlerChrysler AG.**

Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice. International Shoe Co. v. Washington (1945) 326 U.S. 310, 316. The minimum contacts of a nonresident's agents are ordinarily imputed to the principal. See Ochoa v. J.B. Martin & Sons Farms, Inc. (9th Cir. 2002) 287 F.3d 1182, 1189. In the context of a parent-subsidiary relationship, an agency relationship is established for jurisdictional purposes if the plaintiff makes a "prima facie showing that the subsidiary represents the parent corporation by performing services 'sufficiently important to the parent corporation that if it did not have a

representative to perform them, the parent corporation would undertake to perform substantially similar services.' The agency test permits the imputation of contacts where the subsidiary was 'either established for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would have to undertake itself.'" Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd (9th Cir. 2003) 328 F.3d 1122, 1135 (quoting Chan v. Society Expeditions, Inc. (9th Cir. 1994) 39 F.3d 1398, 1405-1406; Wells Fargo & Co. v. Wells Fargo Express Co. (9th Cir. 1977) 556 F.2d 406, 422-424; and Gallagher v. Mazda Motor of America, Inc. (E.D.Pa. 1992) 781 F.Supp. 1079, 1083); see also Meier ex rel. Meier v. Sun Intl. Hotels, Ltd. (11th Cir. 2002) 288 F.3d 1264, 1275.

During the time period between 1998 and the subject accident, DaimlerChrysler Motors Company, LLC was engaged in activities that, but for their existence, DaimlerChrysler AG would have to undertake itself. DaimlerChrysler AG was a merged entity that combined the corporate functions of Daimler-Benz AG and Chrysler Corporation, wherein the daily operations of DaimlerChrysler AG were managed by its Board of Management, which was composed of former executives from Daimler-Benz AG and Chrysler Corporation. Shares of both Chrysler Corporation and Daimler-Benz AG were converted to shares of DaimlerChrysler AG. As part of this "merger", the corporate structure of Chrysler Corporation was removed, and DaimlerChrysler Motors Company, LLC was created to run the operational headquarters in Michigan according to the orders and direction of DaimlerChrysler AG. The Board of Management of DaimlerChrysler AG had the power to terminate and appoint executives, including the CEO of DaimlerChrysler Motors Company, LLC, which they did when they appointed Dieter Zetsche as CEO, and terminated his predecessor. DaimlerChrysler Motors Company, LLC, also known as the "Chrysler Group", was a branch or division of DaimlerChrysler AG. They were referred to as a "division" of DaimlerChrysler AG in financial reports, internal memoranda, shareholder meetings, and in press releases. DaimlerChrysler AG,

through its Board of Management, overhauled the Chrysler Group in their vehicle design, procurement, production, and marketing. DaimlerChrysler AG owned the Chrysler Group in whole, it managed the Chrysler group through the DaimlerChrysler AG Board of Management, and it controlled the Chrysler Group as its own division. But for the creation of DaimlerChrysler Motors Company, LLC, all of the operations of the former Chrysler headquarters in Michigan would have to be performed by DaimlerChrysler AG, and most of them in fact were. (See Tracinda Corp. v. DaimlerChrysler AG (D. Del. 2005) 364 F.Supp.2d 362 (attached as Exhibit 1 to Van Blois Decl.).

The cases cited by Defendant, U.S. Vestor and Von Grabe, do not address the agency issue, but rather address the "alter-ego" theory of jurisdiction. This theory derives from a theory under which a plaintiff can "piece the corporate veil" to get to the parent. Under this theory, a plaintiff can overcome the "presumption of corporate separateness" by showing such a unity of interest that no separate entities exist, and that a fraud or injustice would result if the entities are considered separate. U.S. Vestor is decided under this theory, and involves a situation where the subsidiary is indeed a corporation. Von Grabe is decided under this theory, and although it appears that one or more of the subsidiaries were not corporate entities, the decision overlooks that distinction. Von Grabe 312 F.Supp.2d 1285, 1297 ("In the instant case, there is a parent-subsidiary relationship, but there is not such unity of interest, i.e., alter ego, so as to disregard the corporate relationship."). In any event, the agency theory of jurisdiction was not argued in those cases. This line of authority is not controlling because DaimlerChrysler Motors Company, LLC was not a corporation. (See Exhibit 2 to Van Blois Decl.). Therefore there is no piercing of a corporate veil and no presumption of corporate separateness.

In the moving papers, Defendant fails to address the relationship between DaimlerChrysler AG and DaimlerChrysler Motors Company, LLC. While Plaintiffs do not have the benefit of discovery at this time, most or all of the information on the internet appear to

indicate that DaimlerChrysler Motors Company, LLC, not DaimlerChrysler Corporation, was the entity formed to run the Chrysler Group at the order and direction of the DaimlerChrysler AG Board of Management. (See Exhibit 3 to Van Blois Decl. at pages 1 and 6). It also appears that customers claimed reimbursement for vehicle modification expenses through DaimlerChrysler Motors Company, LLC, not DaimlerChrysler Corporation, under the "DaimlerChrysler Motors Company, LLC Automobility Program". (See Exhibit 4 to Van Blois Decl.). And it also appears that dealer reimbursement for warranty repairs came from DaimlerChrysler Motors Company, LLC, not DaimlerChrysler Corporation. (See Exhibit 5 to Van Blois Decl.). Defendant never even mentions DaimlerChrysler Motors Company, LLC in their moving papers.

Defendant also fails to address the relationship between DaimlerChrysler AG and their subsidiaries in the context of the allegations of this case. Plaintiffs herein claim that the defendants, and each of them, were negligent during the time period after the distribution and initial sale of the subject vehicle, for not giving Chrysler vehicle owners an option of retrofitting their vehicles with electronic stability control. Nowhere in the moving papers does defendant address the issue of which entity had responsibility for making decisions of this nature, and specifically which entity decided not to give Chrysler vehicle owners an option of retrofitting their vehicles with electronic stability control.

Asserting jurisdiction of DaimlerChrysler AG in this case would not offend the traditional notions of fair play and substantial justice. This parent company completely controlled and dominated the affairs of their "division" called the Chrysler Group. DaimlerChrysler Motors Company, LLC did not offer any corporate protections. It was managed and directed by DaimlerChrysler AG through which the parent company was allowed to reap the benefits of their marketing, distribution, and presence in the U.S. DaimlerChrysler AG cannot now complain of being subject to suit here.

**B.   In the alternative, this Court should allow Plaintiffs to conduct discovery limited to jurisdictional issues.**

Without the benefit of having conducted any discovery, without the knowledge of how decisions were made regarding the defendants' use and non-use of electronic stability control in Chrysler vehicles, and without access to defendants' records and witnesses related to the jurisdictional issues presented in the motion, Plaintiffs are slightly handicapped in their ability to oppose Defendant's motion. To the extent that there is issue regarding the adequacy of the documents submitted in support of this opposition, or to the extent that additional information is necessary to make out a prima facie case of a principal-agent relationship, Plaintiffs should be permitted to conduct discovery limited to jurisdictional issues.

## IV.   CONCLUSION

For the above reasons, Defendant Daimler AG's motion to dismiss should be denied, or, in the alternative, the hearing of this matter should be continued approximately 60 days to permit discovery on jurisdictional issues.

Dated:  November 9, 2007                    VAN BLOIS & ASSOCIATES

                                            _____
                                            Darren J. Van Blois,
                                            Attorneys for Plaintiffs