Justs N. Karlsons, No. 042899
Matthew J. Kemner, No. 188124
David M. Rice, No. 131064
Jonathan Yank, No. 215495
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:    415.989.5900
Facsimile:    415.989.0932
Email:         drice@cbmlaw.com

Attorneys for Specially Appearing Defendant
DAIMLER AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| SHELLEY P. ROBINSON et al., <br><br>  Plaintiffs, <br><br> v. <br><br> DAIMLERCHRYSLER AG et al., <br><br>  Defendants. | No. 3:07cv03258-SC <br><br> **SPECIALLY APPEARING DEFENDANT DAIMLER AG'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> Date:       November 30, 2007 <br> Time:      10:00 a.m. <br> Courtroom: 1 <br><br> Hon. Samuel Conti |

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PLAINTIFFS CANNOT ESTABLISH AGENCY JURISDICTION THROUGH DC MOTORS FOR MULTIPLE REASONS. | 2 |
| | A. Plaintiffs Are Incorrect in Their Assertion That DC Motors Was Considered a "Division" or "Branch" of Daimler AG. | 2 |
| | B. Plaintiffs Would Not Meet the Requirements for Agency Jurisdiction in Any Event. | 4 |
| | C. There Can Be No Basis for Specific Jurisdiction Based on "Agency" Because Plaintiffs' Claims Do Not Arise from Any Action Taken by DC Motors. | 5 |
| III. | PLAINTIFFS DO NOT—AND CANNOT—DISPUTE THAT THE EXERCISE OF JURISDICTION OVER DAIMLER AG IN THIS CASE WOULD BE UNREASONABLE. | 6 |
| IV. | PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY. | 6 |
| V. | CONCLUSION | 7 |

CARROLL, BURDICK & MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

Page(s)

## Cases

*In re Allentown Ambassadors, Inc.*,
   361 B.R. 422 (Bankr. E.D. Pa. 2007).................................................................2

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
   1 F.3d 848 (9th Cir. 1993).....................................................................................6

*Asahi Metal Indus. Co. v. Superior Ct.*,
   480 U.S. 102 (1987)..............................................................................................6

*Bright v. Primary Source Media*,
   1998 WL 671247 (N.D. Cal. 1998).......................................................................4

*Burger King Corp. v. Ruzdewicz*,
   471 U.S. 462 (1985)..............................................................................................5

*Cai v. DaimlerChrysler AG*,
   480 F. Supp. 2d 1245 (D. Or. 2007).....................................................................5

*Campbell v. Secretary of Health and Human Servs.*,
   69 Fed. Cl. 775 (Ct. Cl. 2006)..............................................................................3

*Dames & Moore v. Emirate of Dubai*,
   1996 WL 671279 (N.D. Cal. Nov. 14, 1996).......................................................7

*Davage v. City of Eugene*,
   2007 WL 2007979 (D. Or. July 6, 2007) ............................................................3

*Doe v. Unocal Corp.*,
   248 F.3d 915 (9th Cir. 2001).................................................................................4

*Levy v. Norwich Union Ins. Soc'y*,
   1998 WL 544971 (N.D. Cal. Aug. 5, 1998).........................................................7

*People v. Pacific Landmark*,
   129 Cal. App. 4th 1203 (2005).............................................................................3

*Pinnacle Sys., Inc. v. XOS Techs., Inc.*,
   2003 WL 21397845 (N.D. Cal. 2003)..................................................................3

*Quarles v. Fuqua Indus., Inc.*,
   504 F.2d 1358 (10th Cir. 1974).............................................................................4

*Roz Trading Ltd v. Zeromax Group, Inc.*,
   F.Supp.2d, 2007 WL 2812760 (D.D.C. Sept. 28, 2007) .....................................3

*In re Senior Cottages of America, LLC*,
   482 F.3d 997 (8th Cir. 2007).................................................................................3

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*Steele v. McMahon*,
  2007 WL 2758026 (E.D. Cal. Sept. 21, 2007)...............................................................3

*Terracom v. Valley Nat'l Bank*,
  49 F.3d 555 (9th Cir. 1995)............................................................................................6

*Tracinda Corp. v. DaimlerChrysler AG*,
  364 F. Supp. 2d 362 (D. Del. 2005)...............................................................................3

