UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

```
SHELLEY R. ROBINSON; and ELIZAVETA  )   No. 07-3258 SC
M. HUNSINGER, by and through her    )
Conservator IVAN J. HUNSINGER,      )
                                    )   ORDER DENYING
             Plaintiffs,            )   SPECIALLY APPEARING
                                    )   DEFENDANT DAIMLER
     v.                             )   AG'S MOTION TO
                                    )   DISMISS FOR LACK OF
DAIMLERCHRYSLER AG; DAIMLERCHRYSLER )   PERSONAL JURISDICTION
MOTORS COMPANY LLC; DAIMLERCHRYSLER )
CORPORATION; and DOES ONE through   )
FIFTY, inclusive,                   )
                                    )
             Defendants.            )
                                    )
_____)
```

## I. INTRODUCTION

Defendant Daimler AG ("Daimler") brings this Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Docket No. 17. Plaintiffs Shelley Robinson and Elizaveta Hunsinger ("Plaintiffs") opposed the motion, and Daimler replied. See Docket Nos. 21, 25. The parties have submitted numerous declarations and documentary exhibits in support of their positions. Having reviewed all of the parties' submissions, the Court hereby DENIES Daimler's motion for the reasons set forth below.

## II. DISCUSSION

At this juncture, it is unclear to the Court whether the parties that briefed this motion are even litigating the same

1  lawsuit.  A comparison of their factual summaries is illuminating.
2      In what appears to the Court to be the only Complaint,
3  Plaintiffs allege that the 1998 Jeep Cherokee in which they were
4  traveling was caused to lose control and roll over on a road in
5  Idaho.  See Notice of Removal, Docket No. 1, Ex. B ("Complaint") ¶
6  8.  According to the Complaint, the accident took place on May 25,
7  2005.  Id.  Plaintiffs allege that certain components of the
8  vehicle, including the roof, roof supports, and restraints, failed
9  during this accident as a result of flaws in their design and
10 manufacture.  Id. ¶¶ 10, 11, 17, 18.  This failure allegedly
11 resulted in severe and catastrophic injuries to Plaintiffs.  See,
12 e.g., id. ¶¶ 12, 19.  Plaintiffs brought this suit against
13 DaimlerChrysler AG, DaimlerChrysler Motors Company LLC, and
14 DaimlerChrysler Corporation, alleging causes of action for
15 negligence, strict liability, and breach of warranty.  See id.
16 Plaintiffs filed the suit in the Contra Costa County Superior
17 Court on May 9, 2007, and Defendants removed it to this Court on
18 June 20, 2007.  See Notice of Removal; Compl.  The parties' Joint
19 Case Management Statement suggests the same general factual
20 background.  See Joint Case Mgmt. Statement, Docket No. 20.
21     By contrast, Daimler's brief appears to ask the Court to
22 dismiss a different case entirely.  Daimler's brief addresses a
23 November 27, 2003 accident in Fairfield, California.  See Def.'s
24 Mem. of P & A in Support of Mot. to Dismiss, Docket No. 11
25 ("Daimler Mem."), at 2.  That accident, unlike the one underlying
26 Plaintiffs' Complaint, apparently involved another vehicle.  Id.
27 Further, the complaint which Daimler asks the Court to dismiss was

filed in the State Court in November 2005, and amended in October 2006. Id. The complaint Daimler addresses alleges problems with the seat, seat back, and restraint system, but not the roof, as Plaintiffs' Complaint does. Id.

In short, Daimler is asking the Court to dismiss a lawsuit other than the one presently before the Court.[1] This Court presides over the Plaintiffs' lawsuit. Daimler or any other Defendant seeking to dismiss the present action would be well advised to focus any further submissions on the facts alleged in the Complaint.

The Court DENIES Daimler's motion without prejudice.

IT IS SO ORDERED.

January 10, 2008

UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs' counsel could have and should have drawn the Court's and Daimler's attention to this. Whether or not Daimler's legal arguments may be appropriate if applied to the instant facts is irrelevant. The Court must rule on the record before it, and the parties are responsible for creation of that record.

This brief is not the only flaw in the record. For example, in the Answer, the other Defendants stated that DaimlerChrysler AG (Daimler's predecessor) had not been served. In the Joint Case Management Statement, the parties stated that all named Defendants had been served. Daimler says in its brief that it had recently been served pursuant to the Hague Convention. There is no proof of this service on the record.

The Court encourages counsel to review both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Northern District of California. The parties disregard said rules at their peril. The Court further encourages counsel to review their own papers prior to submission, so as to be sure they are filing papers in the correct lawsuit.

3