1  Justs N. Karlsons, No. 042899
   Matthew J. Kemner, No. 188124
2  David M. Rice, No. 131064
   Jonathan Yank, No. 215495
3  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
4  44 Montgomery Street, Suite 400
   San Francisco, CA  94104
5  Telephone:    415.989.5900
   Facsimile:    415.989.0932
6  Email:    jkarlsons@cbmlaw.com
             mkemner@cbmlaw.com
7            drice@cbmlaw.com
             jyank@cbmlaw.com
8
   Attorneys for Specially Appearing Defendant
9  DAIMLER AG (formerly known as DaimlerChrysler AG)

10                   UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                       SAN FRANCISCO DIVISION

13  SHELLEY P. ROBINSON, et al.,         No. 3:07cv03258-SC

14              Plaintiffs,              **SPECIALLY APPEARING DEFENDANT DAIMLER AG'S**
15       v.                              **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
16  DAIMLERCHRYSLER AG, et al.,          **RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL**
17              Defendants.              **JURISDICTION**

18                                       Date:         March 7, 2008
                                         Time:         10:00 a.m.
19                                       Courtroom:    1
                                         Judge:        Hon. Samuel Conti
20
                                         Complaint Filed: 5/11/07
21                                       Trial Date:      1/12/09

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

- I. INTRODUCTION .................................................................................................................1
- II. BACKGROUND FACTS ....................................................................................................2
  - A. Plaintiffs' Claims in This Lawsuit ...........................................................................2
  - B. Daimler AG Is an Alien Defendant ..........................................................................2
  - C. Daimler AG Does Not Do Business in California ...................................................3
  - D. Daimler AG Did Not Design, Manufacture or Distribute the 1998 Jeep Cherokee Vehicle at Issue Here ...............................................................................3
- III. PLAINTIFFS CANNOT ESTABLISH THE REQUIRED CONSTITUTIONAL BASES FOR EXERCISING PERSONAL JURISDICTION OVER DAIMLER AG ..........................................................................................................4
  - A. Daimler AG Is Not Subject to General Jurisdiction in California Because It Does Not Have Substantial, Continuous and Systematic Contacts with California ...................................................................................................................5
  - B. There Is No Basis for Specific Jurisdiction Over Daimler AG in This Case Because, Among Other Things, Daimler AG Did Not Make or Sell the Vehicle at Issue ........................................................................................................7
  - C. The Assertion of Personal Jurisdiction Would Not Comport with "Fair Play and Substantial Justice" .....................................................................................9
- IV. CONCLUSION ..................................................................................................................10

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*
  1 F.3d 848 (9th Cir. 1993).................................................................................5

*Asahi Metal Indus. Co. v. Superior Ct.*,
  480 U.S. 102 (1987)..............................................................................2, 5, 8, 9

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985).....................................................................4, 7, 9, 10

*Core-Vent Corp. v. Nobel Indus. AB*,
  11 F.3d 1482 (9th Cir. 1993).................................................................................5

*Cornelison v. Chaney*,
  16 Cal. 3d 143 (1976) .............................................................................7

*Cubbage v. Merchent*,
  744 F.2d 665 (9th Cir. 1984).................................................................................4

*Doe v. Unocal Corp.*,
  248 F.3d 915 (9th Cir. 2001).................................................................................8

*FDIC v. British-American Ins. Co.*,
  828 F.2d 1439 (9th Cir. 1987).................................................................................5

*Helicopteros Nacionales de Colombia v. Hall*,
  466 U.S. 408 (1984)..............................................................................2, 5, 7

*Insurance Co. of North Am. v. Cruz*,
  649 F.2d 1266 (9th Cir. 1981).................................................................................9

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..............................................................................4

*Pacific Atl. Trading Co. v. M/V Main Express*,
  758 F.2d 1325 (9th Cir. 1985).................................................................................4

*Pavlovich v. Superior Court*,
  29 Cal. 4th 262 (2002) .............................................................................9, 10

*Pinnacle Sys., Inc. v. XOS Technologies, Inc.*,
  2003 WL 21397845 (N.D. Cal. 2003) .................................................................................4

