1  Justs N. Karlsons, No. 042899
   Matthew J. Kemner, No. 188124
2  David M. Rice, No. 131064
   Jonathan Yank, No. 215495
3  **CARROLL, BURDICK & McDONOUGH LLP**
   Attorneys at Law
4  44 Montgomery Street, Suite 400
   San Francisco, CA  94104
5  Telephone:    415.989.5900
   Facsimile:    415.989.0932
6  Email:        jkarlsons@cbmlaw.com
                 mkemner@cbmlaw.com
7                drice@cbmlaw.com
                 jyank@cbmlaw.com
8

9  Attorneys for Specially Appearing Defendant
   DAIMLER AG (formerly known as DaimlerChrysler AG)
10
                 UNITED STATES DISTRICT COURT
11
              NORTHERN DISTRICT OF CALIFORNIA
12
                   SAN FRANCISCO DIVISION
13

14 SHELLEY P. ROBINSON, et al.,            No. 3:07cv03258-SC

15           Plaintiffs,                   **SPECIALLY APPEARING
                                           DEFENDANT DAIMLER AG'S
16     v.                                  ANSWER TO COMPLAINT FOR
                                           PERSONAL INJURY AND DAMAGES**
17 DAIMLERCHRYSLER AG, et al.,
                                           **DEMAND FOR JURY TRIAL**
18           Defendants.
                                           Complaint Filed: 5/11/07
19                                         Trial Date:      1/12/09

20         Defendant Daimler AG (formerly known as "DaimlerChrysler AG"), for

21 itself and itself only, without waiving its challenge to personal jurisdiction previously

22 filed in this case, and in answer to the Complaint for Personal Injury and Damages

23 ("Complaint") filed by plaintiffs, denies and alleges as follows:

24              **ANSWER TO FACTUAL ALLEGATIONS**

25     1.      Daimler AG lacks knowledge or information sufficient to form a belief as to

26 the truth of the allegations contained in paragraph 1 and, on that basis, denies them.

27     2.      Daimler AG lacks knowledge or information sufficient to form a belief as to

28 the truth of the allegations contained in paragraph 2 and, on that basis, denies them.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

3.      In regard to the allegations of paragraph 3, Daimler AG denies, with respect to the events and transactions alleged in plaintiffs' Complaint, that any other defendant was a duly authorized agent, servant, and/or employee of it, or acted in any manner or degree with its consent, permission, authorization, and/or ratification.  Daimler AG further denies, with respect to the events and transactions alleged in plaintiffs' Complaint, that it was the duly authorized agent, servant, or employee of any other defendant, or acted in any manner or degree with the consent, permission, authorization, and/or ratification or any other defendant.  Daimler AG also denies acting with negligence in regard to the selection, hiring, and/or supervision of its agent, servant, employee, and/or independent contractor, if any there were.  Daimler AG admits that it had an indirect shareholder interest in DaimlerChrysler Motors Company LLC and DaimlerChrysler Corporation, but denies that either entity was the alter ego of Daimler AG and further denies that Daimler AG exercised control over either entity, except for such inherent rights incident to its indirect shareholder interest.  Daimler AG further denies that it was the successor in interest to the assets and liabilities of DaimlerChrysler Motors Company LLC or DaimlerChrysler Corporation.  Daimler AG denies that it is has ever acted as the alter ego of any other entity and that any other entity has ever acted as its alter ego for any purpose. Daimler AG also denies, with respect to the events and transactions alleged in plaintiffs' Complaint, that it is liable to plaintiffs for the acts and/or omissions of any other defendant or business entity, or that plaintiffs are entitled to any relief whatsoever. Daimler AG otherwise denies the allegations of paragraph 3.

4.      With regard to the allegations of paragraph 4, Daimler AG admits that it is an *Aktiengesellschaft*, or German stock company, organized and existing under the laws of Germany.  Daimler AG denies that it is engaged in the business of designing, manufacturing, or distributing Jeep Cherokee vehicles like the one at issue in this lawsuit for any purpose, but admits that it does design, manufacture, and distribute unrelated Mercedes-Benz vehicles within the Federal Republic of Germany.  Daimler AG denies that it distributes or sells motor vehicles directly to any person or entity in the United

1   States, including California, and further denies that it has any intent to distribute or sell

2   motor vehicles directly to any person or entity in the United States, including California.