*U.S. v. Bestfoods*,
  524 U.S. 51 (1998).........................................................................................................4

*In re Valley X-Ray Co.*,
  360 B.R. 254 (E.D. Mich. 2007).....................................................................................3

*In re Western States Wholesale Nature Gas Antitrust Litig.*,
  2007 WL 2445953 (D. Nev. Aug. 17, 2007)..................................................................4

**Statutes**

6 Del. Code
  § 18-303..........................................................................................................................3

Mich. Comp. Laws Ann.
  § 450.4501......................................................................................................................3

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## I. INTRODUCTION

Plaintiffs concede that Daimler AG had nothing to do with the 1998 Jeep Cherokee at issue in this case, and had nothing to do with any Jeep-related entity at the time the Jeep was manufactured, assembled, and distributed. Plaintiffs further concede that there is absolutely no basis for general jurisdiction in this case. And plaintiffs also concede Daimler AG does not itself have contacts with California sufficient for the exercise of specific personal jurisdiction.

Instead, plaintiffs base their assertion of specific jurisdiction over Daimler AG solely on the purported decision by DaimlerChrysler Motors Company, LLC ("DC Motors"), at one time an indirect subsidiary of DaimlerAG, to "not giv[e] the customers an option of retrofitting their [1998 Jeep Cherokees] with electronic stability control." Pl. Opp. at 1-2 (Docket No. 21).

There are three independent reasons why plaintiffs' alleged "agency jurisdiction" theory does not work. First, plaintiffs predicate almost every assertion they make about DC Motors (including their assertion that DC Motors is the entity discussed in *Tracinda*) on an unauthenticated and unreliable "Wikipedia" entry. Unsurprisingly, plaintiffs' assertions are flatly incorrect. Second, plaintiffs would not meet the Ninth Circuit's requirements for agency jurisdiction even assuming the Wikipedia statements were true and admissible. And third, the purported failure to retrofit 1998 Jeep Cherokees cannot be a basis for specific jurisdiction in California in any event.

Moreover, even assuming that plaintiffs could impute the contacts of DC Motors to Daimler AG via "agency jurisdiction," Daimler AG's motion should still be granted, because plaintiffs do not offer any principled response to Daimler AG's showing that the exercise of jurisdiction in this case would be unreasonable. Finally, plaintiffs do not meet the requirements for jurisdictional discovery. Their only specific request relates to merits issues, not jurisdiction. In any event, given plaintiffs' failure to contest the unreasonableness of asserting jurisdiction in this case, jurisdictional discovery would be futile.

As such, there are multiple bases on which to grant Daimler AG's motion, and dismiss Daimler AG for lack of personal jurisdiction now.

II. **PLAINTIFFS CANNOT ESTABLISH AGENCY JURISDICTION THROUGH DC MOTORS FOR MULTIPLE REASONS.**

A. **Plaintiffs Are Incorrect in Their Assertion That DC Motors Was Considered a "Division" or "Branch" of Daimler AG.**

Plaintiffs are wrong in virtually every assertion they make about DC Motors—perhaps unsurprisingly, since their sole "authority" is an unauthenticated, unreliable hearsay entry from the Wikipedia internet website.

DC Motors was a Delaware LLC with its principal place of business in Michigan. Van Der Wiele Decl. ¶ 10 (filed herewith).[1] Contrary to plaintiffs' assertions, DC Motors has *never* been a "branch" or "division" of Daimler AG or any of its predecessors, and it has never "run the operational headquarters" of the Chrysler group, much less run such headquarters "according to the orders and direction of DaimlerChrysler AG." *Cf.* Pl. Opp. at 2, 6. It is also most definitively not the entity formerly known as "Chrysler Corporation ... doing business as the 'Chrysler Group.'" *Cf.* Pl. Opp. at 5. Yank Decl., Ex. B (Docket No. 14; filed Oct. 17, 2007); Van Der Wiele Decl. ¶ 8.