*Samuels v. BMW of North Am., Inc.*,
  554 F. Supp. 1191 (E.D. Tex. 1983).................................................................................10

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004).................................................................................5, 6, 7

*Sinatra v. National Enquirer, Inc.*,
  854 F.2d 1191 (9th Cir. 1988).................................................................................4

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*U.S. Vestor, LLC v. Biodata Info. Tech. AG,*
    290 F. Supp. 2d 1057 (N.D. Cal. 2003) ................................................................. 8

*Von Grabe v. Sprint PCS,*
    312 F. Supp. 2d 1285 (S.D. Cal. 2003) ........................................................ 6, 7, 8

*World-Wide Volkswagen Corp. v. Woodson,*
    444 U.S. 286 (1980) ............................................................................................ 9, 10

## I. INTRODUCTION

In its original brief supporting its Motion to Dismiss for Lack of Personal Jurisdiction, there were factual misstatements made in the first full paragraph of page 2. The Court was correct that these facts were inadvertently included from a different case, which it pointed out in its order denying the original motion, without prejudice. Counsel for Daimler AG apologizes for these misstatements, now corrected below. These included the date and location of the subject accident (which in fact occurred in Idaho, not California), the filing date, and the defect claim. The corrected facts do not affect Daimler AG's arguments that neither general nor specific personal jurisdiction exists over it in this case, and that the exercise of jurisdiction in this case would not be constitutionally reasonable. Daimler AG hereby respectfully renews its Motion to Dismiss for Lack of Personal Jurisdiction.

This is a products liability case involving a 1998 Jeep Cherokee automobile.[1] The Jeep Cherokee was designed, manufactured and distributed by Chrysler Corporation, now known as Chrysler LLC ("Chrysler"), which is already a defendant to this action under another former name, DaimlerChrysler Corporation. Plaintiffs have nonetheless also now named and served DaimlerChrysler AG, now known as Daimler AG. Daimler AG is a German stock company that did not design, manufacture, distribute or have any other involvement with the Jeep vehicle at issue in this lawsuit.

This Court does not have personal jurisdiction over Daimler AG. Daimler AG is a German stock company governed by German law. As established by the Declaration of Paul Hecht (Docket No. 12), Daimler AG's operations are strictly in Germany. It does no business in California and otherwise has very little contact with California. Among other things, Daimler AG, which manufactures Mercedes-Benz vehicles, does not itself sell any products in California. Products manufactured by Daimler AG that ultimately are

---

[1] Although the Court's Order of January 11, 2008, expressed some confusion as to whether the parties were discussing the same vehicle, Daimler AG's original papers did refer to the same Subject Vehicle at issue in plaintiffs' Complaint. (*Compare* Compl. ¶ 8 *with* Declaration of Micki Singer (Docket No. 13) ("Singer Decl."), Ex. A.)

purchased in California or anywhere else in the United States are distributed to California and sold by independent companies.

Most importantly, Daimler AG did not design, manufacture, distribute or otherwise have any involvement with the Jeep Cherokee vehicle that plaintiffs allege was defective. The 1998 Jeep Cherokee vehicle was designed, manufactured and distributed by Chrysler. At that time, Chrysler had no relationship whatsoever with Daimler AG or any predecessor of Daimler AG. Chrysler later became an indirect subsidiary of Daimler AG, and was known as DaimlerChrysler Corporation. Even then, however, as Mr. Hecht explains in his declaration, DaimlerChrysler Corporation was at all times an independent U.S. corporation, and any contacts it might have with California could not legally be attributed to Daimler AG. In any event, Chrysler is no longer a subsidiary of Daimler AG. Consequently, not only does Daimler AG have no significant contacts with California, but it also has no legally significant contact with either the product or the allegations in this case.

Daimler AG lacks both "continuous and systematic" contacts with California, and also any contacts with California related to this lawsuit or out of which it arises. For this reason alone, the assertion of personal jurisdiction over Daimler AG would violate its constitutional due process rights. *See Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408 (1984); *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102 (1987). Moreover, even if the requisite contacts with California existed in this case (they do not), personal jurisdiction still could not properly be exercised over Daimler AG in the case for the additional reason that it would be constitutionally unreasonable. The Court should grant this motion and dismiss Daimler AG from this lawsuit.