3   Daimler AG denies that it conducts business in California, that it has purposefully availed

4   itself of the privilege of conducting business activities in California, and that it has availed

5   itself of the benefits and protections of California laws.  Daimler AG otherwise denies the

6   allegations of paragraph 4.

7       5.      Daimler AG admits that DaimlerChrysler Motors Company LLC was, at one

8   point, a Delaware limited liability company.   Daimler AG is informed and believes that

9   this entity is now known as Chrysler Motors LLC, a Delaware limited liability company.

10   Daimler AG lacks knowledge or information sufficient to admit the truth of the remaining

11   allegations contained in paragraph 5 and, on that basis, denies them.

12      6.      Daimler AG admits that DaimlerChrysler Corporation was, at one point, a

13   Delaware corporation.  Daimler AG is informed and believes that this entity is now

14   known as Chrysler LLC, a Delaware limited liability company.  Daimler AG lacks

15   knowledge or information sufficient to admit the truth of the remaining allegations

16   contained in paragraph 6 and, on that basis, denies them.

17      7.      Daimler AG denies that it is engaged in the business of designing,

18   manufacturing, distributing, or taking any other action of the type alleged in Paragraph 7

19   with respect to Jeep Cherokee vehicles like the one at issue in this lawsuit for any

20   purpose, but admits that it does design, manufacture, and sell unrelated Mercedes-Benz

21   vehicles and their component parts within the Federal Republic of Germany.  All other

22   allegations of paragraph 7 pertaining to Daimler AG are denied.  Daimler AG lacks

23   knowledge or information sufficient to form a belief as to the truth of the remaining

24   allegations in paragraph 7 and, on that basis, denies them.

25      8.      Daimler AG lacks knowledge or information sufficient to form a belief as to

26   the truth of the allegations contained in paragraph 8 and, on that basis, denies them.

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2          -3-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER TO FIRST CAUSE OF ACTION
### (Shelley R. Robinson)

### First Count
### (Negligence)

9.    Daimler AG reasserts and reincorporates its answers to paragraphs 2 through 8 as though fully set forth herein.

10.    The allegations of paragraph 10 are denied as to Daimler AG with respect to Jeep Cherokee vehicles like the one at issue in the Complaint.  Daimler AG denies that it owed any duty of the type alleged in paragraph 10 to plaintiffs.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 and, on that basis, denies them.

11.    The allegations of paragraph 11 are denied as to Daimler AG.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11 and, on that basis, denies them.

12.    The allegations of paragraph 12 are denied as to Daimler AG.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and, on that basis, denies them.

13.    The allegations of paragraph 13 are denied as to Daimler AG.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and, on that basis, denies them.

14.    The allegations of paragraph 14 are denied as to Daimler AG.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and, on that basis, denies them.

15.    The allegations of paragraph 15 are denied as to Daimler AG.  Daimler AG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15 and, on that basis, denies them.

CBM-MERCEDES\SF391586.2

-4-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**                    (NO. 3:07CV03258-SC)

1

2

**Second Count**
**(Strict Liability)**

3    16.    Daimler reasserts and reincorporates its answers to paragraphs 2 through 8 as

4    though fully set forth herein.

5    17.    Daimler AG denies that it had any role, in any manner or degree, in the

6    design, manufacture, distribution, or sale of the vehicle that is the subject of the

7    Complaint or its component parts.  Daimler AG further denies that the vehicle that is the

8    subject of the Complaint or its component parts were ever in its possession.  The

9    allegations of paragraph 17 are therefore denied as to Daimler AG.  Daimler AG lacks

10    knowledge or information sufficient to form a belief as to the truth of the remaining

11    allegations in paragraph 17 and, on that basis, denies them.