DC Motors was always a completely separate and distinct entity from DaimlerChrysler AG. *See, e.g.*, Van Der Wiele Decl. ¶ 13. DC Motors was an indirect subsidiary, several layers down the chain from Daimler AG (*id.* ¶¶ 5, 9), and always had a distinct business: DC Motors is the distributor for Chrysler, Dodge, and Jeep vehicles. *Id.* ¶ 5. Daimler AG designs and manufactures Mercedes-Benz vehicles in Germany. Hecht Decl. ¶ 2 (Docket No. 12; filed Oct. 17, 2007).

Plaintiffs are wrong in their assertion that, simply because DC Motors is a limited liability company ("LLC"), "defendant cannot benefit from corporate protections" and DC Motors must be considered part of Daimler AG. Pl. Opp. at 2, 7, 8. Plaintiffs cite *no authority* for this proposition—and cannot do so, because it is untrue. It is well established that, one of the "most critical features" of an LLC is that it provides a "corporate-styled liability shield." *In re Allentown Ambassadors, Inc.*, 361 B.R. 422, 442 (Bankr. E.D. Pa. 2007). Thus, both the statutes governing DC Motors existence and numerous courts have recognized that the acts of a subsidiary LLC are

---

[1] Earlier this year, DC Motors became Chrysler Motors LLC. Van Der Wiele Decl. ¶ 16. It no longer has any affiliation with Daimler AG.

1  ***not*** attributable to the parent corporation. *See, e.g.*, 6 Del. Code § 18-303; Mich. Comp. Laws Ann.
2  § 450.4501; *Roz Trading Ltd v. Zeromax Group, Inc.*, F.Supp.2d, 2007 WL 2812760, at *6 (D.D.C.
3  Sept. 28, 2007) (construing Delaware law); *In re Valley X-Ray Co.*, 360 B.R. 254, 259-260 (E.D.
4  Mich. 2007) (applying Michigan law); *In re Senior Cottages of America, LLC*, 482 F.3d 997, 1001
5  (8th Cir. 2007); *People v. Pacific Landmark*, 129 Cal. App. 4th 1203, 1212 (2005).

   Plaintiffs only "authority" for their assertions about DC Motors is an entry from Wikipedia, a website that promotes itself as a site that "anyone can edit." http://en.wikipedia.org/wiki/Main_Page (last visited Nov. 14, 2007); *cf.* Van Blois Decl. Ex. 3 (Docket No. 22-2). Wikipedia's website itself "reveals a pervasive, and for our purposes, disturbing series of disclaimers, among them, that:" Wikipedia articles are often inaccurate because of the open editing feature, as articles: (a) can be "vandalized"; (b) do not require that authors cite sources; and (c) "are liable to be incomplete in ways that would be less usual in a more tightly controlled reference work." *Campbell v. Secretary of Health and Human Servs.*, 69 Fed. Cl. 775, 781 (Ct. Cl. 2006) (quoting Wikipedia website). Because of these flaws, numerous courts have found that Wikipedia entries are unreliable hearsay and do not meet evidentiary authentication requirements. *See, e.g., Steele v. McMahon*, 2007 WL 2758026, at *8 (E.D. Cal. Sept. 21, 2007); *Davage v. City of Eugene*, 2007 WL 2007979 (D. Or. July 6, 2007); *see also, e.g., Pinnacle Sys., Inc. v. XOS Techs., Inc.*, 2003 WL 21397845, at *8 (N.D. Cal. 2003) (plaintiffs must produce "admissible evidence" that establishes personal jurisdiction in order to survive motion to dismiss).

   *Tracinda Corp. v. DaimlerChrysler AG*, 364 F. Supp. 2d 362 (D. Del. 2005)—the case plaintiffs characterize as providing "most of the factual support for [their] opposition"—is simply irrelevant to the present motion. *CF*. Pl. Opp. at 3. Indisputably, the case ***never*** mentions DC Motors. Recognizing this fact, plaintiffs try to confuse this Court into believing that one of the entities discussed in the opinion (Chrysler Corporation) became DC Motors, but this is false. Yank Decl., Ex. B (Docket No. 14; filed Oct. 17, 2007) (demonstrating that Chrysler Corporation became DaimlerChrysler Corporation ("DCC")); Van Der Wiele Decl. ¶ 8; *cf. Tracinda*, 364 F. Supp. 2d at 381 (head of sales for Chrysler Group reported to DCC, not DC Motors).