## II.   BACKGROUND FACTS

### A.   Plaintiffs' Claims in This Lawsuit

Plaintiffs Robinson and Hunsinger filed a products liability action on May 11, 2007, seeking to recover monetary damages for injuries allegedly incurred in an accident on May 25, 2005, in Twin Falls County, Idaho. (Compl. ¶ 8 [Docket No. 1, Ex. B].)

Ms. Robinson asserts that her injuries were caused by defects in "roof, roof structure support, glazing, restraints, etc." of the 1998 Jeep Cherokee vehicle. (*Id.*) Plaintiffs sued Chrysler, which designed, manufactured, and distributed the subject 1998 Jeep Cherokee vehicle. (Declaration of Paul Hecht (Docket No. 12) ("Hecht Decl.") ¶ 4 & n.1.) Plaintiffs' complaint names several additional defendants, including Daimler AG. They served Daimler AG through the Hague Convention.

### B. Daimler AG Is an Alien Defendant

Daimler AG is an *Aktiengesellschaft*, or German stock company, with its "seat" or effective place of business in Stuttgart, Germany. Effective place of business is the German corporate law equivalent of the American principal place of business. Thus, Daimler AG is governed by German law. (Hecht Decl. ¶ 2.)

### C. Daimler AG Does Not Do Business in California

Daimler AG does not have and never has had any officers, employees, or agents stationed to work for it in California. It does not maintain any office, agency or representative in California. No one is authorized by Daimler AG to accept service of process in California, nor has Daimler AG ever appointed an agent for service of process in California. (*Id.* ¶ 5.)

Daimler AG does not conduct advertising or solicitation activities in California, nor does it operate any sales or service network in California. Daimler AG does not have and never has had California bank accounts. It does not now own, nor has it ever owned, used or possessed California real estate. It has never paid California taxes. (*Id.* ¶ 6.)

Daimler AG does not do business in California. Any sales of products manufactured by Daimler AG in Germany that took place in California involved products distributed and sold in California by companies separate and distinct from Daimler AG. (*Id.* ¶¶ 5-9.)

### D. Daimler AG Did Not Design, Manufacture or Distribute the 1998 Jeep Cherokee Vehicle at Issue Here

Daimler AG, which designs and manufactures Mercedes-Benz vehicles, did not design, manufacture or distribute the vehicle at issue in this lawsuit. (*Id.* ¶¶ 2, 4.) Rather, the vehicle at issue here, a 1998 Jeep Cherokee, was designed, manufactured and distributed by Chrysler. (*Id.* ¶ 4 & n.1.) The vehicle was manufactured on April 30, 1998, and shipped for sale to an independent Jeep dealership on May 1, 1998. (Singer Decl. ¶¶ 2-3 & Ex. A.)

Chrysler has at all relevant times been a Delaware corporation with its headquarters in Michigan. (Hecht Decl. ¶ 3.) At the time Chrysler placed this vehicle on the market in May of 1998, it had no affiliation with Daimler AG. (*Id.* ¶ 3; Declaration of Jonathan Yank (Docket No. 14) ("Yank Decl.") ¶ 3 & Ex. B.) For a period of time afterwards, beginning in November of 1998, Chrysler became an indirect subsidiary of Daimler AG, although that is no longer the case. (Hecht Decl. ¶¶ 2-3 & n.1; Yank Decl. ¶ 3 & Ex. B.) But even as an indirect subsidiary, Chrysler was and always has been a separate and distinct corporate entity. (Hecht Decl. ¶ 3.) Consequently, Daimler AG not only has no significant contact with California; it also has no significant contact with this lawsuit.

### III. PLAINTIFFS CANNOT ESTABLISH THE REQUIRED CONSTITUTIONAL BASES FOR EXERCISING PERSONAL JURISDICTION OVER DAIMLER AG

"When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1194 (9th Cir. 1988) (citing *Cubbage v. Merchent*, 744 F.2d 665, 667 (9th Cir. 1984)). "To exercise personal jurisdiction over a nonresident defendant [such as Daimler AG], 'due process requires . . . certain minimum contacts with [the forum] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Pacific Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This test requires "that individuals have fair warning that a particular activity may subject [them] to the jurisdiction of a foreign

sovereign," and is specifically intended to "give[] a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985).