12    18.    Daimler AG lacks knowledge or information sufficient to form a belief as to

13    the truth of the allegations in paragraph 18 and, on that basis, denies them.

14    19.    Daimler AG lacks knowledge or information sufficient to form a belief as to

15    the truth of the allegations in paragraph 19 and, on that basis, denies them.

16

17

**Third Count**
**(Breach of Warranty)**

18    20.    Daimler reasserts and reincorporates its answers to paragraphs 2 through 8 as

19    though fully set forth herein.

20    21.    The allegations of paragraph 21 are denied as to Daimler AG.  Daimler AG

21    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

22    allegations in paragraph 21 and, on that basis, denies them.

23    22.    The allegations of paragraph 22 are denied as to Daimler AG.  Daimler AG

24    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25    allegations in paragraph 22 and, on that basis, denies them.

26    23.    The allegations of paragraph 23 are denied as to Daimler AG.  Daimler AG

27    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

28    allegations in paragraph 23 and, on that basis, denies them.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                                                    -5-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

1  24.  The allegations of paragraph 24 are denied as to Daimler AG.  Daimler AG

2  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

3  allegations in paragraph 24 and, on that basis, denies them.

4  25.  Daimler AG lacks knowledge or information sufficient to form a belief as to

5  the truth of the allegations in paragraph 25 and, on that basis, denies them.

6  **ANSWER TO SECOND CAUSE OF ACTION**
   **(Elizaveta M. Hunsinger)**

7

8  **First Count**
   **(Negligence)**

9  26.  Daimler reasserts and reincorporates its answers to paragraphs 1 through 8 as

10  though fully set forth herein.

11  27.  The allegations of paragraph 27 are denied as to Daimler AG with respect to

12  Jeep Cherokee vehicles like the one at issue in the Complaint.  Daimler AG denies that it

13  owed any duty of the type alleged in paragraph 27 to plaintiffs.  Daimler AG lacks

14  knowledge or information sufficient to form a belief as to the truth of the remaining

15  allegations in paragraph 27 and, on that basis, denies them.

16  28.  The allegations of paragraph 28 are denied as to Daimler AG.  Daimler AG

17  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

18  allegations in paragraph 28 and, on that basis, denies them.

19  29.  The allegations of paragraph 29 are denied as to Daimler AG.  Daimler AG

20  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

21  allegations in paragraph 29 and, on that basis, denies them.

22  30.  The allegations of paragraph 30 are denied as to Daimler AG.  Daimler AG

23  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

24  allegations in paragraph 30 and, on that basis, denies them.

25  31.  The allegations of paragraph 31 are denied as to Daimler AG.  Daimler AG

26  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

27  allegations in paragraph 31 and, on that basis, denies them.

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2        -6-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**        (NO. 3:07CV03258-SC)

1       32.    The allegations of paragraph 32 are denied as to Daimler AG.  Daimler AG

2   lacks knowledge or information sufficient to form a belief as to the truth of the allegations

3   in paragraph 32 and, on that basis, denies them.

4

5
**Second Count**<br>**(Strict Liability)**

6       33.    Daimler reasserts and reincorporates its answers to paragraphs 1 through 8 as

7   though fully set forth herein.

8       34.    Daimler AG denies that it had any role, in any manner or degree, in the

9   design, manufacture, distribution, or sale of the vehicle that is the subject of the

10  Complaint or its component parts.  Daimler AG further denies that the vehicle that is the

11  subject of the Complaint or its component parts were ever in its possession.  The

12  allegations of paragraph 34 are therefore denied as to Daimler AG.  Daimler AG lacks

13  knowledge or information sufficient to form a belief as to the truth of the remaining

14  allegations in paragraph 34 and, on that basis, denies them.

15      35.    Daimler AG lacks knowledge or information sufficient to form a belief as to

16  the truth of the allegations in paragraph 35 and, on that basis, denies them.

17      36.    Daimler AG lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations in paragraph 36 and, on that basis, denies them.