Because plaintiffs have no proper or admissible support for their factual assertions about DC Motors, plaintiffs have not met their burden of proving the existence of jurisdiction.

### B. Plaintiffs Would Not Meet the Requirements for Agency Jurisdiction in Any Event.

Plaintiffs have no evidentiary support for their bald allegations about the relationship between Daimler AG and DC Motors. *See* Pl. Opp. at 6-7 (citing no authorities); Section I.A., *supra* (demonstrating that plaintiffs' assertions are untrue). But even assuming they were all correct, at best plaintiffs would have established that: (1) the board of Daimler AG "had the power to terminate and appoint executives" of DC Motors; and (2) Daimler AG made policy decisions relating to things like the running of Chrysler's headquarters and "vehicle design, procurement, production, and marketing." Pl. Opp. at 6-7.

The types of policy-level decisions described by plaintiffs do ***not*** allow contacts by DC Motors to be imputed to Daimler AG via "agency jurisdiction." As the Ninth Circuit has recognized, "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).

Thus, for example, "one company's exercise over a second corporation of a controlling influence through stock ownership does not make the second corporation an agent of the first." *In re Western States Wholesale Nature Gas Antitrust Litig.*, 2007 WL 2445953, at *5 (D. Nev. Aug. 17, 2007) (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1364 (10th Cir. 1974)). A "parent corporation may be directly involved in the activities of subsidiaries without incurring liability so long as that involvement is consistent with the parent's investor status," *e.g.*, activities including but not limited to "supervision of the subsidiary's finance and capital budget decisions, and articulation of general policies and procedures." *Id.* (quoting *U.S. v. Bestfoods*, 524 U.S. 51, 69 (1998)). "[E]ven where a corporate parent actively approves a corporation's major policy decisions and is involved in the executive operation of the corporation, the Ninth Circuit has held that an agency relationship does not exist for the purpose of establishing personal jurisdiction." *Bright v. Primary Source Media*, 1998 WL 671247, at *7 (N.D. Cal. 1998).

In *Unocal*, the Ninth Circuit explained that the "agency" theory of jurisdiction cannot be applied where "the record does not support plaintiffs' contention that [the parent] directly controls the day-to-day activities of the California operating or holding companies. The fact that [the parent] may indirectly control or supervise its subsidiaries, does not lead the Court to a different conclusion." 248 F.3d at 930. Even a showing that the parent corporation "'made strategic marketing policies and decisions concerning [the product sold by the Group]' which were 'implemented on an operational level by affiliates' does not mean [the affiliated subsidiary] was [the parent's] agent" for purposes of jurisdiction. *Western States*, 2007 WL 2445953, at *7.

In any event, plaintiffs have no evidence that, "[b]ut for the creation of [DC Motors], all of the operations of the former Chrysler headquarters in Michigan would have to be performed by DaimlerChrysler AG . . . ." Pl. Opp. at 6-7 (citing no authority). Indeed, as explained above, DC Motors was ***never*** integral to the operation of the former Chrysler headquarters.[2] *See* Section I.A., *supra*; *see also, e.g., Cai v. DaimlerChrysler AG*, 480 F. Supp. 2d 1245, 1252 (D. Or. 2007) (no evidence that Daimler AG would manufacture and sell vehicles in United States if subsidiary could not do so). There is simply no basis for agency jurisdiction in this case.

### C.  There Can Be No Basis for Specific Jurisdiction Based on "Agency" Because Plaintiffs' Claims Do Not Arise from Any Action Taken by DC Motors.

Even assuming there was a basis to impute the contacts of DC Motors to Daimler AG—there is none, as demonstrated in Section I.B., *supra*—there is still no basis for specific jurisdiction in this case. In plaintiffs' own words, their lone assertion of "specific personal jurisdiction" arises from purported negligence in "not giving customers an option of retrofitting their [1998 Jeep Cherokees] with electronic stability control." Pl. Opp. at 2; *Burger King Corp. v. Ruzdewicz*, 471 U.S. 462, 472 (1985) (plaintiffs' claims must have resulted from injuries that "arise out of relate to" the defendant's activities in their forum state).