In the normal case, to meet their burden, plaintiffs would need to "produce[] admissible evidence, which, if believed, would be sufficient to establish the existence of personal jurisdiction." *Pinnacle Sys., Inc. v. XOS Technologies, Inc.*, 2003 WL 21397845, at *8 (N.D. Cal. 2003). Plaintiffs' burden is higher in this case, however. It is undisputed that Daimler AG is an alien. And it is well settled that "litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." *Sinatra*, 854 F.2d at 1199 (citing *FDIC v. British-American Ins. Co.*, 828 F.2d 1439, 1444 (9th Cir. 1987)); *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993). "Great care and reserve should be exercised when extending [U.S.] notions of personal jurisdiction into the international field." *Asahi*, 480 U.S. at 115. Where foreign defendants are involved, the interests of other nations "as well as the Federal interest in Government's foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." *Id.*

To survive this motion to dismiss, plaintiffs need to establish either "specific jurisdiction" or "general jurisdiction" over Daimler AG in California. *See, e.g., Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004). As demonstrated below, plaintiffs cannot establish either type of jurisdiction. Thus, the motion to dismiss should be granted.

    **A.**    **Daimler AG Is Not Subject to General Jurisdiction in California Because It Does Not Have Substantial, Continuous and Systematic Contacts with California**

If general jurisdiction exists, the defendant can be sued in the forum on any cause of action, regardless of whether that cause of action arises out of or is related to the

defendant's contacts with the forum. *Schwarzenegger*, 374 F.3d at 801. Accordingly, "[f]or general jurisdiction to exist over a nonresident defendant . . . , the defendant must engage in 'continuous and systematic general business contacts.' that 'approximate physical presence' in the forum state." *Id.* (citations omitted). "This is an exacting standard," *id.*, and for this reason courts "regularly have declined to find general jurisdiction even where contacts were quite extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.* 1 F.3d 848, 851 n.3 (9th Cir. 1993); *see Helicopteros Nacionales de Colombia*, 466 U.S. 408 (1984) (no general jurisdiction in Texas over Columbian helicopter corporation even though it negotiated multimillion dollar contract in Texas, purchased 80% of its helicopters from Texas manufacturer, sent pilots, management and maintenance personnel to Texas for training, sent pilots to ferry out helicopters from Texas, and drew millions of dollars from Texas bank); *Schwarzenegger*, 374 F.3d at 801 (no general jurisdiction in California over Ohio auto dealership that purchased vehicles imported through California, entered into contracts containing California choice-of-law provisions, retained services of California-based marketing company, hired California sales training company, and maintained website accessible in California). Daimler AG does not have substantial, continuous and systematic contacts with California.

In *Von Grabe v. Sprint PCS*, 312 F. Supp. 2d 1285 (S.D. Cal. 2003), the plaintiff argued that California could exercise general jurisdiction over the Sprint Corporation, a Kansas corporation with its headquarters in Kansas. The court held, in terms equally applicable to Daimler AG:

> Defendant Sprint Corporation claims that it does no actual business in California, has never done business in California, does not own property in California, does not have an office in California, and is not registered to conduct business in California. Defendant Sprint Corporation further contends that it does not have officers or employees in California. *Such lack of contacts generally are held sufficient to successfully challenge the exercise of general jurisdiction.* See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 [1984] . . . .

*Id.* at 1295 (emphasis added). Like Sprint, Daimler AG is neither incorporated nor has its headquarters in California. (*See* Hecht Decl. ¶ 2 [Daimler AG is a German company with

its headquarters in Germany].) Also like the American corporation Sprint, the German stock company Daimler AG:

- does not do business in California. It does not conduct advertising or solicitation activities in California, nor does it operate any sales or service network in California. (*Id.* ¶¶ 5, 6);
- does not have and never has had California bank accounts. It does not now own, nor has it ever owned, used or possessed California real estate. It has never paid California taxes. (*Id.* ¶ 6);
- does not maintain any office, agency, or representative in the State of California. It does not have and never has had any officers, employees, or agents stationed to work for it in California. (*Id.* ¶ 5);
- and, has not authorized anyone to accept service of process in California. (*Id.*)