19

20
**Third Count**<br>**(Breach of Warranty)**

21      37.    Daimler reasserts and reincorporates its answers to paragraphs 1 through 8 as

22  though fully set forth herein.

23      38.    The allegations of paragraph 38 are denied as to Daimler AG.  Daimler AG

24  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

25  allegations in paragraph 38 and, on that basis, denies them.

26      39.    The allegations of paragraph 39 are denied as to Daimler AG.  Daimler AG

27  lacks knowledge or information sufficient to form a belief as to the truth of the remaining

28  allegations in paragraph 39 and, on that basis, denies them.

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2      -7-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**    **(NO. 3:07CV03258-SC)**

1    40.    The allegations of paragraph 40 are denied as to Daimler AG.  Daimler AG

2    lacks knowledge or information sufficient to form a belief as to the truth of the remaining

3    allegations in paragraph 40 and, on that basis, denies them.

4    41.    Daimler AG lacks knowledge or information sufficient to form a belief as to

5    the truth of the allegations in paragraph 41 and, on that basis, denies them.

6    42.    Daimler AG lacks knowledge or information sufficient to form a belief as to

7    the truth of the allegations in paragraph 42 and, on that basis, denies them.

8

9    **FOR ITS AFFIRMATIVE DEFENSES TO EACH CAUSE OF ACTION, WHILE**

10   **SPECIFICALLY DENYING ANY LIABILITY TO PLAINTIFFS OR ANYONE,**

11   **DAIMLER AG ALLEGES AS FOLLOWS:**

12

13   **FIRST AFFIRMATIVE DEFENSE**
     **(Failure to State a Claim)**

14   1.    The Complaint fails to state a claim on which relief may be granted against

15   Daimler AG.

16

17   **SECOND AFFIRMATIVE DEFENSE**
     **(Statute of Limitations)**

18   2.    On information and belief, plaintiffs' Complaint is barred by the applicable

19   statute of limitations pursuant to Code Civil Procedure sections 337, 338, 339, 340, 340.2,

20   343, 353.1, and/or 474, and California Commercial Code section 2725.

21

22   **THIRD AFFIRMATIVE DEFENSE**
     **(Lack of Personal Jurisdiction)**

23   3.    This court lacks personal jurisdiction over Specially-Appearing Defendant

24   Daimler AG, and the assertion of personal jurisdiction over it in this case would violate

25   the California and United States Constitutions.

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2            -8-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**            (NO. 3:07CV03258-SC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FOURTH AFFIRMATIVE DEFENSE**
**(Assumption of Risk)**

4.     On information and belief, plaintiffs voluntarily, knowingly, and unreasonably entered into and engaged in the operations and conduct alleged in plaintiffs' Complaint and voluntarily and knowingly assumed all alleged risks incident to said operations, acts and conduct at the time and places alleged in plaintiffs' Complaint.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Follow Warnings)**

5.     On information and belief, plaintiffs were advised, informed, and warned of any potential hazards and/or dangers, if any there were, associated with the normal or foreseeable use, handling, and storage of the products, substances, and equipment described in plaintiffs' Complaint and plaintiffs failed to follow such warnings.

**SIXTH AFFIRMATIVE DEFENSE**
**(Comparative Fault / Fault of Others)**

6.     The losses and damages complained of by plaintiffs, if any, were proximately caused by the negligence, acts, omissions and/or fault of plaintiffs and parties, individuals, or entities other than this Daimler AG.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Willful Misconduct)**

7.     On information and belief, plaintiffs were guilty of willful misconduct that proximately contributed to the occurrences complained of in plaintiffs' Complaint and the damage alleged to have been suffered therein, and plaintiffs are therefore precluded from comparing such conduct with the alleged negligence or fault of this answering defendant, if any there was.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Proposition 51)**

8.     There are other persons, parties and/or defendants who are at fault and proximately caused plaintiffs' injuries, if any.  If this answering defendant is responsible

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                                    -9-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**                    **(NO. 3:07CV03258-SC)**

1  to plaintiffs, which responsibility is expressly denied, this answering defendant is only

2  liable for its proportionate share of non-economic damages, if any, as set forth in Civil

3  Code section 1431.2.

4

5  **NINTH AFFIRMATIVE DEFENSE**
**(Ratification and Consent)**

6  9.    On information and belief, at all times mentioned in the plaintiffs'

7  Complaint, plaintiffs acknowledged, ratified, consented to, and acquiesced in the alleged

8  acts or omissions, if any, of this answering defendant, thereby barring plaintiffs from any

9  relief as prayed for herein.