---

[2] That building was owned and operated by DCC. Plaintiffs have already conceded that DaimlerChrysler Corporation is irrelevant to the jurisdictional issues before this Court. *See, e.g.,* Pl. Opp. at 2 (claiming that defendants "failed to address the critical issue" in their opening papers, because defendants addressed jurisdiction in relation to DCC).

Specific jurisdiction cannot possibly exist based on plaintiffs' theory because DC Motors was never involved in any decision to retrofit Jeep vehicles—and certainly did not make any such decision in California. *See, e.g.*, Van Der Wiele Decl. ¶ 13. Any such decision would have been made by DCC in Michigan. *Id.*

Simply stated, plaintiffs' claims do not arise from or relate to any action by DC Motors in California. As such, it is impossible for any action by DC Motors to give rise to jurisdiction over Daimler AG in this case. The Motion should be granted.

### III. PLAINTIFFS DO NOT—AND CANNOT—DISPUTE THAT THE EXERCISE OF JURISDICTION OVER DAIMLER AG IN THIS CASE WOULD BE UNREASONABLE.

Even if the contacts of DC Motors were sufficient for personal jurisdiction and could be imputed to Daimler AG under an "agency jurisdiction" test, Daimler AG's motion to dismiss should still be granted, because plaintiffs do not—and cannot—dispute that the exercise of jurisdiction over Daimler AG in this case would be unreasonable.

In its Opening Brief, Daimler AG demonstrated that there were multiple reasons why the assertion of personal jurisdiction in this case would be unreasonable. *See* Opening Br. at 9-10 (Docket No. 11). Plaintiffs offered no principled response; they only reiterated their argument that Daimler AG has "contacts" with California. *Cf.* Pl. Opp. at 8:18-24. Such reiteration is completely insufficient, as it ignores the independent nature of the "reasonableness" requirement. *See, e.g., Burger King*, 471 U.S. at 471-72 (failure to meet "reasonableness" requirement alone makes personal jurisdiction improper, regardless of contacts); *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.2 (9th Cir. 1993) (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987)). As such, "reasonableness" provides an independent basis to grant Daimler AG's motion.

### IV. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

The courts of this Circuit have repeatedly held that a plaintiff must affirmatively "demonstrate how further discovery would allow it" to establish jurisdiction before jurisdictional discovery can be permitted. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("the Court need not permit even limited discovery" when plaintiff fails to make the required

demonstration); *Levy v. Norwich Union Ins. Soc'y*, 1998 WL 544971, at *5 n.8 (N.D. Cal. Aug. 5, 1998); *Dames & Moore v. Emirate of Dubai*, 1996 WL 671279, at *7 (N.D. Cal. Nov. 14, 1996) ("much like a motion under Federal Rule of Civil Procedure 56(f), the burden is on plaintiff to proffer specific items of discovery that would support specific facts that it alleges").

In asking this Court to grant jurisdictional discovery, plaintiffs make no reference to any "specific items of discovery" except for a desire to know "***how*** decisions were made regarding the defendants' use and non-use of electronic stability control in Chrysler vehicles . . . ." Pl. Opp. at 9 (emphasis added). But the question of "how" only goes to merits issues. It could not possibly go to jurisdiction—particularly in light of the undisputed evidence that DC Motors was not involved in any such decision, and that no such decision would have been made in California in any event. *See, e.g.*, Van Der Wiele Decl. ¶ 13.

Moreover, because plaintiffs have failed to address reasonableness on any independent ground, discovery would be futile in this case. Even assuming that plaintiffs were to uncover evidence of sufficient contacts with California, the exercise of personal jurisdiction in this case would still not comport with due process notions of "fair play and substantial justice," and Daimler AG's Motion should still be granted.

V. **CONCLUSION**

Plaintiffs cannot establish "agency jurisdiction" through DC Motors; do not offer any principled basis to find that the exercise of jurisdiction over Daimler AG would be reasonable in this case in any event; and have not demonstrated an entitlement to jurisdictional discovery. As such, Daimler AG's motion should be granted and Daimler AG should be dismissed forthwith.

Dated: November 16, 2007        Respectfully submitted,

CARROLL, BURDICK & McDONOUGH LLP

By /s/ _____
Matthew J. Kemner
Attorneys for Specially Appearing Defendant
DAIMLER AG