As *Von Grabe* establishes, under the Supreme Court's jurisprudence, this lack of contacts is "sufficient to successfully challenge the exercise of general jurisdiction." 312 F. Supp. 2d at 1295 (citing *Helicopteros*, 466 U.S. at 416); *see also Cornelison v. Chaney*, 16 Cal. 3d 143, 148-49 (1976) (general jurisdiction requires truly pervasive contacts, such as establishment of "virtually all [of defendant's] administrative functions within the forum state" or, under the facts there, "substantial purchases of airplanes in California, some 30 local employees, and other local business operations").

Plaintiffs cannot establish that Daimler AG has continuous and systematic contacts with California. The evidence is firmly to the contrary. This Court therefore does not have general jurisdiction over Daimler AG.

**B.    There Is No Basis for Specific Jurisdiction Over Daimler AG in This Case Because, Among Other Things, Daimler AG Did Not Make or Sell the Vehicle at Issue.**

The United States Supreme Court has established a two-prong test for determining whether constitutional minimum contacts exist sufficient for the exercise of specific personal jurisdiction. First, the defendant must have "purposefully directed his activities at residents of the forum." *Burger King*, 471 U.S. at 472. Second, the litigation must have resulted from injuries that "arise out of or relate to" the defendant's activities in the forum state. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Schwarzenegger*, 374 F.3d at 802.

1    For all of the same reasons offered above in connection with the discussion of
2    general jurisdiction, plaintiffs cannot demonstrate that Daimler AG has "purposefully
3    directed [its] activities at residents of [California]." *Burger King,* 471 U.S. at 472.
4    Specifically, Daimler AG does not have a presence in California; it does not do business
5    in California; and it does not direct any of its activities towards California. (Hecht Decl.
6    ¶¶ 5-8.) The subject accident in this case did not even allegedly occur in California, but
7    rather in Idaho. (Compl. ¶ 8.) In any event, to the extent Daimler AG manufactures
8    products that are ultimately sold in California, those products are distributed to and sold in
9    California by companies separate and distinct from Daimler AG. (Hecht Decl. ¶¶ 2, 7-9.)
10   In other words, this Court would lack personal jurisdiction even if Daimler AG had made
11   or sold the motor vehicle at issue in this case. In a product liability case like the present
12   one, however, for there even to be consideration of whether the defendant "purposefully
13   directed" its activities towards the forum, and whether the injuries arose out of this
14   conduct, the defendant must at least have placed the product at issue into the stream of
15   commerce. *Asahi,* 480 U.S. at 112.

16   Daimler AG did not put the product into the stream of commerce—it did not
17   design or manufacture the vehicle at issue in this lawsuit and did not sell the vehicle to
18   plaintiff or to anyone else. (Hecht Decl. ¶ 4.) The 1998 Jeep Cherokee vehicle was
19   designed, manufactured and distributed by another company, Chrysler. (*Id.*) At all relevant
20   times, Chrysler was a Delaware corporation with its headquarters in Michigan. (*Id.* ¶ 3.) At
21   the time it manufactured and distributed this vehicle, Chrysler was not affiliated with
22   Daimler AG or any predecessor. (*Id.* ¶¶ 2-3 & n.1; Singer Decl. ¶¶ 2-3 & Ex. A; Yank
23   Decl. ¶ 3 & Ex. B.) Afterwards, for a period of time now ended, Chrysler became an
24   indirect subsidiary of Daimler AG, but Daimler AG did not design, manufacture or
25   distribute this or any other Jeep Cherokee. (Hecht Decl ¶¶ 3, 4.) Rather, Daimler AG
26   designs, manufactures and distributes Mercedes-Benz and other vehicles. (*Id.* ¶ 2.)