10

11  **TENTH AFFIRMATIVE DEFENSE**
**(Altered Condition)**

12  10.    On information and belief, the product that allegedly injured plaintiffs was

13  altered, changed, or otherwise modified by parties, individuals, or entities other than this

14  defendant, and said modifications, changes or alterations were the proximate cause of the

15  damages alleged by plaintiffs, if any.

16

17  **ELEVENTH AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

18  11.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of

19  unclean hands and similar rules requiring plaintiffs to do equity to obtain relief.

20

21  **TWELFTH AFFIRMATIVE DEFENSE**
**(Waiver / Acquiescence / Laches / Estoppel)**

22  12.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines

23  of waiver, acquiescence, laches and/or estoppel, in that, including without limitation,

24  plaintiffs unreasonably delayed in bringing their claims.

25

26  **THIRTEENTH AFFIRMATIVE DEFENSE**
**(Workers' Compensation — Exclusive Remedy)**

27  13.    The Court lacks subject matter jurisdiction over the matters alleged in

28  plaintiffs' Complaint because said Complaint is barred by the exclusive-remedy

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                    -10-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

1   provisions of California Labor Code section 3601 *et seq.*  At the time of the injuries

2   alleged in plaintiffs' Complaint, plaintiffs were employed and were entitled to receive

3   worker's compensation benefits from their employers; that all of plaintiffs' employers,

4   other than this answering defendant if applicable, were negligent in and about the matters

5   referred to in plaintiffs' Complaint; that such negligence on the part of said employers

6   proximately and concurrently contributed to the happening of the accident and to the loss

7   or damage complained of by plaintiffs, if any there were; and that by reason thereof, this

8   answering defendant is entitled to set off any such benefits to be received by plaintiffs

9   against any judgment which may be rendered in favor of plaintiffs.

10

11
                         **FOURTEENTH AFFIRMATIVE DEFENSE**
                              **(Failure to Mitigate)**

12      14.    Plaintiffs' claims are barred, in whole or in part, because plaintiffs failed to

13   mitigate their damages and/or took unreasonable, unnecessary, and/or unduly expensive

14   actions in purported mitigation, and Daimler AG is not responsible therefore.

15

16
                         **FIFTEENTH AFFIRMATIVE DEFENSE**
                            **(Accord and Satisfaction)**

17      15.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord

18   and satisfaction.

19

20
                         **SIXTEENTH AFFIRMATIVE DEFENSE**
                                 **(Release)**

21      16.    Plaintiffs' claims are barred, in whole or in part, by release of those claims.

22

23
                        **SEVENTEENTH AFFIRMATIVE DEFENSE**
                              **(Misuse and Abuse)**

24      17.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of misuse.

25   Upon information and belief, any alleged defects or nonconformities in the subject

26   product were caused solely and exclusively by misuse, abuse, and failure to use the

27   product in the manner in which it was intended and by a failure to follow instructions

28   regarding the product.  Such misuse, abuse, and failure to follow instructions on the part

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                     -11-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

1    of plaintiffs and parties, individuals, and entities other than this answering defendant,

2    proximately caused or contributed to the damages complained of, if any there were.

3

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Warranty Coverage)

4

5    18.    The alleged defect or nonconformity at issue, and any alleged damage

6    resulting from the alleged defect or nonconformity at issue, were and are expressly

7    excluded from and otherwise not covered by the express written limited warranty

8    applicable to the subject product.