27   As is also explained in the Declaration of Mr. Hecht, because Chrysler was at all
28   times an independent U.S. corporation, any contacts it might have with California cannot

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391595.1                -8-
MPA ISO DAIMLER AG'S RENEWED MOTION TO DISMISS (NO. 3:07CV03258-SC)

legally be attributed to Daimler AG, even when Chrysler was an indirect subsidiary. (*Id.* ¶ 3.) "It is well settled that '[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction on the basis of the subsidiaries' minimum contacts with the forum.'" *U.S. Vestor, LLC v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057 (N.D. Cal. 2003) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001)); *Von Grabe*, 312 F. Supp. 2d at 1295-97. Thus, Daimler AG's former indirect ownership interest in Chrysler cannot establish a basis for personal jurisdiction; the Court must focus on Daimler AG's own specific contacts with the State of California. *Asahi*, 480 U.S. at 109 (jurisdiction improper unless there are "actions by the defendant himself that create a 'substantial connection' with the forum State").

Accordingly, Daimler AG does not have the requisite minimum contacts with California to support either general or specific jurisdiction over Daimler AG in this case.

    **C.    The Assertion of Personal Jurisdiction Would Not Comport with "Fair Play and Substantial Justice"**

Even assuming plaintiffs could prove that Daimler AG had the requisite minimum contacts with California required for either general or specific jurisdiction, it is still necessary, as an independent requirement, that "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 269 (2002). Failure to meet this "reasonableness" requirement alone makes personal jurisdiction improper. *See, e.g., Burger King*, 471 U.S. at 471-72.

The burden of defending an action within a particular forum is generally "the primary concern" in determining whether an exercise of jurisdiction is reasonable. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980). "If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury." *Insurance Co. of North Am. v. Cruz*, 649 F.2d 1266, 1272 (9th Cir. 1981). This factor takes on special importance where—as here—plaintiffs seek to establish jurisdiction with respect to the resident of a foreign country. *See, e.g., Asahi*, 480 U.S. at 115 (where foreign defendants are involved, "[the interests of other nations], as well

as the Federal interest in its foreign relations policies, will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and of an unwillingness to find the serious burdens on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State.").

Plaintiffs have sued the U.S. designer, manufacturer, and distributor of the vehicle in question, Chrysler, which has not contested jurisdiction. Chrysler, not Daimler AG, has the relevant contacts with California and this lawsuit, and it therefore is the "natural and logical defendant in this cause." *See Samuels v. BMW of North Am., Inc.*, 554 F. Supp. 1191, 1194 (E.D. Tex. 1983). As the distributor of the vehicle to California, Chrysler has purposely directed its activities towards this jurisdiction and does not dispute that it is subject to this Court's jurisdiction. Conversely, even when it was the indirect parent of Chrysler, Daimler AG has always structured its activities so as to avoid being subject to suit here. (Hecht Decl. ¶¶ 5-10.) This fact is significant, because the main focus of the jurisdiction analysis is to provide "clear notice" and certainty to corporations in the structuring of their legal affairs. *Pavlovich*, 29 Cal. 4th at 269 (quoting *World-Wide Volkswagen Corp*, 444 U.S. at 297); *see, e.g., Burger King*, 471 U.S. at 471-72 (permissible to structure corporate affairs to avoid the burden and expense of a foreign lawsuit).

It is especially unreasonable to drag a German stock company, Daimler AG, into a California court to defend a vehicle it did not design, manufacture or distribute, particularly when the company that did design, manufacture and distribute the vehicle is already a defendant subject to the Court's jurisdiction. Even leaving Daimler AG's lack of minimum contacts aside, then, the unreasonableness of plaintiffs' effort to bring Daimler AG into this lawsuit establishes an independent basis to grant this motion.

## IV.    CONCLUSION

Daimler AG is a German stock company lacking the requisite minimum contacts with California or this litigation. As permitted, it has structured its corporate dealings to avoid the burden and expense of a California lawsuit. Moreover, plaintiffs have already sued the relevant parties subject to jurisdiction in California, including

1  Chrysler LLC, among others.  Daimler AG's motion to dismiss should therefore be
2  granted.
3      Dated: January 29, 2008    Respectfully submitted,
4                                        CARROLL, BURDICK & McDONOUGH LLP

By /S/
    David M. Rice
Attorneys for Specially Appearing Defendant
DAIMLER AG