9

### NINETEENTH AFFIRMATIVE DEFENSE
### (No Warranty)

10

11    19.    This answering defendant gave no warranties, either express or implied, to

12    plaintiffs, and neither plaintiffs nor anyone else ever notified this answering defendant of

13    any claim of breach of warranty resulting in plaintiffs' alleged injuries.

14

### TWENTIETH AFFIRMATIVE DEFENSE
### (Lack of Privity)

15

16    20.    Plaintiffs' claims for breach of implied warranty are barred by a lack of

17    privity between plaintiffs and this answering defendant.

18

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Intervening/Superseding Acts)

19

20    21.    No act or omission of this answering defendant substantially contributed to

21    or was a substantial cause in bringing about the occurrence, damage, or loss alleged in

22    plaintiffs' Complaint, including any defect or nonconformity in the subject product.  This

23    answering defendant further alleges that any act or omission of this defendant was

24    superseded by the acts or omissions of plaintiffs and/or by the acts or omission of other

25    persons or entities, which acts or omissions were the independent, intervening, and

26    proximate cause(s) of the incident, damage, loss defects, and/or nonconformities alleged

27    in this action.

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                            -12-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)

1

2

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Justiciability)

3      22.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of

4   ripeness, mootness, primary jurisdiction, failure to exhaust remedies, and/or other

5   justiciability doctrines.

6

7

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Spoliation of Evidence)

8      23.     On information and belief, plaintiffs and/or their agents negligently and/or

9   intentionally failed to preserve and permitted the spoliation of material evidence

10  including, but not limited to, the product which plaintiffs allege gave rise to the damages

11  alleged in the Complaint.  Such conduct bars this action and/or gives rise to liability on

12  the part of plaintiffs for damages payable to this defendant.

13

14

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Vagueness of Defect Standard)

15      24.     The State of California's judicially created definitions of "manufacturing"

16  and "design defects" and the standards for determining whether there has been an

17  actionable failure to warn are unconstitutional in that, among other things, they are void

18  for vagueness and place an undue burden upon interstate commerce, as well as constitute

19  an impermissible effort to regulate in an area that has previously been preempted by the

20  federal government.

21

22

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

23      25.     The Complaint fails to describe the claims asserted against Daimler AG

24  with sufficient particularity to permit Daimler AG to ascertain what other defenses may

25  exist.  Daimler AG therefore reserves the right to assert all defenses that may pertain to

26  the Complaint once the precise nature of such claims has been ascertained.

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                    -13-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                        (NO. 3:07CV03258-SC)

1    **WHEREFORE**, Daimler AG prays that judgment be entered as follows:

2        1.    That plaintiffs take nothing by reason of plaintiffs' Complaint on file

3    herein;

4        2.    For judgment in favor of this answering defendant and against plaintiffs

5    on each and every cause of action of plaintiffs' Complaint;

6        3.    That this answering defendant be awarded its cost of suit, including its

7    attorneys fees;

8        4.    That this answering defendant be awarded appropriate credits and setoffs

9    arising out of any payment of worker's compensation benefits as alleged above; and

10        5.    That this answering defendant be awarded such other and further relief as

11    the Court may deem proper and equitable.

12

13        Dated:  January 29, 2008        Respectfully submitted,

14                                        CARROLL, BURDICK & McDONOUGH LLP

15

16                                        By _____ / s / _____
                                                        Matthew J. Kemner
17                                        Attorneys for Specially-Appearing Defendant
                                          Daimler AG
18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                           -14-

**SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER**                  (NO. 3:07CV03258-SC)

1

**DEMAND FOR JURY TRIAL**

2     Daimler AG demands trial by jury in this action of all issues properly triable by

3     jury.

4          Dated:  January 29, 2008        Respectfully submitted,

5                                          CARROLL, BURDICK & McDONOUGH LLP

6

7                                          By _____ / s / _____

8                                                       Matthew J. Kemner
                                           Attorneys for Specially-Appearing Defendant
9                                          Daimler AG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF391586.2                    -15-

SPECIALLY APPEARING DEFENDANT DAIMLER AG'S ANSWER                    (NO. 3:07CV03258-SC)