R. Lewis Van Blois, sbn 38912
Thomas C. Knowles, sbn 40899
Darren J. Van Blois, sbn 232583
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLEY R. ROBINSON; and
ELIZAVETA M. HUNSINGER, by and
through her Conservator IVAN J.
HUNSINGER

     Plaintiffs,

    v.

DAIMLERCHRYSLER AG;
DAIMLERCHRYSLER MOTORS
COMPANY LLC; DAIMLERCHRYSLER
CORPORATION; and DOES ONE through
FIFTY, inclusive,

    Defendants.

_____/

Case No. C 07-03258 SC

PROOF OF SERVICE OF PROCESS ON
DAIMLERCHRYSLER AG (now known as
"Daimler AG")

Proof of Service of Process          1



## AFFIDAVIT OF ACCURATE TRANSLATION

OREGON                    )

                                ) ss.

County of Multnomah     )

I declare that I, Celeste Ingalls, citizen of the United States, over the age of twenty-one, not a party to the issue in question, and having been duly sworn, depose and state the following:

I am Director of Operations for Crowe Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, specializing in providing accurate translation of legal, judicial, extra-judicial and general documents from the German language into the English language.

I do hereby swear, under oath and penalty of perjury under the laws of the United States of America and the State of California, that the attached English translation (Exhibit 1) is a true and accurate translation of the original German Hague Certificate of Service upon DaimlerChrysler AG (Exhibit 2).



SUBSCRIBED AND SWORN to before me this 31st day of January, 2008.

Notary Public for Oregon

OFFICIAL SEAL
NAO SAKAMOTO
NOTARY PUBLIC-OREGON
COMMISSION NO. 423984
MY COMMISSION EXPIRES DEC. 5, 2011

# CERTIFICATE

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

1)   that the document has been served*

---the (date)_____ 8/14/2007
---at (place, street, number) Mercedessstrasse 137, 70327 Stuttgart
_____

---in one of the following methods authorized by article 5---
  ☒ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.
  ☐ (b) in accordance with the following particular method*:_____
_____

  ☐ (c) by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:
---(Identity and description of person)_____ Annette Ruhland
---(relationship to the addressee (family, business or other):_____ Employed on premises (substituted service
pursuant to § 178 para. 1 no 2 Zivilprozssordnung (German rules of civil procedure)
_____

2) that the document has not been served, by reason of the following facts*"
_____
_____
_____
_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or
reimburse the expenses detailed in the attached statement*

Annexes
Documents returned:
Claim
Summons                                          Done at
Order to appoint international process server          Freiburg i. Br        , the
Notice to defendant                                             September 11, 2007
Case management statement
Settlement and decree
Information on alternative dispute resolution
(each in English with German Translation)
In appropriate cases, documents establishing the service:       Signature and/or stamp.

_____                            ┌──────────┐
_____                            │ Seal     │
_____            _____ │ of the   │
_____                            │ clerk    │
                                                            └──────────┘

*Delete if inappropriate.

Exhibit 1

# ZUSTELLUNGSZEUGNIS
### CERTIFICATE
### ATTESTATION

**Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,**
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention.

**1. dass der Antrag erledigt worden ist *)**
   that the document has been served *)
   que la demande a été exécutée *)

- **am (Datum)**      **14.08.2007**
   the (date)
   le (date)

- **in (Ort, Straße, Nummer)**      <u>Mercedesstrasse 137, 70327 Stuttgart.</u>
   at (place, street, number)
   à (localité, rue, numéro)

- **in einer der folgenden Formen nach Artikel 5:**
   in one of the following methods authorised by article 5:
   dans une des formes suivantes prévues à l'article 5:

   a)   **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a) *).**
        in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention *).
        selon les formes légales (article 5, alinéa premier, lettre a) *).

   b)   ~~in der folgenden besonderen Form *);~~
        ~~in accordance with the following particular method *);~~
        ~~selon la forme particulière suivante *);~~

   c)   ~~durch einfache Übergabe *);~~
        ~~by delivery to the addressee, who accepted it voluntarily *);~~
        ~~par remise simple *);~~

**Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:**
The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à:

- **(Name und Stellung der Person)**      **Anette Ruhland**
   (identity and description of person)
   (identité et qualité de la personne)

- **Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:**
   relationship to the addressee (family, business or other):
   liens de parenté, de subordination ou autres, avec le destinataire de l'acte:

**Anette Ruhland ist im Geschäftsraum beschäftigt (Ersatzzustellung nach § 178 Absatz 1 Nr. 2 Zivilprozessordnung).**

**2. ~~dass der Antrag aus folgenden Gründen nicht erledigt werden konnte *);~~**
   ~~that the document has not been served, by reason of the following facts *);~~
   ~~que la demande n'a pas été exécutée, en raison des faits suivants *);~~

~~Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten *).~~
~~In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement *).~~
~~Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint *).~~

**Anlagen**
Annexes
Annexes

<u>Klageschrift</u>
<u>Ladung</u>
<u>Verfügung über die Ernennung eines internationalen Zustellers</u>
<u>Mitteilung über Fallmanagement-Konferenz am 28.09.2007</u>
<u>Mitteilung an Beklagte</u>
<u>Fallmanagement-Erklärung</u>
<u>Einigung und Verfügung</u>
<u>Informationen für außergerichtliche Streitbeilegung</u>
-jeweils englisch mit deutscher Übersetzung-

**Zurückgesandte Schriftstücke:**
Documents returned:
Pièces renvoyées:

**Gegebenenfalls Erledigungsstücke:**
In appropriate cases, documents establishing the service:
Le cas échéant, les documents justificatifs de l'exécution:

**Ausgefertigt in Freiburg i. Br.** am **11.09.2007**
Done at
Fait à                                                          the
                                                               le.

            **Amtsgericht Freiburg i. Br.**        Unterschrift und/oder Stempel. **Im Auftrag**
                **- Der Präsident -**              Signature and/or stamp,
                                                   Signature et/ou cachet



                                                               **Butzer**
                                                               **Justizamtmann**

*) **Unzutreffendes streichen.**
    Delete if inappropriate.
    Rayer les mentions inutiles.

## ZUSTELLUNGSZEUGNIS
### CERTIFICATE
### ATTESTATION
————

**Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,**
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

**1. dass der Antrag erledigt worden ist \*)**
   that the document has been served \*)
   que la demande a été exécutée \*)

- **am (Datum)**      **14.08.2007**
  the (date)
  le (date)

- **in (Ort, Straße, Nummer)**      **Mercedessstrasse 137, 70327 Stuttgart**
  at (place, street, number)
  à (localité, rue, numéro)

- **in einer der folgenden Formen nach Artikel 5:**
  in one of the following methods authorised by article 5:
  dans une des formes suivantes prévues à l'article 5:

a)   **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a) \*).**
     in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention \*).
     selon les formes légales (article 5, alinéa premier, lettre a) \*).

b)   ~~**in der folgenden besonderen Form \*):**~~
     ~~in accordance with the following particular method \*):~~
     ~~selon la forme particulière suivante \*):~~

c)   ~~**durch einfache Übergabe \*):**~~
     ~~by delivery to the addressee, who accepted it voluntarily \*):~~
     ~~par remise simple \*):~~

**Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:**
The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à:

- **(Name und Stellung der Person)**      **Anette Ruhland**
  (identity and description of person)
  (identité et qualité de la personne

- **Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:**
  relationship to the addressee (family, business or other):
  liens de parenté, de subordination ou autres, avec le destinataire de l'acte:

**Anette Ruhland ist im Geschäftsraum beschäftigt (Ersatzzustellung nach § 178 Absatz 1 Nr. 2 Zivilprozessordnung).**

~~**2. dass der Antrag aus folgenden Gründen nicht erledigt werden konnte \*):**~~
   ~~that the document has not been served, by reason of the following facts \*):~~
   ~~que la demande n'a pas été exécutée, en raison des faits suivants \*):~~

~~**Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in**~~

# REQUEST
## FOR SERVICE ABROAD OF JUDICIAL OR EXTRA-JUDICIAL DOCUMENTS

*DEMANDE*

*AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ETRANGER*
*D'UN ACTE JUDICIARE OU EXTRAJUDICIAIRE*

Amtsgericht Freiburg
— Verwalt—

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965**

2 2 Juni 2007

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Hage, le 15 Novembre 1965.*

| Identity and address of the applicant<br>*Indentité et adresse du requérant* | Address of receiving authority<br>*Adrese de l'autorité destinataire* |
|---|---|
| **L. Celeste Ingalls \*\***<br>**Crowe Foreign Services**<br>**1020 SW Taylor Street, Suite 240**<br>**Portland, Oregon 97205**<br>**USA**<br>Email: Lci@foreignservices.com<br>Facsimile No. 1-503-222-3950 | **Präsident des Amtsgerichts Freiburg**<br>**Holzmarkt 2**<br>**79098 FREIBURG**<br>**tel.: +49 (761) 205-0**<br>**fax: +49 (761) 205-1804**<br>**E-mail: Poststelle@AGFreiburg.justiz.bwl.de** |

The undersigned applicant has the honour to transmit - in duplicate - the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.,

(identity and address)

*Le requérant soussigné à l'honneur de faire parvenir - en double exemplaire - a l'autorité destinataire les documents ci-dessous énumérés en la priant conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, savior:*

(identité et adresse)

**DaimlerCrysler AG**
**Epplestrasse 225**
**70546 Stuttgart, Germany**

Eing.: 1 7. Jul

(a) **in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention.\***
   *a)   selon les formes légales (article 5, alinéa premier, lettre a).*

~~(b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5)\*;~~
   ~~*b)   selon la forme particulière suivante (article 5, alinéa premier, lettre b):*~~

~~(c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of article 5)\*,~~
   ~~*c)   le cas échéant, par remise simple (article 5, alinéa 2).*~~

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes\* - with a certificate as provided on the reverse side.

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes - avec l'attestation figurant au verso.*

**List of documents**
*Enumération des pièces*

**Done at Portland, Oregon, USA, the** 19th **day of** June **, 2007.**
*Fait à Portland, Oregon, USA, le ...*

Executed "Request"
Executed "Summary"
\*\*\*   Summons
\*\*\*   Complaint
\*\*\*   Notice of Case Management Conference
\*\*\*   Notice to Defendants in Unlimited Jurisdiction Civil Cases
\*\*\*   Case Management Statement (BLANK)
\*\*\*   Stipulation and Order (BLANK)
\*\*\*   Contra Costa County ADR Information
\*\*\*   Order
**CASE NO. C07 00998**

**Signature and/or stamp.**
*Signature et/ou cachet*



```
OFFICIAL SEAL
L CELESTE INGALLS
NOTARY PUBLIC-OREGON
COMMISSION NO. 400907
MY COMMISSION EXPIRES FEB. 5, 2010
```

\* Delete if inappropriate
*Rayer les mentions inutiles*

L. Celeste Ingalls

\*\*   **Authorized applicant pursuant to Rule 4(c)(2) of the Federal Rules**
      **of Civil Procedure, Public Law 97-462 and**
      ~~██████~~ **Court Order**
\*\*\*   **With German translation**

### CERTIFICATE
### *ATTESTATION*

The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,

*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

1) that the document has been served*

*1. que la demande a été exécutée*

    —the (date)

    —*le (date)* _____

    —at (place, street, number)

    —*à (localité, rue numéro)* _____

    —in one of the following methods authorised by article 5—

    —*dans une des formes suivantes prévues à l'article 5:*

    ☐ (a) in accordance with the provisions of sub-paragraph (a) of the first paragraph of article 5 of the Convention*.

       *a) selon les formes légales (article 5, alinéa premier, lettre a)*

    ☐ (b) in accordance with the following particular method*:

       *b) selon la forme particulière suivante :* _____

    ☐ (c) by delivery to the addressee, who accepted it voluntarily.*

       *c) par remise simple*

The documents referred to in the request have been delivered to:

*Les documents mentionnés dans la demande ont été remis à:*

    —(identity and description of person)

    —*(identité et qualité de la personne)* _____

    —relationship to the addressee (family, business or other):

    —*liens de parenté, de subordination ou autres, avec le destinataire de l'acte:* _____

2) that the document has not been served, by reason of the following facts*:

*2. que la demande n'a pas été exécutée, en raison des faits suivants:*

_____

_____

_____

In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.*

*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint.*

Annexes

*Annexes*

Documents returned:

*Pièces renvoyées:*

_____

_____

_____

In appropriate cases, documents establishing the service:

*Le cas échéant, les documents justificatifs de l'exécution:*

_____

_____

_____

Done at _____ , the

*Fait à* _____ *. le* ___

Signature and/or stamp.

*Signature et/ou cachet.*

_____

2

*Delete if inappropriate.*

*Rayer les mentions inutiles.*

**SUMMARY OF THE DOCUMENT TO BE SERVED**
*ELEMENTS ESSENTIELS DE L'ACTE*

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

*Convention relative à la signification et à la notification à l'étranger des actes judiciaries et extrajudiciares en matière civile ou commerciale, signée à La Hage, le 15 Novembre 1965.*

**(article 5, fourth paragraph)**
*(article 5, alinéa 4)*

| | |
|---|---|
| **Name and address of the requesting authority:** | **L. Celeste Ingalls** |
| *Nom et adresse de l'autorité requérante:* | **Crowe Foreign Services** |
| | **1020 SW Taylor Street, Suite 240** |
| | **Portland, Oregon 97205** |

**Particulars of the parties\*:**   **Shelley R. Robinson, et al.** ............................................................................**PLAINTIFFS**
*Indentité des parties:*   **DaimlerChrysler AG, et al.** ..................................................................**DEFENDANTS**
                    **CASE NO. C07 00998**

## JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE*

**Nature and purpose of the document:**
*Nature et objet de l'acte:*   **To give notice to defendant, DaimlerChrysler AG, of the institution against it of a claim for civil damages and to summon it to answer the claim.**

**Nature and purpose of the proceedings, and, where appropriate, the amount in dispute:**
*Nature et objet de l' instance, le cas échéant, le montant du litige:*

**Civil claim alleging negligence and related actions.  Plaintiffs' allegations include, but are not limited to, claims that the accident that occurred on or about May 25, 2005, was the result of Defendants' negligence including, but not limited to, the negligent design, manufacture, assembly, installation, distribution and sale of the 1998 Jeep Cherokee in question causing Plaintiffs to suffer injury and damages.  Plaintiffs seek judgment in an amount to be determined including, but not limited to, medical expenses, earnings loss, interest, cost of suit, and such other and further relief as the court deems just and proper.**

**Date and place for entering appearance\*\*:**       **N/A**
*Date et lieu de la comparution:*

**Court which has given judgment\*\*:**       **N/A**
*Juridiction qui a rendu la décision:*

**Date of judgment\*\*:**       **N/A**
*Date de la décision:*

**Time limits stated in the document\*\*:**
*Indication des délias figurant dans l'acte:*       **Defendant is required to file a WRITTEN RESPONSE with the Court, and serve a copy of the same WRITTEN RESPONSE upon Plaintiffs, within thirty (30) days after having received the Summons and other documents herein.**

## EXTRAJUDICIAL DOCUMENT\*
*ACTE EXTRAJUDICIAIRE*

**Nature and purpose of the document:**       **N/A**
*Nature et objet de l'acte:*

**Time limits stated in the document\*\*:**       **N/A**
*Indication des délias figurant dans l'acte:*

**\* If appropriate, identity and address of the person interested in the transmission of the document.**
*S'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte.*

**\*\* Delete if inappropriate.**
*Rayer les mentions inutiles.*

R. LEWIS VAN BLOIS, SBN 038912
THOMAS C. KNOWLES, SBN 40899
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Tel.: (510) 635-1284
Fax: (510) 635-1516

[Stempel]
EINGEGANGEN
1.5.2007 11.18.06 Uhr
*Rest ist nleserlich*

Anwalt der Kläger

SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
[in etwa: erstinstanzl. Gericht des US-Bundesstaats Kalifornien, Bezirk Contra Costa]
UNLIMITED JURISDICTION
[Streitwert über 25.000 USD]

SHELLEY R. ROBINSON und                          AZ: **C07 00998**
ELIZAVETA M. HUNSINGER,
durch ihren Rechtspfleger IVAN J. HUNSINGER

       Kläger

    gegen

DAIMLERCHRYSLER AG,
DAIMLERCHRYSLER MOTORS
COMPANY LLC, DAIMLERCHRYSLER
CORPORATION und N.N. 1 mit 50

       Beklagte

---

## VERFÜGUNG AUFGRUND DES KLÄGERISCHEN ANTRAGS ZUR BESTELLUNG EINES INTERNATIONALEN ZUSTELLERS

Gemäß dem auf der 10. Sitzung der Haager Konferenz für Internationales Privatrecht

[Hague Conference on Private International Law] am 15. November 1965 (das „Haager

Abkommen") ausgearbeiteten Kapitel 1, Artikel 3 des Übereinkommens zur Zustellung

gerichtlicher und außergerichtlicher Schriftstücke in Zivil- oder Handelssachen im Ausland

[Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or

Commercial Matters] ernennt das Gericht hiermit Celeste Ingalls als Bevollmächtigte und in

dieser Gerichtsbarkeit für dieses Gericht zuständige gerichtliche Stelle zur Weiterleitung jeglicher in dieser Sache an die Zentralbehörde in Deutschland zuzustellenden Schriftstücke.

SO VERFÜGT am 5. Juni 2007

*DIANA BECTON SMITH*

**VERFÜGUNG AUFGRUND DES KLÄGERISCHEN ANTRAGS ZUR BESTELLUNG    2
EINES INTERNATIONALEN ZUSTELLERS**

**LADUNG**
*(CITACION JUDICIAL)*

**MITTEILUNG AN DEN BEKLAGTEN:**                    Nur zur gerichtlichen
*(AVISO AL DEMANDADO) :*                             Verwendung
DaimlerChrysler AG,  DaimlerChrysler Motors  Company LLC,    *(Solo para uso de la corte)*
DaitnlerChrysler Corporation und N.N. 1 mit 50

**SIE WERDEN VON DER KLÄGERIN VERKLAGT:**
*(LO ESTA DEMANDANDO EL DEMANDANTE) :*
Shelley R. Robinson
Elizaveta M. Hunsinger,  durch ihren Rechtspfleger Ivan J
Hunsinger

Sie haben 30 KALENDERTAGE nach Zustellung dieser Ladung und Dokumente an Sie, um bei diesem Gericht eine schriftliche Antwort einzureichen und der Klägerin eine Abschrift zuzustellen. Durch einen Brief oder Anruf werden Ihre Interessen nicht geschützt. Ihre schriftliche Antwort muss in ordnungsgemäßer gesetzlicher Form erfolgen, wenn Sie möchten, dass das Gericht Ihren Fall hört. Ggf. ist ein Gerichtsformular vorhanden, das Sie für Ihre Antwort verwenden können. Diese Formulare und weitere Informationen finden Sie beim California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), der Rechtsbibliothek Ihres Bezirks und dem Gerichtsgebäude in Ihrer Nähe. Sollten Sie die Einreichungsgebühr nicht bezahlen können, bitten Sie den Clerk um ein Formular für den Gebührenverzicht. Falls Sie Ihre Antwort nicht rechtzeitig einreichen, können Sie die Sache durch Versäumnisurteil verlieren und Ihr Gehalt, Ihr Geld und Ihre Vermögenswerte können ohne weitere Warnung durch das Gericht vereinnahmt werden.

Andere gesetzliche Vorschriften sind ebenfalls vorhanden. Es ist ratsam, wenn Sie sich umgehend mit einem Anwalt in Verbindung setzen. Falls Sie keinen Anwalt kennen, können Sie sich mit dem Attorney Referral Service [Empfehlungsdienst für Anwälte] in Verbindung setzen. Falls Sie sich keinen Anwalt leisten können, kommen Sie evtl. für kostenlose juristische Dienstleistungen von einem gemeinnützigen juristischen Dienstleistungsprogramm in Frage. Diese gemeinnützigen Gruppen finden Sie auf der  California Legal Services Website {www.lawhelpcalifomia.org), dem California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), oder Sie können Sie an Ihr regionales Gericht oder die Anwaltskammer Ihres Bezirks wenden.

*Tiene 30 DIAS DE CALENDARIO despues de que le entreguen esta citacion y papeles legates para presentar una respuesta porescrito en esta corte y hacer que se entregue una copia al demand ante. Una cart a o una llamada telefonica no /o protegen. Su respuesta por escr/fo tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta, Puede encontrar estos formularios de la corte y mis informacion en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que /e quede ma's cerca. Si no puede pagar la cuota de presentacion, pida al secretario de la corte que le de un formulario de exencidn de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podra\* quitar su sueldo, dinero y bienes sin mis advertencia.*

*Hay otros requisitos legates. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisin a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legates gratuitos de un programa de servicios legates sin fines de lucro. Puede encontrar estos grupos*

*sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcaiifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniendose en contacto con la corte o et colegio de abogados locales.*

AKTENZEICHEN: **C07 00998**
*(Numero del Caso):*

Name und Anschrift des Gerichts:
*(El nombre y direction de la corte es):*
Superior Court of California
Contra Costa County
725 Court Street, P.O. Box 911    Martinez, CA 94553-1233
Name, Anschrift und Telefonnummer des Anwalts der Klägerin oder der nicht anwaltschaftlich vertretenen Klägerin:
*(El nombre, la direction y el numero de telefono del abogado del demandante, o del demandante que no tiene abogado, es):*

R. Lewis Van Blois                    Van Blois & Associates
7677 Oakport Street, Suite 565        Oakland, CA 94621
(510) 635-1284
DATUM: 11.Mai 2007                    Clerk, vertr.d.C. AGUILAR-JACALAL Vertreter
*(Fecha)*                             *(Secretario)*                *(Adjunto)*

*(Als Zustellungsnachweis dieser Ladung bitte das Formular POS-010 Zustellungsnachweis der Ladung verwenden.)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*
[SIEGEL]
**MITTEILUNG AN DEN ZUSTELLUNGSEMPFÄNGER:** Die Zustellung erfolgt an Sie
1.☐ als einzelnen Beklagten
2. ☐ als die Person, die unter folgendem fiktiven Namen verklagt wird *(genau angeben)*:

3. ☒ namens von *(genau angeben)*: DaimlerChrysler  AG
nach:    ☒ CCP 416.10 (Gesellschaft)                    ☐ CCP 416.60 (Minderjähriger)
         ☐ CCP 416.20 (erloschene Gesellschaft)          ☐ CCP 416.70 (Pflegling)
         ☐ CCP 416.40 (Vereinigung oder Partnerschaft)   ☐ CCP 416.90 (befugte Person)
         ☐  sonstiges *(genau angeben)*;
4. ☐ durch persönliche Zustellung am *(Datum)*:

Seite 1 von 1

LADUNG

R. LEWIS VAN BLOIS, SBN 038912
THOMAS C. KNOWLES, SBN 40899
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Tel.: (510) 635-1284
Fax: (510) 635-1516

[Stempel]
GEM. LOCAL RULE 5 WIRD DIESER
FALL ZUGEWIESEN AN:
ABTL.: _____

Anwalt der Kläger


SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
[in etwa: erstinstanzl. Gericht des US-Bundesstaats Kalifornien, Bezirk Contra Costa]
UNLIMITED JURISDICTION
[Streitwert über 25.000 USD]

SHELLEY R. ROBINSON und
ELIZAVETA M. HUNSINGER,
durch ihren Rechtspfleger IVAN J. HUNSINGER

AZ: C07 00998

KLAGE WEGEN KÖRPER-
VERLETZUNG UND
SCHÄDIGUNGEN

Kläger

gegen

DAIMLERCHRYSLER AG,
DAIMLERCHRYSLER MOTORS
COMPANY LLC, DAIMLERCHRYSLER
CORPORATION und N.N. 1 mit 50

Beklagte

_____


SHELLEY R. ROBINSON und ELIZAVETA M. HUNSINGER machen durch ihren

Rechtspfleger IVAN J. HUNSINGER machen gegen die Beklagten Folgendes geltend:

## TATSACHENVORBRINGEN

1.    Vor Ausstellung der Ladung in dieser Sache hat das oben benannte Gericht am 14. Februar 2006 durch Verfügung i.S. P05-01241 Bestellungen zur Pflegschaft ausgestellt und IVAN J. HUNSINGER zum Rechtspfleger der Person und Verwalter des Vermögens von ELIZAVETA M. HUNSINGER bestellt.

2.    Die tatsächlichen Namen oder Eigenschaften der hier als N.N. verklagten Beklagten, gleichgültig, ob es sich um natürliche oder juristische Personen, Vereinigungen oder sonstige handelt, sind den Klägerinnen unbekannt, weshalb sie die besagten Beklagten gemäß Code of Civil Procedure § 474 [Zivilprozessordnung] unter diesen fiktiven Namen verklagt. Die Klägerinnen machen nach bestem Wissen und Gewissen geltend, dass jeder der besagten, durch diese fiktiven Namen bezeichneten Beklagten für die Ereignisse und Geschehnisse vertraglich, aufgrund von Deliktshaftung oder gesetzlich verantwortlich ist, auf die hier Bezug genommen wird, und die hierin vorgebrachten Verletzungen und Schäden der Klägerinnen verursacht hat, was nachfolgend jeweils geltend gemacht wird. Die Klägerinnen bitten daher um Erlaubnis, diese Klage abzuändern, um die wahren Namen und Eigenschaften der Beklagten einzufügen, wenn diese festgestellt oder bei der Verhandlung nachgewiesen wurden.

3.    Die Klägerinnen bringen nach bestem Wissen und Gewissen vor, dass jeder der hierin genannten Beklagten, einschließlich aller hierin unter einem fiktiven Namen verklagten Beklagten, zu allen hierin genannten Zeiten der ordnungsgemäß bevollmächtigte Vertreter, Erfüllungsgehilfe und/oder Mitarbeiter eines jeden anderen Beklagten hinsichtlich der hierin geltend gemachten Ereignisse und Transaktionen war, und indem er entsprechend gehandelt hat oder Handlungen unterlassen hat, er sich innerhalb des Auftrags und der Befugnis dieser Beauftragung, dieses Dienstverhältnisses und/oder Beschäftigung und er bzw. sie entsprechend der Zustimmung, Genehmigung, Befugnis und/oder Bestätigung eines jeden einzelnen Beklagten, wie oben erwähnt, befand, und des Weiteren, dass jeder Beklagte, wie oben erwähnt, wenn er als

Auftraggeber fungiert, bei der Auswahl, Einstellung und/oder Überwachung eines jeden einzelnen Beklagten als Beauftragter, Erfüllungsgehilfe, Mitarbeiter und/oder unabhängigen Auftragnehmer fahrlässig vorging. Des Weiteren bringen die Klägerinnen nach bestem Wissen und Gewissen vor und machen geltend, dass die besagten Beklagten zu allen hier rechtserheblichen Zeiten Eigentümer bestimmter anderer Unternehmen waren, diese kontrollierten, stellvertretend für die Vermögenswerte und Verbindlichkeiten bestimmter anderer Unternehmen hafteten oder die Rechtsnachfolger dieser Unternehmen oder die Gesellschafter dieser besagten anderen Unternehmen waren. Als solcher ist jeder der vorgenannten Beklagten den Klägerinnen gegenüber für die Handlungen und/oder Unterlassungen der besagten anderen Unternehmen haftbar, wie nachfolgend geltend gemacht.

4.      Nach bestem Wissen und Gewissen bringen die Klägerinnen vor, dass die Beklagte DAIMLERCHRYSLER AG eine Gesellschaft war und jetzt ist, die nach den Gesetzen eines anderen Landes als der Vereinigten Staaten gegründet wurde. Die Klägerinnen bringen nach bestem Wissen und Gewissen des Weiteren vor, dass die besagte Beklagte geschäftlich mit dem Design, der Herstellung, dem Vertrieb und Verkauf von Kraftfahrzeugen für die allgemeine Öffentlichkeit für Vergnügens- und Erholungszwecke befasst ist, und dass die besagte Beklagte mit dem Wissen und der Absicht mit dem Geschäft befasst ist und seit einiger Zeit war, dass eine erhebliche Anzahl ihrer Produkte an eine große Anzahl von Bürgern des US-Bundesstaats Kalifornien innerhalb des US-Bundesstaats Kalifornien vertrieben und von diesen gekauft und benutzt wird, einschließlich vieler Personen, die im Contra Costa County ansässig sind, wodurch sie absichtlich von dem Vorrecht, in Kalifornien geschäftlich tätig zu sein, Gebrauch macht, und die Rechtswohltaten und den Schutz der Gesetze des US-Bundesstaats Kalifornien in Anspruch nimmt.

5.      Die Klägerinnen bringen nach bestem Wissen und Gewissen vor, dass die Beklagte DAIMLERCHRYSLER MOTORS COMPANY LLC eine Kommanditgesellschaft oder eine US-Gesellschaft mit beschränkter Haftung [Limited Liability Company] war und ist, die nach den

Gesetzen des US-Bundesstaats Delaware gegründet wurde und besteht, jedoch berechtigt ist, im US-Bundesstaat Kalifornien in verschiedenen Bezirken desselben, wozu der Bezirk Contra Costa gehört, geschäftlich tätig zu sein und auch geschäftlich tätig ist.

6.      Die Klägerinnen bringen nach bestem Wissen und Gewissen vor, dass die Beklagte DAIMLERCHRYSLER CORPORATION eine Gesellschaft war und ist, die nach den Gesetzen des US-Bundesstaats Delaware gegründet wurde und besteht, jedoch berechtigt ist, im US-Bundesstaat Kalifornien in verschiedenen Bezirken desselben, wozu der Bezirk Contra Costa gehört, geschäftlich tätig zu sein und auch geschäftlich tätig ist.

7.      Die Klägerinnen bringen nach bestem Wissen und Gewissen vor, dass die Beklagten DAIMLERCHRYSLER AG, DAIMLERCHRYSLER MOTORS COMPANY LLC, DAIMLERCHRYSLER CORPORATION und N.N. 1 bis 30 und jeder Einzelne von ihnen geschäftlich befasst war mit dem Design, der Fertigung, der Überholung, der Instandsetzung, der Umrüstung, der Verpackung, der Fertigung, dem Testen, der Konstruktion, der Auswahl, der Montage, der Installation, der Herstellung, der Ausstattung, der Konfiguration, der Analyse, dem Marketing, dem Empfehlen, der Wartung, der Reparatur, der Instandhaltung, der Gewährleistung, dem Merchandising, der Werbung, der Verkaufsförderung, dem Leasing, dem Vermieten, dem Verkauf und den Anweisungen und Warnungen hinsichtlich dem Betrieb, der Installation, dem Zubehör und/oder der Komponentenkonfiguration, der Pflege, der Reparatur, dem Service, der Instandhaltung und der Verwendung bestimmter Kraftfahrzeuge, der Teile derselben (einschließlich u.a. des Fahrzeuginnenraums, des Dachs, der Rückhaltesysteme für Fahrzeuginsassen und von Schutzvorrichtungen, der Reifen, Räder, Bremsen, Lenkeinrichtungen, Handling-Komponenten, Achskomponenten usw.) und dem Zubehör dafür, für die Benutzung durch die allgemeine Öffentlichkeit u.a. zum Zwecke des Transports von Personen und Frachten auf öffentlichen Straßen und Autobahnen für geschäftliche und private Zwecke. Wie oben ausgeführt waren die Beklagten und jeder Einzelne von ihnen im Rahmen ihrer jeweiligen Geschäfte mit dem design, der Fertigung, der Überholung, der Instandsetzung, der Umrüstung,

der Verpackung, der Ausstattung, der Konfiguration, dem Vertrieb, dem Testen, der Konstruktion, der Auswahl, der Montage, der Installation, der Herstellung, der Analyse, dem Marketing, der Empfehlung, dem Service, der Reparatur, der Wartung, der Gewährleistung, dem Merchandising, der Werbung, der Verkaufsförderung, dem Leasing, der Vermietung, dem Verkauf und den Anweisungen und Warnungen hinsichtlich Installation, Betrieb, Wartung, Reparatur, Zubehör- und/oder Komponentenkonfiguration, Service, Benutzung und Pflege eines bestimmten Jeep Cherokee, Bj. 1998, mit der Zulassungsnummer 5ESC758 von Kalifornien, Fahrgestellnummer 1J4FJ68SXWL252744, den Komponenten davon (einschließlich u.a. des Fahrzeuginnenraums, des Dachs, der Rückhaltesysteme für Fahrzeuginsassen und von Schutzvorrichtungen, der Reifen, Räder, Bremsen, Lenkeinrichtungen, Handling-Komponenten, Achskomponenten usw.) und dem Zubehör dafür befasst, wobei nachfolgend hierauf insgesamt als die „streitgegenständlichen Produkte" Bezug genommen wird.

8.     Am oder um den 25. Mai 2006 waren die Klägerinnen SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER Beifahrer in dem vorgenannten Jeep Cherokee und den streitgegenständlichen Produkten, die auf eine Art und Weise und unter Bedingungen gefahren und benutzt wurden, für die diese vorgesehen waren und es vernünftigerweise vorhersehbar war, dass sie benutzt werden würden, um sie von ihrem Wohnsitz im Bezirk Contra Costa, US-Bundesstaat Kalifornien, in den US-Bundesstaat Montana zu bringen. Der vorgenannte Jeep Cherokee war auf Highway 93, ca. 110 m südlich des Kilometeranzeigers 3 in Twin Falls County, US-Bundesstaat Idaho, in Richtung Norden unterwegs, als die Kontrolle über das Fahrzeug verloren ging, es Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerinnen SHELLEY R. ROBINSON und ELIZAVETA M. HUNSINGER schwere und katastrophale Verletzungen erlitten.

## ERSTER KLAGEGRUND

Die Klägerin SHELLEY R. ROBINSON macht gegen die Beklagten DAIMLERCHRYSLER AG, DAIMLERCHRYSLER MOTORS COMPANY LLC, DAIMLERCHRYSLER CORPORATION und N.N. 1 mit 30 und jeden Einzelnen von Ihnen Folgendes geltend:

### PUNKT EINS DER KLAGEBEGRÜNDUNG
(Fahrlässigkeit)

9.      Die Klägerin verweist auf das Vorbringen in Ziffer 2 mit 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

10.      Zu allen hier rechtserheblichen Zeiten wussten die Beklagten und jeder Einzelne von ihnen oder hätten bei der Anwendung angemessener Sorgfalt wissen sollen, dass die besagten Fahrzeuge, ihre Komponenten und ihr Zubehör, einschließlich der streitgegenständlichen Produkte, so ausgelegt waren, dass, wenn sie nicht ordnungsgemäß konstruiert, gefertigt, überholt, aufgearbeitet, umgerüstet, verpackt, vertrieben, getestet, gebaut, ausgewählt, montiert, installiert, hergestellt, analysiert, vermarktet, empfohlen, gewartet, repariert, instand gehalten, gewährleistet, angeboten, beworben, deren Verkauf gefördert, verleast, vermietet, verkauft, konfiguriert, ausgestattet und mit den entsprechenden Warnungen und Anweisungen hinsichtlich des ordnungsgemäßen Betriebs, Ausstattung und/oder Komponentenkonfiguration, Installation, Benutzung, Pflege, Reparatur, Service und Instandhaltung versehen sind, diese wahrscheinlich für die Verwendungszwecke und die Verwendungsart, für die sie vorgesehen waren und vorhersehbar benutzt werden würden, unangemessen gefährlich, mangelhaft, unsicher und ungeeignet werden und dadurch wahrscheinlich zu Verletzungen der Person oder Personen führen würden, von der bzw. denen oder in deren Nähe sie vorhersehbar benutzt werden würden. Aufgrund dessen hatten die Beklagten und jeder Einzelne von ihnen zu allen hier rechtserheblichen Zeiten die Pflicht, die vorhersehbare Verwendung und Nutzungsbedingungen

der besagten Fahrzeuge und streitgegenständlichen Produkte vorherzusehen, einschließlich u.a. den Transport von Personen und Frachten auf öffentlichen Straßen und Autobahnen und die mögliche Verwicklung dieser Fahrzeuge und streitgegenständlichen Produkte in Unfälle und Zusammenstöße. Als weitere Folge davon hatten die Beklagten und jeder Einzelne von ihnen die Pflicht, die erforderliche Sorgfalt anzuwenden, die besagten Fahrzeuge, ihre Komponenten und ihr Zubehör, einschließlich der streitgegenständlichen Produkte ordnungsgemäß zu konstruieren, zu fertigen, zu überholen, aufzuarbeiten, umzurüsten, zu verpacken, zu vertreiben, zu testen, zu bauen, auszuwählen, zu montieren, zu installieren, herzustellen, zu analysieren, zu vermarkten, zu empfehlen, zu warten, auszustatten, zu konfigurieren, instand zu halten, zu reparieren, zu gewährleisten, anzubieten, zu bewerben, deren Verkauf zu fördern, zu verleasen, zu vermieten, zu verkaufen und angemessene Warnungen und Hinweisen hinsichtlich der richtigen Installation, Betrieb, Zubehör und/oder Komponentenkonfiguration zu geben, so dass dieselben für die Verwendungszwecke, Verwendungsbedingungen und Verwendungsarten, für die sie vorgesehen waren und auf die sie vorhersehbar benutzt werden würden, angemessen sicher wären.

11.    An einem Datum oder Daten vor dem 25. Mai 2005 haben die Beklagten und jeder Einzelne von ihnen die streitgegenständlichen Produkte, deren Komponenten und Zubehör dafür so fahrlässig und nachlässig konstruiert, gefertigt, überholt, aufgearbeitet, umgerüstet, verpackt, vertrieben, getestet, gebaut, ausgewählt, montiert, ausgestattet, konfiguriert, installiert, hergestellt, analysiert, vermarktet, empfohlen, gewartet, repariert, instand gehalten, gewährleistet, angeboten, beworben, deren Verkauf gefördert, verleast, vermietet, verkauft, beschriftet oder die Beschriftung unterlassen, unzulängliche Anweisungen und Warnungen über die ordnungsgemäße Installation, Betrieb, Zubehör und/oder Komponentenkonfiguration, Benutzung, Pflege, Service, Reparatur und Instandhaltung gegeben oder diese Anweisungen und Warnungen unterlassen, so dass dieselben für den Gebrauch, die Bedingungen unter denen und die Art und Weise, auf die

deren Verwendung vorgesehen war und sie vorhersehbar verwendet werden würden,
unangemessen gefährlich, mangelhaft, unsicher und ungeeignet wurden. Des weiteren waren den
Beklagten und jedem Einzelnen von ihnen die unsicheren, mangelhaften und ungeeigneten
Eigenschaften der streitgegenständlichen Produkte, der Komponenten und des Zubehörs
derselben und die Tatsache bekannt oder hätte von diesen bei Anwendung der angemessenen
Sorgfalt erkannt werden oder den Beklagten und jedem Einzelnen von ihnen bekannt sein sollen,
dass diese streitgegenständlichen Produkte, Komponenten und Zubehör derselben für die Zwecke,
die Art und die Bedingungen, für die bzw. unter denen deren Benutzung vorgesehen war, wenn
sie gemäß den Empfehlungen der Beklagten bzw. wie dies von diesen und jedem Einzelnen von
ihnen vorhersehbar war, benutzt werden, unangemessen gefährlich, unsicher, mangelhaft und
ungeeignet waren. Des Weiteren wurden die unangemessen gefährlichen, mangelhaften,
unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte und der
Komponenten derselben den Benutzern derselben, einschließlich der Klägerin, nicht mitgeteilt.

12.     Als direkte und rechtliche Folge der Fahrlässigkeit und Nachlässigkeit der Beklagten und
eines jeden Einzelnen von ihnen und der gefährlichen, mangelhaften, unsicheren und
ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres
Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht,
dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über das Fahrzeug verloren
ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und
verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten
(einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die
die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin SHELLEY R.
ROBINSON schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe
Querschnittslähmung [Quadriplegie].

13.     Als direkte und rechtliche Folge der obigen Ausführungen hat die Klägerin SHELLEY R.
ROBINSON schwere und permanente Verletzungen erlitten, die Gesundheit, Stärke und Aktivität

der Klägerin wurden erheblich geschädigt, sie erlitt Schäden an ihrem Körper sowie Schock und Schäden an ihrem Nervensystem und ihrer Person, wodurch die Klägerin erhebliche psychische und physische Verletzungen und Nervenschmerzen erlitten hat und weiter erleidet. Die Klägerin macht nach bestem Wissen und Gewissen geltend, dass diese Verletzungen bei ihr zu einer schweren dauerhaften Behinderung führen werden. Aufgrund der vorstehenden Ausführungen hat die Klägerin allgemeine Schäden in einer Höhe erlitten, die über dem Mindeststreitwert dieses Gerichts liegen.

14.     Als direkte und gesetzliche Folge der vorstehenden Ausführungen und der ihr dadurch entstandenen Verletzungen, musste und muss die Klägerin SHELLEY R. ROBINSON weiterhin die Dienste von Ärzten und anderen im Gesundheitswesen tätigen Personen in Anspruch nehmen und es werden ihr weitere Ausgaben für medizinische Betreuung entstehen. Derzeit ist der Klägerin der angemessene Wert dieser Dienstleistungen und Auslagen nicht bekannt. Sie wird jedoch um Erlaubnis bitten, denselben in ihre Klage aufzunehmen, wenn er festgestellt oder bei der Verhandlung nachgewiesen wurde.

15.     Als direkte und rechtliche Folge der vorstehenden Ausführungen und der von ihr dadurch erlittenen Verletzungen, sind der Klägerin SHELLEY R. ROBINSON Beeinträchtigungen und Schäden an ihrem Einkommen und/oder ihrer Erwerbsfähigkeit entstanden. Die Klägerin bringt nach bestem Wissen und Gewissen vor, dass sie diese Schäden auch weiterhin erleiden wird, und zwar zuzüglich zu zusätzlichen Schäden in einer derzeit unbekannten Höhe, wobei die Klägerin um Erlaubnis bitten wird, diese Klage zu ändern, um den Betrag der besagten Schäden aufzunehmen, wenn er festgestellt oder bei der Verhandlung nachgewiesen wurde.

Die Klägerin SHELLEY R. ROBINSON beantragt daher den Erlass eines Urteils gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

## PUNKT ZWEI DER KLAGEBEGRÜNDUNG
(Gefährdungshaftung)

16.     Die Klägerin verweist auf das Vorbringen in Ziffer 2 mit 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

17.     Zum Zeitpunkt der Fertigung und zu allen Zeiten danach, einschließlich u.a. der Zeit, zu der die streitgegenständlichen Produkte, ihre Komponenten und jedes Zubehörteil, den Besitz der Beklagten und eines jeden Einzelnen von ihnen verließ, waren die streitgegenständlichen Produkte, ihre Komponenten und ihr Zubehör mangelhaft, unsicher und für ihren vorgesehenen Zweck und ihre vernünftigerweise vorhersehbare Verwendung ungeeignet.

18.     Als direkte und rechtliche Folge der gefährlichen, mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht, dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über das Fahrzeug verloren ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin SHELLEY R. ROBINSON schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe Querschnittslähmung [Quadriplegie].

19.     Als direkte und gesetzliche Folge der vorstehenden Ausführungen sind der Klägerin SHELLEY R. ROBINSON die in Ziffer 13 mit 15 ausgeführten Verletzungen und Schäden entstanden.

        Die Klägerin SHELLEY R. ROBINSON beantragt daher den Erlass eines Urteils gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

## PUNKT DREI DER KLAGEBEGRÜNDUNG
(Gewährleistungsverletzung)

20.     Die Klägerin verweist auf das Vorbringen in Ziffer 2 bis 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

21.     Die Klägerin bringt nach bestem Wissen und Gewissen vor, dass zu allen hierin erwähnten Zeiten, zum Zeitpunkt des Verkaufs der streitgegenständlichen Produkte und eines jeden ihrer Komponenten und jedes Zubehörteils und davor sowie weiterhin danach, die Beklagten und jeder Einzelne von ihnen durch Werbemedien zu Kauf, Miete und/oder Benutzung ihrer streitgegenständlichen Produkte, eines jeden ihrer Komponenten und jedes Zubehörteils aufgefordert haben und ansonsten der Öffentlichkeit gegenüber, einschließlich aller Personen, die die streitgegenständlichen Produkte vorhersehbar benutzen oder sich in deren Nähe befinden würden, einschließlich dem Fahrer des streitgegenständlichen Fahrzeugs Jeep Cherokee und einschließlich der Klägerin SHELLEY R. ROBINSON gegenüber, ausdrücklich gewährleisteten und zusicherten und ansonsten stillschweigend gewährleisteten und zusicherten, dass ihre Produkte, einschließlich der streitgegenständlichen Produkte, einer jeden Komponente und jedes Zubehörteils, effektiv, mängelfrei und in jeglicher Hinsicht sicher und für ihre vorgesehenen und vernünftigerweise vorhersehbaren Benutzungen frei von Design-, Arbeitsausführungs-, Anweisungs- und Materialmängeln und von marktgängiger Qualität waren.

22.     Die Klägerin bringt nach bestem Wissen und Gewissen vor, dass sich die Klägerin SHELLEY R. ROBINSON und die Eigentümer und Bediener des besagten Fahrzeugs beim Kauf und der Benutzung der streitgegenständlichen Produkte, eines jeden ihrer Komponenten und eines jeden Zubehörteils gerechtfertigterweise auf die besagten Gewährleistungen und Gewährleistungszusicherungen und auf die Kenntnisse und das Urteil der Beklagten und eines jeden Einzelnen von ihnen verlassen haben, um die Ausstattung auszuwählen und bereitzustellen, einschließlich Optionen, Systemen und Zubehör, das in jeglicher Hinsicht sicher und für den

Zweck, für den es vorgesehen und zu dem es vorhersehbar benutzt werde würde, in jeglicher Hinsicht sicher und geeignet war.

23.    Die besagten ausdrücklichen und stillschweigen Gewährleistungen und Gewährleistungszusicherungen entsprachen nicht der Wahrheit und wurden von den Beklagten und einem jedem Einzelnen von ihnen insofern verletzt, dass die streitgegenständlichen Produkte, bestimmte ihrer Komponenten und Zubehörteile nicht von marktgängiger Qualität, nicht ohne Design-, Arbeitsauführungs- und Materialmängel waren, für ihre vorgesehenen und vernünftigerweise vorhersehbaren Benutzungen nicht sicher und angemessen geeignet waren, jedoch statt dessen für ihre vorgesehenen und vernünftigerweise vorhersehbaren Verwendungszwecke mangelhaft, ungeeignet und unsicher waren.

24.    Als direkte und rechtliche Folge der Verletzung der ausdrücklichen und stillschweigenden Gewährleistungen und Gewährleistungszusicherungen der Beklagten und eines jeden Einzelnen von ihnen und der mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht, dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über das Fahrzeug verloren ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin SHELLEY R. ROBINSON schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe Querschnittslähmung [Quadriplegie].

25.    Als direkte und rechtliche Folge der vorstehenden Ausführungen sind der Klägerin SHELLEY R. ROBINSON die in Ziffer 13 mit 15 ausgeführten Verletzungen und Schäden entstanden.

        Die Klägerin SHELLEY R. ROBINSON beantragt daher den Erlass eines Urteils gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

## ZWEITER KLAGEGRUND

Die Klägerin ELIZAVETA M. HUNSINGER macht durch ihren Rechtspfleger IVAN J. HUNSINGER gegen die Beklagten DAIMLERCHRYSLER AG, DAIMLERCHRYSLER MOTORS COMPANY LLC, DAIMLERCHRYSLER CORPORATION und N.N. 1 – 30 Folgendes geltend:

### PUNKT EINS DER KLAGEBEGRÜNDUNG
(Fahrlässigkeit)

26.     Die Klägerin verweist auf das Vorbringen in Ziffer 1 bis 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

27.     Zu allen hier rechtserheblichen Zeiten wussten die Beklagten und jeder Einzelne von ihnen oder hätten bei der Anwendung angemessener Sorgfalt wissen sollen, dass die besagten Fahrzeuge, ihre Komponenten und ihr Zubehör, einschließlich der streitgegenständlichen Produkte, so ausgelegt waren, dass, wenn sie nicht ordnungsgemäß konstruiert, gefertigt, überholt, aufgearbeitet, umgerüstet, verpackt, vertrieben, getestet, gebaut, ausgewählt, montiert, installiert, hergestellt, analysiert, vermarktet, empfohlen, gewartet, repariert, instand gehalten, gewährleistet, angeboten, beworben, deren Verkauf gefördert, verleast, vermietet, verkauft, konfiguriert, ausgestattet und mit den entsprechenden Warnungen und Anweisungen hinsichtlich des ordnungsgemäßen Betriebs, Ausstattung und/oder Komponentenkonfiguration, Installation, Benutzung, Pflege, Reparatur, Service und Instandhaltung versehen sind, diese wahrscheinlich für die Verwendungszwecke und die Verwendungsart, für die sie vorgesehen waren und vorhersehbar benutzt werden würden, unangemessen gefährlich, mangelhaft, unsicher und ungeeignet werden und dadurch wahrscheinlich zu Verletzungen der Person oder Personen führen

würden, von der bzw. denen oder in deren Nähe sie vorhersehbar benutzt werden würden.
Aufgrund dessen hatten die Beklagten und jeder Einzelne von ihnen zu allen hier
rechtserheblichen Zeiten die Pflicht, die vorhersehbare Verwendung und Nutzungsbedingungen
der besagten Fahrzeuge und streitgegenständlichen Produkte vorherzusehen, einschließlich u.a.
den Transport von Personen und Frachten auf öffentlichen Straßen und Autobahnen und die
mögliche Verwicklung dieser Fahrzeuge und streitgegenständlichen Produkte in Unfälle und
Zusammenstöße. Als weitere Folge davon hatten die Beklagten und jeder Einzelne von ihnen die
Pflicht, die erforderliche Sorgfalt anzuwenden, die besagten Fahrzeuge, ihre Komponenten und
ihr Zubehör, einschließlich der streitgegenständlichen Produkte ordnungsgemäß zu konstruieren,
zu fertigen, zu überholen, aufzuarbeiten, umzurüsten, zu verpacken, zu vertreiben, zu testen, zu
bauen, auszuwählen, zu montieren, zu installieren, herzustellen, zu analysieren, zu vermarkten, zu
empfehlen, zu warten, auszustatten, zu konfigurieren, instand zu halten, zu reparieren, zu
gewährleisten, anzubieten, zu bewerben, deren Verkauf zu fördern, zu verleasen, zu vermieten, zu
verkaufen und angemessene Warnungen und Hinweise hinsichtlich der richtigen Installation,
Betrieb, Zubehör und/oder Komponentenkonfiguration zu geben, so dass dieselben für die
Verwendungszwecke, Verwendungsbedingungen und Verwendungsarten, für die sie vorgesehen
waren und auf die sie vorhersehbar benutzt werden würden, angemessen sicher wären.

28.     An einem Datum oder Daten vor dem 25. Mai 2005 haben die Beklagten und jeder
Einzelne von ihnen die streitgegenständlichen Produkte, deren Komponenten und Zubehör dafür
so fahrlässig und nachlässig konstruiert, gefertigt, überholt, aufgearbeitet, umgerüstet, verpackt,
vertrieben, getestet, gebaut, ausgewählt, montiert, ausgestattet, konfiguriert, installiert,
hergestellt, analysiert, vermarktet, empfohlen, gewartet, repariert, instand gehalten, gewährleistet,
angeboten, beworben, deren Verkauf gefördert, verleast, vermietet, verkauft, beschriftet oder die
Beschriftung unterlassen, unzulängliche Anweisungen und Warnungen über die ordnungsgemäße
Installation, Betrieb, Zubehör und/oder Komponentenkonfiguration, Benutzung, Pflege, Service,



Reparatur und Instandhaltung gegeben oder diese Anweisungen und Warnungen unterlassen, so dass dieselben für den Gebrauch, die Bedingungen unter denen und die Art und Weise, auf die deren Verwendung vorgesehen war und sie vorhersehbar verwendet werden würden, unangemessen gefährlich, mangelhaft, unsicher und ungeeignet wurden. Des weiteren waren den Beklagten und jedem Einzelnen von ihnen die unsichere, mangelhafte und ungeeignete Auslegung der streitgegenständlichen Produkte, der Komponenten und des Zubehörs derselben und die Tatsache bekannt oder hätte von diesen bei Anwendung der angemessenen Sorgfalt erkannt werden oder den Beklagten und jedem Einzelnen von ihnen bekannt sein sollen, dass diese streitgegenständlichen Produkte, Komponenten und Zubehör derselben für die Zwecke, die Art und die Bedingungen, für die bzw. unter denen deren Benutzung vorgesehen war, wenn sie gemäß den Empfehlungen der Beklagten bzw. wie dies von diesen und jedem Einzelnen von ihnen vorhersehbar war, benutzt werden, unangemessen gefährlich, unsicher, mangelhaft und ungeeignet waren. Des Weiteren wurden die unangemessen gefährlichen, mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte und der Komponenten derselben den Benutzern derselben, einschließlich der Klägerin, nicht mitgeteilt.

29.    Als direkte und rechtliche Folge der Fahrlässigkeit und Nachlässigkeit der Beklagten und eines jeden Einzelnen von ihnen und der gefährlichen, mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht, dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über die das Fahrzeug verloren ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin ELIZAVETA M. HUNSINGER schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe Querschnittslähmung [Quadriplegie] und traumatische Gehirnverletzungen.



30.    Als unmittelbare Folge der obigen Ausführungen hat die Klägerin ELIZAVETA M.
HUNSINGER schwere und permanente Verletzungen erlitten, die Gesundheit, Stärke und
Aktivität der Klägerin wurden erheblich geschädigt, sie erlitt Schäden an ihrem Körper sowie
Schock und Schäden an ihrem Nervensystem und ihrer Person, wodurch die Klägerin erhebliche
psychische und physische Verletzungen und Nervenschmerzen erlitten hat und weiter erleidet.
Die Klägerin wurde informiert und ist der Meinung und macht nach bestem Wissen und
Gewissen geltend, dass diese Verletzungen bei ihr zu einer schweren dauerhaften Behinderung
führen werden. Aufgrund der vorstehenden Ausführungen hat die Klägerin allgemeine Schäden in
einer Höhe erlitten, die über dem Mindeststreitwert dieses Gerichts liegen.

31.    Als direkte und rechtliche Folge der vorstehenden Ausführungen und der ihr dadurch
entstandenen Verletzungen, musste und muss die Klägerin ELIZAVETA M. HUNSINGER
weiterhin die Dienste von Ärzten und anderen im Gesundheitswesen tätigen Personen in
Anspruch nehmen und es werden ihr weitere Ausgaben für medizinische Betreuung entstehen.
Derzeit ist der Klägerin der angemessene Wert dieser Dienstleistungen und Auslagen nicht
bekannt. Sie wird jedoch um Erlaubnis bitten, denselben in ihre Klage aufzunehmen, wenn er
festgestellt oder bei der Verhandlung nachgewiesen wurde.

32.    Als direkte und rechtliche Folge der vorstehenden Ausführungen und der von ihr dadurch
erlittenen Verletzungen, sind der Klägerin ELIZAVETA M. HUNSINGER Beeinträchtigungen
und Schäden an ihrem Einkommen und/oder ihrer Erwerbsfähigkeit entstanden. Die Klägerin
bringt nach bestem Wissen und Gewissen vor, dass sie diese Schäden auch weiterhin erleiden
wird, und zwar zuzüglich zu zusätzlichen Schäden in einer derzeit unbekannten Höhe, wobei die
Klägerin um Erlaubnis bitten wird, diese Klage zu ändern, um den Betrag der besagten Schäden
aufzunehmen, wenn er festgestellt oder bei der Verhandlung nachgewiesen wurde.

Die Klägerin ELIZAVETA M. HUNSINGER beantragt daher den Erlass eines Urteils

gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

## PUNKT ZWEI DER KLAGEBEGRÜNDUNG
(Gefährdungshaftung)

33.     Die Klägerin verweist auf das Vorbringen in Ziffer 1 bis 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

34.     Zum Zeitpunkt der Fertigung und zu allen Zeiten danach, einschließlich u.a. der Zeit, zu der die streitgegenständlichen Produkte, ihre Komponenten und jedes Zubehörteil, den Besitz der Beklagten und eines jeden Einzelnen von ihnen verließen, waren die streitgegenständlichen Produkte, ihre Komponenten und ihr Zubehör mangelhaft, unsicher und für ihren vorgesehenen Zweck und ihre vernünftigerweise vorhersehbare Verwendung ungeeignet.

35.     Als direkte und gesetzliche Folge der gefährlichen, mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht, dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über das Fahrzeug verloren ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin ELIZAVETA M. HUNSINGER schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe Querschnittslähmung [Quadriplegie] und traumatische Gehirnverletzungen.

36.     Als direkte und rechtliche Folge der vorstehenden Ausführungen sind der Klägerin ELIZAVETA M. HUNSINGER die in Ziffer 30 mit 32 ausgeführten Verletzungen und Schäden entstanden.

Die Klägerin ELIZAVETA M. HUNSINGER beantragt daher den Erlass eines Urteils gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

### PUNKT DREI DER KLAGEBEGRÜNDUNG
(Gewährleistungsverletzung)

37.     Die Klägerin verweist auf das Vorbringen in Ziffer 1 mit 8 dieser Klage und nimmt dieses durch Bezugnahme hier vollinhaltlich auf.

38.     Die Klägerin bringt nach bestem Wissen und Gewissen vor, dass zu allen hierin erwähnten Zeiten, zum Zeitpunkt des Verkaufs der streitgegenständlichen Produkte und eines jeden ihrer Komponenten und jedes Zubehörteils und davor sowie weiterhin danach, die Beklagten und jeder Einzelne von ihnen durch Werbemedien zu Kauf, Miete und/oder Benutzung ihrer streitgegenständlichen Produkte, eines jeden ihrer Komponenten und jedes Zubehörteils aufgefordert haben und ansonsten der Öffentlichkeit gegenüber, einschließlich aller Personen, die die streitgegenständlichen Produkte vorhersehbar benutzen oder sich in deren Nähe befinden würden, einschließlich dem Fahrer des streitgegenständlichen Fahrzeugs Jeep Cherokee und einschließlich der Klägerin ELIZAVETA M. HUNSINGER gegenüber, ausdrücklich gewährleisteten und zusicherten und ansonsten stillschweigend gewährleisteten und zusicherten, dass ihre Produkte, einschließlich der streitgegenständlichen Produkte, eine jeden Komponente und jedes Zubehörteil, effektiv, mängelfrei und jeglicher Hinsicht sicher und für ihre vorgesehenen und vernünftigerweise vorhersehbaren Benutzungen frei von Design-, Arbeitsausführungs-, Anweisungs- und Materialmängeln und von marktgängiger Qualität waren.

39.     Die Klägerin bringt nach bestem Wissen und Gewissen vor, dass sich die Klägerin ELIZAVETA M. HUNSINGER und die Eigentümer und Bediener des besagten



Fahrzeugs beim Kauf und der Benutzung der streitgegenständlichen Produkte, eines jeden ihrer Komponenten und eines jeden Zubehörteils gerechtfertigterweise auf die besagten Gewährleistungen und Gewährleistungszusicherungen und auf die Kenntnisse und das Urteil der Beklagten und eines jeden Einzelnen von ihnen verlassen haben, um die Ausstattung auszuwählen und bereitzustellen, einschließlich Optionen, Systemen und Zubehör, das in jeglicher Hinsicht sicher und für den Zweck, für den es vorgesehen und zu dem es vorhersehbar benutzt werde würde, in jeglicher Hinsicht sicher und geeignet war.

40.    Die besagten ausdrücklichen und stillschweigen Gewährleistungen und Gewährleistungszusicherungen entsprachen nicht der Wahrheit und wurden von den Beklagten und einem jedem Einzelnen von ihnen insofern verletzt, dass die streitgegenständlichen Produkte, bestimmte ihrer Komponenten und Zubehörteile nicht von marktgängiger Qualität, nicht ohne Design-, Arbeitsauführungs- und Materialmängel waren, für ihre vorgesehenen und vernünftigerweise vorhersehbaren Benutzungen nicht sicher und angemessen geeignet waren, jedoch statt dessen für ihre vorgesehenen und vernünftigerweise vorhersehbaren Verwendungszwecke mangelhaft, ungeeignet und unsicher waren.

41.    Als direkte und rechtliche Folge der Verletzung der ausdrücklichen und stillschweigenden Gewährleistungen und Gewährleistungszusicherungen der Beklagten und eines jeden Einzelnen von ihnen und der mangelhaften, unsicheren und ungeeigneten Eigenschaften der streitgegenständlichen Produkte, ihrer Komponenten und ihres Zubehörs, wie oben ausgeführt, zum oben angegebenen Zeitpunkt und Ort, wurde verursacht, dass bei dem vorgenannten Fahrzeug Jeep Cherokee die Kontrolle über das Fahrzeug verloren ging, das Fahrzeug Schwenkbewegungen ausführte, übersteuerte, sich überschlug, überrollte und verschiedene Störungen und/oder Fehlfunktionen der Komponenten des Fahrzeugs eintraten (einschließlich u.a. das Dach, die Dachstützen, die Verglasung, des Rückhaltesystems usw.), die die Fahrgäste vor Verletzungen hätten schützen sollen, wodurch die Klägerin ELIZAVETA M. HUNSINGER schwere und katastrophale Verletzungen erlitt, einschließlich u.a. hohe Querschnittslähmung [Quadriplegie] und traumatische Gehirnverletzungen.

42.    Als direkte und gesetzliche Folge der vorstehenden Ausführungen sind der Klägerin



ELIZAVETA M. HUNSINGER die in Ziffer 30 mit 32 ausgeführten Verletzungen und Schäden entstanden.

Die Klägerin ELIZAVETA M. HUNSINGER beantragt daher den Erlass eines Urteils gegen die Beklagten und jeden Einzelnen von ihnen wie nachstehend ausgeführt.

## KLAGEBEGEHREN

Die Klägerinnen und jede Einzelne von ihnen beantragen den Erlass des folgenden Urteils gegen die Beklagten und jeden Einzelnen von ihnen:

1.    Für allgemeine Schäden in einer Höhe, die über dem Mindeststreitwert dieses Gerichts liegt.

2.    Zuerkennung eines Betrags für medizinische und damit verbundene Kosten für Vergangenheit und Zukunft gemäß Nachweis.

3.    Zuerkennung sämtlichen entgangenen Einkommens in Vergangenheit und Zukunft gemäß Nachweis.

4.    Vor dem Urteil angefallene Zinsen in Höhe von 10 % (zehn Prozent) pro Jahr gemäß den Bestimmungen von § 3288 und 3291 (oder eines dieser Paragraphen) des Civil Code [US-Zivilprozessordnung].

5.    Zuerkennung eines Betrags für die hierdurch entstandenen Kosten.

6.    Den anderen und weiteren Rechtsschutz, den dieses Gerichts für angemessen und gerecht erachtet.

Datum: 9. Mai 2007                          VAN BLOIS & ASSOCIATES


                                            *Unterschrift* _____
                                            Vertr.d.: R. LEWIS VAN BLOIS
                                            Anwälte der Klägerin



SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553
[erstinstanzl. Gericht – Martinez, Bezirk Contra Costa]

SHELLEY ROBINSON ./. DAIMLERCHRYSLER AG

MITTEILUNG ÜBER FALLMANAGEMENT-KONFERENZ                    CIVMSC07-
00998

1. HINWEIS: DIE FALLMANAGEMENT-KONFERENZ WURDE ANGESETZT AUF:

DATUM: 28.9.07      ABTL. 30      UHRZEIT: 8.30 Uhr

Den Gegenparteien ist dieses Formular, eine Kopie der Mitteilung an die Kläger, das ADR-Informationsblatt, ein unausgefüllter Fragebogen für die Fallmanagement-Konferenz [Case Management Conference] und ein unausgefülltes Übereinkunftsformular zuzustellen. Parteien oder deren Prozessanwälten, denen eine Ladung und Klageschrift/Widerklage zugestellt wurde, müssen erscheinen.

2. Sie können sich auf eine frühere Fallmanagement-Konferenz einigen. Wenn sich alle Parteien auf eine vorgezogene Fallmanagement-Konferenz einigen, setzen Sie sich wegen der Zuweisung eines früheren Datums bitte mit der Geschäftsstelle des Clerk [Leiter der Gerichtskanzlei] dieses Gerichts unter (925)957-5794 für Zivilsachen mit unbeschränktem Streitwert und (925)957-5791 für Zivilsachen mit beschränktem Streitwert in Verbindung.

3. Sie müssen mit dem Fall vertraut und bereit sein, an der Fallmanagement-Konferenz voll teilzunehmen und die Eignung dieses Falls für das EASE-Programm, private Mediation, ein rechtsverbindliches oder nicht rechtsverbindliches Schiedsverfahren bzw. die Verwendung eines Special Master [Hilfsrichter] zu diskutieren.

4. Bei jeder Fallmanagement-Konferenz kann das Gericht vor der Verhandlung Verfügungen erlassen, wie u.a.:

a. eine Verfügung zur Festlegung eines Beweisermittlungsplans
b. eine Verfügung zur Verweisung eines Falls an ein Schiedsgericht
c. eine Verfügung zur Verweisung eines Falls an ein Gericht mit beschränkter Zuständigkeit
d. eine Verfügung zur Abweisung fiktiver Beklagter
e. eine Verfügung, mit der der Austausch von Informationen sachverständiger Zeugen festgelegt wird
f. eine Verfügung, mit der die spätere Konferenz und das Verhandlungsdatum festgelegt wird
g. eine Verfügung über die Zusammenlegung von Fällen
h. eine Verfügung über die Trennung von Widerklagen oder zur Zweiteilung von Bereichen
i. eine Verfügung zur Festlegung, wann Abweisungsbegehren und Anträge eingereicht werden.

STRAFMASSNAHMEN

Wenn Sie den Fragebogen der Fallmanagement-Konferenz nicht einreichen oder bei der Fallmanagement-Konferenz nicht anwesend sind oder nicht wirksam an der Konferenz teilnehmen, kann das Gericht Strafmaßnahmen auferlegen (einschließlich Abweisung des Falls oder Geldstrafen).

Clerk of the Superior Court of Contra Costa County

Ich erkläre unter Strafe von Meineid, dass ich nicht Partei dieses Falls bin und dass ich eine
Abschrift dieser Mitteilung der Person ausgehändigt oder per Post zugesandt habe, die den
Kläger/Widerkläger vertritt.

Datum: 11.5.07

_____
C. JACALA, stellvertr. Clerk

**Superior Court of California, County of Contra Costa**

**MITTEILUNG AN BEKLAGTE in Zivilsachen mit unbeschränkter Zuständigkeit**

SIE WERDEN VERKLAGT. In diesem Paket sollten folgende Papiere enthalten sein:
a.  Die Ladung
b.  Die Klage
c.  Die Mitteilung über die Fallmanagement-Konferenz (unter Angabe von Datum und Uhrzeit der Anhörung)
d. <u>unausgefüllt</u>: Case Management Conference Statement [Erklärung zur Fallmanagement-Konferenz] (Judicial Council-Formular CM-110)
e.  Alternative Dispute Resolution (ADR) Informationsblatt [außergerichtliche Streitbeilegung]
f. <u>unausgefüllt</u>: Einigung, an der ADR teilzunehmen und die erste Fallmanagement-Konferenz 90 Tage zu verschieben

**HINWEIS: Das Gericht empfiehlt dringend, dass Sie für Ihren Fall insgesamt oder teilweise einen Anwalt konsultieren. Sie können sich zwar selbst vertreten, wobei Gerichtsverfahren sehr kompliziert sind und das Gericht Ihnen keine rechtlichen Ratschläge geben kann.**

---

**WAS MUSS ICH JETZT TUN?**
Sie müssen:
1.  Das **Case Management Conference Statement** (CM-110) ausfüllen
2.  **Eine Antwort einreichen** (siehe Rückseite)
3.  **Am dem Datum und zu der Uhrzeit vor Gericht erscheinen**, die in der <u>Notice of Case Management Conference</u> angegeben wurden.
4.  **Ihre Gerichtspapiere rechtzeitig einreichen und zustellen.**

**WICHTIGER HINWEIS! SIE KÖNNTEN IHREN FALL VERLIEREN, WENN SIE NICHT RECHTZEITIG EINE ANTWORT EINREICHEN.** Wenn die Zustellung an Sie persönlich erfolgt ist, müssen Sie Ihre Antwort innerhalb von 30 Tagen einreichen. Wenn der Zusteller eine Abschrift der Papiere bei einem zuständigen Erwachsenen in Ihrer Wohnung oder Ihrer Arbeitsstelle hinterlassen hat und Sie außerdem eine Abschrift per Post erhalten haben, haben Sie 40 Tage Zeit. Wenn Sie Ihre Antwort nicht rechtzeitig einreichen, kann der Fall gegen Sie entschieden werden – selbst bevor er von einem Richter gehört wird oder bevor Sie sich verteidigen können.

---

**GERICHTSKOSTEN**: Bei der ersten Einreichung Ihrer Papiere müssen Sie Gerichtskosten bezahlen. Wenn Sie einen Antrag stellen, wird eine weitere Gebühr fällig. Wenn Sie die Gebühren nicht bezahlen können, können Sie das Gericht bitten, auf die Gebühren zu verzichten. Verwenden Sie die Judicial Council-Formulare 982(a)(17)(A) [Informationsblatt]; 982(a)(17) [Antrag] und 982(a)(18) [Verfügung].

**FORMULARE**: Formulare können Sie am Forms Window im Family Law Building kaufen oder kostenlos von www.courtinfo.ca.gov/forms/ herunterladen.


### SIE MÜSSEN IHRE GERICHTLICHEN PAPIERE EINREICHEN UND ZUSTELLEN

Sie müssen Ihre Formulare (1 Original und 2 Kopien) im Office des Clerk einreichen. Eine über 18 Jahre alte Person, die mit Ihrem Fall nichts zu tun hat, muss dem Kläger einen Formularsatz zustellen. Der Zusteller füllt einen Zustellungsnachweis, Judicial Council-Formular POS-040 aus, das Sie bei Gericht umgehend einreichen müssen.

### GIBT ES ALTERNATIVEN ZU EINER GERICHTSVERHANDLUNG?

Wenn Sie sich mit der anderen Partei des Falls darauf einigen können, Mediation, ein Schiedsverfahren oder eine neutrale Fallbeurteilung [Neutral Case Evaluation] zu verwenden, kann die Einigung zur Teilnahme an der ADR und zum Aufschub der ersten Fallmanagement-Konferenz um 90 Tage mit Ihren anderen Papieren eingereicht werden. Weitere Angaben befinden sich den ADR-Informationen oder auf www.contracostacourts.org/adr. Oder rufen Sie (925) 957-5787 an.

CV-655d/neu 2.1.07

## WELCHE ART VON ANTWORTEN KANN ICH EINREICHEN?

- Wenn Sie mit dem Vorbringen des Klägers in der Klage insgesamt oder teilweise nicht übereinstimmen, weil Sie glauben oder wissen, dass dies nicht wahr ist, können Sie eine Antwort einreichen.
- Und wenn Sie gegen den Kläger im selben Fall einen Anspruch haben. Sie können eine Widerklage einreichen
- Bitten Sie das Gericht, in Ihrem Namen tätig zu werden. Sie können einen Antrag einreichen. (Siehe ARTEN VON ANTRÄGEN unten)

---

### WIE BEREITE ICH EINE ANTWORT VOR?

**Es gibt zwei Arten von Antworten, je nachdem, ob die Klage bestätigt wurde oder nicht. Sie können erkennen, ob eine Klage bestätigt wurde, weil sich darauf der Vermerk „Bestätigte Klage" oder auf der letzten Seite eine „Bestätigungserklärung" befindet.**

1. Es sind Standard-Antwortsformulare für das Gericht vorhanden, die Sie für Klagen verwenden können, die NICHT bestätigt wurden.

a. Für Personenschäden, Sachschäden und Ansprüche wegen schuldhaft verursachtem Tod verwenden Sie das Formular Judicial Council 982.1(15)

b. Für Forderungen aus Verträgen verwenden Sie das Formular Judicial Council 982.1(35). Für Antworten auf andere Arten von Ansprüchen gibt es keine Judicial Council-Formulare. Sie müssen Ihre eigene Antwort formulieren.

2. Bei Klagen, die bestätigt wurden, sind normalerweise Antworten mit dem Bestreiten einzelner Klagebehauptungen erforderlich. Hierfür gibt es keine Judicial Council-Formulare. Sie müssen Ihre eigene Antwort auf Schriftsatzpapier [Pleading Paper] und eine Bestätigungserklärung [Verification Statement] schreiben.

Für das Schreiben Ihrer Antwort können Sie Hilfe von einem Rechtsbibliothekar erhalten, der Sie auf Beispiele für Antworten hinweisen kann. Ihre Papiere müssen dem Format gemäß Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf entsprechen.

---

**In allen Antworten muss Folgendes enthalten sein:**

1. <u>Das Bestreiten</u>    Allgemeines Bestreiten:  *Verwenden Sie die richtigen Judicial Council-Formulare (siehe obige Liste)*
ODER
<u>Bestreiten einzelner Klagebehauptungen</u>:  *Achten Sie darauf, dass Sie jede Forderung, mit der Sie nicht übereinstimmen, bestreiten. Sie können z.B. Folgendes schreiben:*
*„Ich glaube oder weiß, dass die Angaben in Ziffer ___ unwahr/unrichtig sind."*
*Setzen Sie Ihre Aufstellung fort, bis Sie auf jede Ziffer der Klage eingegangen sind.*

2. <u>Einreden</u>        Auf den Judicial Council-Formularen ist Platz für Ihre Einreden vorhanden, oder
wenn Sie Ihre eigene Antwort schreiben, die ein Bestreiten einzelner Klagebehauptungen ist, führen Sie jede Ihrer Einreden in separaten Ziffern auf.

3. <u>Der Klageantrag oder Rechtsschutz</u>        *Ganz egal, ob Sie ein Judicial Council-Formular verwenden oder ein Bestreiten einzelner Klagebehauptungen einreichen, können Sie das Gericht bitten, die Klage des Klägers abzuweisen und dem Kläger Ihre Kosten aufzuerlegen.*

---

**Achten Sie darauf, dass Ihre Antwort <u>alle</u> Einreden enthält, da Sie sie vielleicht später in dem Fall nicht verwenden können. Wenn Sie eine Widerklage einreichen, müssen Sie dies mit Einreichung der Antwort tun; später ist dies nicht möglich.**

## ARTEN VON ANTRÄGEN

Durch Anträge wird das Gericht gebeten, etwas zu tun. Eventuell müssen Sie gleichzeitig eine Antwort einreichen. Zum derzeitigen Zeitpunkt können Sie Anträge nur aus der folgenden Liste einreichen:

1.  Abweisungsbegehren [Demurrer] *(mit den in der Klage angegebenen Fakten ist etwas unrichtig oder es ist für eine Einreichung zu spät),*

2.  Antrag auf Zurückweisung [Motion to Strike] *(die Klage ist unklar, hält die Gesetze nicht ein, ist „irrelevant" usw.),*

3.  Verweisungsantrag [Motion to Transfer] *(die Klage wurde im falschen Gericht eingereicht oder ein anderes Gericht ist besser geeignet),*

4.  Antrag auf Aufhebung der Ladungszustellung [Motion to Quash Service of Summons] *(wenn Ihnen keine gesetzmäßige Zustellung zugegangen ist),*

5.  Aussetzungsantrag [Motion to Stay] *(der Fall wird verschoben)* oder

6.  Antrag auf Abweisung wegen Unzulässigkeit [Motion to Dismiss] *(Fall wird gestoppt).*

**HINWEIS: Anträge sind sehr kompliziert und Sie werden wahrscheinlich die Hilfe eines Anwalts benötigen.**

## WO BEKOMME ICH MEHR HILFE?

*   Lawyer Referral Service:   (866) 442-2529
*   Bay Legal:   (800) 551 -5554
*   Contra Costa County Law Library    Martinez: (925)646-2763    Richmond: (510) 374-3019
*   Fragen Sie den Law Librarian [Rechtsbibliothekar]:   www.247ref.org/portal/accessjaw3.cfm

CV-655d/neu 2.1.07

| Anwalt oder Partei ohne Anwalt (Name, Bundesstaat, Zulassungsnummer und Anschrift)<br><br><br>Tel.Nr.:                    Fax-Nr.: (wahlweise)<br>E-Mail-Adresse (wahlweise):<br>Anwalt für (Name): | Nur zur gerichtlichen Verwendung |
|---|---|
| Superior Court of California, County of<br>Straßenanschrift:<br>Postanschrift:<br>Ort, PLZ:<br>Name der Abteilung:<br><br><br> | |
| Kläger/Antragsteller:<br>Beklagter/Antragsgegner: | |
| CASE MANAGEMENT STATEMENT<br>(eins ankreuzen): ☐ Unbeschränkter Fall   ☐beschränkter Fall<br>          (geltend gemacht    (geltend gemacht<br>          Betrag über      25.000 USD oder<br>          25.000 USD)      weniger) | AZ: |
| Eine Fallmanagement-Konferenz wurde wie folgt anberaumt:<br>Datum:          Uhrzeit:          Abtl.:        Kammer:          Zimmer:<br><br>Anschrift des Gerichts (wenn von obiger Anschrift abweichend): | |

**ANLEITUNG: Alle zutreffenden Kästchen müssen angekreuzt und die jeweiligen Angaben gemacht werden.**

1. **Partei oder Parteien** (*eine Möglichkeit beantworten*):
a.  ☐ Diese Erklärung wird von folgender Partei eingereicht (*Name*):
b.  ☐ Diese Erklärung wird gemeinsam von den Parteien eingereicht (*Namen*):

2. **Klage und Widerklage** (*nur von Klägern und Widerklägern zu beantworten*):
a. Die Klage wurde eingereicht am (*Datum*):
b.  ☐ Die etwaige Widerklage wurde eingereicht am (*Datum*):

3.
**Zustellung** (*nur von Klägern und Widerklägern zu beantworten*):
 a. ☐ An alle Parteien, die in der Klage und Widerklage genannt wurden, ist die Zustellung erfolgt, sie sind erschienen oder sie wurden abgewiesen. Die folgenden, in der Klage oder Widerklage genannten Parteien
(1) ☐ haben keine Zustellung erhalten (*Namen angeben und Erklärung, warum nicht*):
(2) ☐ haben eine Zustellung erhalten, sind jedoch nicht erschienen und wurden nicht abgewiesen (*Namen angeben*):
(3) ☐ haben ein Versäumnisurteil gegen Sie erlassen (*Namen angeben*):

c.  ☐ Folgende weitere Parteien können aufgenommen werden (*Namen, Verbindung mit dem Fall und Datum angeben, zu dem die Zustellung an sie erfolgt*):



**4. Beschreibung des Falles**

a.   Art des Falles in ☐  Klage    ☐  Widerklage   *(beschreiben, einschl. Klagegründe]*

Verwendung des Formulars vorgeschrieben
Judicial Council of California CM-110 [Rev. 1. Jan. 2007]

CASE MANAGEMENT STATEMENT

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

CM-110

| Kläger/Antragsteller: | AZ: |
|---|---|
| Beklagter/Antragsgegner: | |

4. b. Machen Sie eine kurze Angabe zum Fall, einschließlich jeglicher Schadenersatzansprüche. *(Wenn Schadenersatz wegen Personenschäden beantragt wird, machen Sie genaue Angaben zu der geltend gemachten Verletzung und Schäden, einschließlich medizinische Kosten bis heute [Herkunft und Höhe angeben], geschätzte künftige medizinische Kosten, entgangenes Einkommen bis heute und geschätztes künftiges entgangenes Einkommen. Wenn Sie einen billigkeitsrechtlichen Rechtsschutz beantragen, beschreiben Sie die Art des Rechtsschutzes.)*

☐ *(Wenn Sie mehr Platz benötigen, kreuzen Sie dieses Kästchen an und fügen Sie eine Seite an, die als Anlage 4b bezeichnet wird.)*

5. **Verhandlung mit oder ohne Geschworene**
Die Partei oder Parteien beantragen ☐ eine Verhandlung mit Geschworenen ☐ eine Verhandlung ohne Geschworene
*(Wenn mehr als eine Partei, bitte den Namen einer jeden Partei angeben, die eine Verhandlung mit Geschworenen beantragt.)*

6. **Verhandlungsdatum**
a. ☐ Das Datum der Verhandlung wurde angesetzt auf *(Datum)*:
b. ☐ Es wurde keine Verhandlung anberaumt. Dieser Fall wird innerhalb von zwölf Monaten nach dem Datum der Einreichung der Klage zur Verhandlung bereit sein *(wenn nicht, bitte erklären)*:
c. **Daten**, an denen die Parteien oder Anwälte nicht für eine Verhandlung zur Verfügung stehen *(Daten angeben und Gründe für Nichtverfügbarkeit erklären)*:

7. **Geschätzte Länge des Verfahrens**
Die Partei oder Parteien schätzen, dass die Verhandlung folgende Zeitspanne beanspruchen wird *(eine Möglichkeit ankreuzen)*:
a. ☐ Tage *(Anzahl angeben)*:
b. ☐ Stunden *(kurze Fälle) (genaue Angaben)*:

8. **Vertretung bei der Verhandlung** *(von jeder Partei zu beantworten)*:
Die Partei oder Parteien werden bei der Verhandlung ☐ durch einen im Rubrum angegebenen Anwalt oder Partei vertreten oder ☐ durch:
a.  Anwalt:
b.  Firma:
c.  Anschrift:
d.  Telefonnummer:
e.  Faxnummer:
f.  E-Mail-Adresse:
g. Vertretene Partei:
☐ Zusätzliche Vertretung wird in Anhang 8 beschrieben.

9. **Vorrangige Abwicklung**
☐ Dieser Fall ist zur vorrangigen Abwicklung berechtigt *(Paragraph des Gesetzes angeben)*:

**10. Alternative Dispute Resolution (ADR) [außergerichtliche Streitbeilegung]**

a. Anwalt ☐ hat ☐ hat nicht dem Klienten das ADR-Informationspaket gemäß Rule 3.221 zur Verfügung gestellt und mit dem Klienten die ADR-Optionen geprüft.

b.  ☐ Alle Parteien haben einer Form von ADR zugestimmt. ADR wird bis zu folgendem Datum abgeschlossen:

c.  ☐ Der Fall wurde an ein ADR-Verfahren verwiesen (*Status angeben*):

CM-110 (ftv. 1. Jan. ,2007]      CASE MANAGEMENT STATEMENT

| Kläger/Antragsteller: | AZ: |
| Beklagter/Antragsgegner: | |

10. d.  Die Partei oder Parteien sind zur Teilnahme an bereit (*Zutreffendes ankreuzen*):
(1) ☐ Mediation
(2) ☐ Nicht rechtsverbindliches gerichtliches Schiedsverfahren gemäß Code of Civil Procedure §
1141.12 (Abschluss der Beweisermittlung 15 Tage vor Schiedsverfahren gem. Cal. Rules of
Court, Rule 3.822)
(3) ☐ Nicht rechtsverbindliches gerichtliches Schiedsverfahren gemäß Code of Civil Procedure §
1141,12 (Beweisermittlung bis 30 Tage vor Verhandlung; Verfügung gem. Cal. Rules of Court,
Rule 3.822 erforderlich)
(4) ☐ Rechtsverbindliches gerichtliches Schiedsverfahren
(5) ☐ Rechtsverbindliches privates Schiedsverfahren
(6) ☐ Neutrale Fallbeurteilung
(7) ☐ Sonstiges (*bitte genaue Angaben*):

e.    ☐ Diese Angelegenheit unterliegt einem zwingend vorgeschriebenen gerichtlichen
Schiedsverfahren, da der streitige Betrag die gesetzliche Beschränkung nicht übersteigt.
f.    ☐ Der Kläger möchte diesen Fall an ein gerichtliches Schiedsverfahren verweisen und
stimmt zu, die Beweisermittlung auf die in Code of Civil Procedure § 1141.11 angegebenen
Grenzen zu beschränken.
g.    ☐ Dieser Fall ist gem. Rule 3.811 der California Rules of Court von einem gerichtlichen
Schiedsverfahren ausgeschlossen (*Ausschluss angeben*):

11. **Vergleichskonferenz**
☐ Die Partei oder Parteien sind bereit, an einer Konferenz für einen vorzeitigen Vergleich
teilzunehmen (*bitte Zeitpunkt angeben*):

12. Versicherung
a. ☐ Etwaiger Versicherer, für Partei, die diese Erklärung einreicht (*Name*):
b. ☐ Vorbehalt von Rechten:
c. ☐ Deckungsfragen werden sich in erheblichem Umfang auf die Beilegung dieses Falls
auswirken (*erklären*):

13. **Zuständigkeit**
Geben Sie alle Punkte an, die sich auf die Zuständigkeit des Gerichts oder die Bearbeitung dieses
Falls auswirken könnten und beschreiben Sie den Status.
☐ Insolvenz    ☐ Sonstiges (*angeben*):
Status:

14. **Verbundene Fälle**, Zusammenlegung und Koordination
a.    ☐ Es sind verwandte, zugrunde liegende oder verbundene Fälle vorhanden.
(1) Bezeichnung des Falls:
(2) Name des Gerichts:
(3) Aktenzeichen:
(4) Status:
☐ Zusätzliche Fälle wurden in Anhang 14a beschrieben.
☐ Ein Antrag ☐ yur Konsolidierung ☐ Koordinierung    wird eingereicht von (*Name der
Partei*):



**15. Bifurcation**
b. ☐ Die Partei oder Parteien beabsichtigen, einen Antrag auf den Erlass einer Verfügung zur Zweiteilung, Abtrennung oder Koordination der folgenden Punkte und Klagegründe einzureichen (*antragstellende Partei, Art des Antrags und Gründe angeben*):

**16. Sonstige Anträge**
☐ Die Partei oder Parteien gehen davon aus, dass sie vor der Verhandlung folgende Anträge stellen (*antragstellende Partei, Art des Antrags und Punkte angeben*):

CM-110 (Rev. 1. Jan., 2007)
                    CASE MANAGEMENT STATEMENT
                                                            Seite 3 von 4

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**IN AND FOR THE COUNTY OF CONTRA COSTA**
[in etwa: erstinstanzl. Gericht des US-Bundesstaats Kalifornien, in und für den Bezirk Contra Costa]

---
_____

Kläger

gegen

_____

Beklagte(r)

**Einigung und Verfügung, an der ADR teilzunehmen und die erste**
**Fallmanagement-Konferenz 90 Tage zu erschieben**
AZ: _____ Datum der Einreichung der Klage: _____Erste Fallmanagement-
Konferenz anberaumt auf: _____

---

▶ ALLE PARTEIEN MÜSSEN DIESES FORMULAR UNTERZEICHNEN UND DIESE
EINIGUNG ZUSAMMEN MIT DEN CASE MANAGEMENT STATEMENTS MINDESTENS
15 TAGE VOR DER ERSTEN CASE MANAGEMENT CONFERENCE EINREICHEN
▶ AUSSERDEM MÜSSEN DIE PARTEIEN EINE KOPIE DIESES FORMULARS MIT DER
UNTERSCHRIFT DES RICHTERS AN DAS ADR OFFICE SENDEN: FAX: (925) 957-5689 or
MAIL: P.O. BOX 911, MARTINEZ, CA 94553 USA
▶ DIESE EINIGUNG DARF IN KOMPLEXEN STREITFÄLLEN NICHT VERWENDET
WERDEN.

---

**Der Anwalt und die Parteien bestätigen, dass sie zusammengekommen sind und über die in**
**Rule of Court 212(b) angesprochenen Punkte beraten und den folgenden ADR-Prozess**
**(Alternative Dispute Resolution - außergerichtliche Einigung) ausgewählt haben:** [Bitte eine
Antwort ankreuzen:]

☐ Gerichtliche Mediation
☐ Private Mediation
☐ Gerichtliches Schiedsverfahren
☐ Privates Schiedsverfahren
☐ Neutrale Fallbeurteilung

## DER ANWALT UND DIE PARTEIEN VERPFLICHTEN SICH, ADR INNERHALB VON 90 TAGEN DURCHZUFÜHREN UND SIE BESTÄTIGEN:

1. Dies ist keine komplexe Zivilsache (gemäß Beschreibung in California Rules of Court, Rule 1800);
2. Die Zustellung an alle Parteien ist erfolgt und sie beabsichtigen, sich der Zuständigkeit des Gerichts zu unterwerfen.
3. Alle Parteien haben einem spezifischen Plan für eine ausreichende Beweisermittlung zugestimmt, um den ADR-Prozess sinnvoll zu machen.
4. Die Gebühr für das erste Erscheinen des/der Beklagten wurde bezahlt oder wird mit dieser Einigung eingereicht.



5.   Kopien dieser Einigung mit adressierten, frankierten Umschlägen für die Rücksendung der mit Eingangsstempel versehenen Kopien an den Anwalt und die Parteien werden bereitgestellt.

6.   Case Management Conference Statements werden mit dieser Einigung eingereicht.

7.   Alle Parteien werden gemäß Maßgabe der Local Court Rule (Anhang C) an den ADR-Konferenzen teilnehmen, und

8.   Allen Parteien ist bekannt, dass das Gericht für die Durchführung der ADR nicht mehr als 90 Tage gestattet.

Signature

> Gemäß der Einigung der Parteien und vorbehaltlich der einzureichenden Case Management Order wird VERFÜGT, dass die auf den _____anberaumte Konferenz abgesagt und auf den _____um(8.30 Uhr /_____) neu angesetzt wird. Der Anwalt des Klägers muss alle Parteien über die Case Management Conference unterrichten.
>
>
> Datum: _____            _____
>                                                          Richter am Superior Court

CV-655b/Rev. i/2/07

[Siegel]

## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION
[in etwa: erstinstanzl. Gericht für den Bezirk Contra Costa; Informationen für außergerichtliche Streitbeilegung]

---

Alle Richter im Civil Trial Delay Reduction Program stimmen darin überein, dass die Parteien für die Beilegung ihrer Fälle die Verwendung der Alternative Dispute Resolution (ADR) in Betracht ziehen sollten. Um dem Gericht mitzuteilen, dass Sie ADR verwenden werden:
* Wählen Sie auf dem Case Management Form (CM-110) ADR aus,
* Reichen Sie eine Einigung zur Teilnahme an ADR und Continue First Case Management Conference 90-Days (Formular des örtlichen Gerichts) ein, oder
* einigen Sie sich bei Ihrem ersten Erscheinen vor Gericht auf ADR.

<u>Fragen?</u> Rufen Sie +1-(925) 957-5787 an oder gehen Sie zu www.contracostacourts.om/adr.

---

## **MEDIATION**
Oft ist Mediation schneller und billiger als eine Gerichtsverhandlung. Mediatoren helfen Leuten, die eine Streitigkeit haben, dabei, über Möglichkeiten zur Beilegung ihres Falls zu sprechen. Die Parteien rufen das ADR Programs-Büro an oder holen im Büro eine Liste der Mediatoren ab. Nachdem die Parteien sich auf einen Mediator geeinigt haben, müssen sie eine Zusammenfassung erstellen (höchstens fünf Seiten), in der die Tatsachen, die rechtlichen Argumente und die rechtliche Grundlage für ihre Position erklärt wird. Sie müssen diese Zusammenfassung mindestens fünf Tage vor Beginn der Mediation den anderen Parteien und dem Mediator zusenden.

ALLE Parteien und Anwälte müssen an der Mediation teilnehmen. Die Mediation kann an einem Ort und Zeitpunkt stattfinden, auf den sich die Parteien und der Mediator einigen, vorausgesetzt, die Mediation wird vor der gerichtlichen Frist abgeschlossen. Bei bestimmten gerichtlichen Fällen müssen die Parteien die Möglichkeit haben, die Mediation im Gerichtsgebäude am Tag der Verhandlung durchzuführen.

Die meisten Mediatoren beginnen, indem sie mit den Parteien zusammen sprechen und ihnen dabei helfen, sich auf die wichtigen Punkte zu konzentrieren. Der Mediator kann auch mit jeder Partei alleine sprechen. Oft fragen Mediatoren die Parteien, wie sie sich die Beilegung des Falls vorstellen. Manche Mediatoren sagen den Parteien, wie viel ein Fall ihres Erachtens wert ist, oder sie sagen ihnen, was ihrer Meinung nach passieren könnte, wenn ein Fall vor Gericht verhandelt wird. Andere Mediatoren helfen den Parteien, diese Punkte selbst zu entscheiden. Ganz egal, welchen Ansatz ein Mediator verfolgt, können Entscheidungen über die Beilegung eines Falls nur getroffen werden, wenn sich die Parteien einigen.

Wenn die Parteien das ADR-Programm des Gerichts durchlaufen, stellen die Mediatoren für die erste halbe Stunde, die sie für die Planung oder Vorbereitung der Mediation aufwenden, keine Gebühr in Rechnung. Für die ersten zwei Stunden der Mediation berechnen sie ebenfalls keine Gebühren. Sollten die Parteien mehr Zeit brauchen, müssen sie die üblichen Gebühren dieser Person bezahlen. Einige Mediatoren bitten vor Beginn der Mediation um eine Anzahlung. Wenn ein Mediator um eine Anzahlung bittet, muss er/sie den Betrag zurückbezahlen, der übrig ist, wenn er/sie die Zeit, die er für die Vorbereitung oder Durchführung der Mediation aufgewendet hat, zusammenrechnet. Eine Partei, auf deren Gerichtskosten verzichtet wurde, kann darum bitten, dass auf die Mediationsgebühren oder die Anzahlung ebenfalls verzichtet wird.

Wenn sich die Parteien darauf einigen, wie sie ihren Fall beilegen, können sie sich entscheiden, dies vertraulich zu tun, sie können einen Vertrag schließen oder den Richter bitten, dies zu einer gerichtlichen Verfügung zu machen. Alles, was die Parteien in einer Mediation sagen oder worauf sie sich einigen, ist vertraulich.

## PRIVATE MEDIATION

Die private Mediation läuft genauso ab wie die gerichtliche Medikation, mit dem Unterschied, dass die Parteien nicht durch das ADR Programs-Büro gehen. Die Parteien wählen ihren eigenen Mediator aus und bezahlen dessen übliche Gebühren.

CV-655c/Rev. 1/2/07



## GERICHTLICHES SCHIEDSVERFAHREN (nicht rechtsverbindlich)

Bei einem gerichtlichen Schiedsverfahren sieht sich ein unabhängiger Anwalt (Schiedsrichter) das Beweismaterial an, hört den Parteien und ihren Zeugen zu und entscheidet, wie der Fall beigelegt wird. Ein gerichtliches Schiedsverfahren ist weniger formell als ein Gericht. Die Parteien rufen das ADR Programs-Büro an oder holen im Büro eine Liste der Schiedsrichter ab. Wenn sie sich nicht auf einen Schiedsrichter einigen können, weist das Gericht einen Schiedsrichter zu. Der Richter kann Fälle zur schiedsgerichtlichen Einigung verweisen, wenn der Streitwert weniger als 50 000 USD ist. Die Person, die den Prozess angestrengt hat, kann sicherzustellen, dass der Fall an ein Schiedsgericht verwiesen wird, wenn sie sich darauf einigen, den geltend gemachten Betrag auf 50 000 USD zu beschränken. Die Parteien können sich auch auf die Verwendung eines gerichtlichen Schiedsverfahrens einigen. Der Schiedsrichter muss seine Entscheidung (Schiedsspruch) innerhalb von zehn Tagen nach der letzten Verhandlung an das Gericht senden. Der Schiedsspruch wird zu einem gerichtlichen Urteil, es sei denn, eine Partei bittet das Gericht, den Fall innerhalb von 30 Tagen zu überprüfen. Die Parteien müssen das ADR 102-Formular verwenden, um eine neue Gerichtsverhandlung zu beantragen (Trial de novo genannt). Gerichtliche Schiedsrichter verlangen 150 USD pro Fall oder pro Tag.

## PRIVATES SCHIEDSVERFAHREN (nicht rechtsverbindlich und rechtsverbindlich)

Ein privates, nicht rechtsverbindliches Schiedsverfahren ist dasselbe wie ein gerichtliches Schiedsverfahren, außer, dass sich die Parteien für die Auswahl eines Schiedsrichters nicht an das ADR Programs-Büro wenden. Der Schiedsspruch des Schiedsrichters wird nicht zu einem gerichtlichen Urteil, es sei denn, alle Parteien stimmen zu. Die Parteien müssen die üblichen Gebühren des Schiedsrichters bezahlen.

Ein rechtsverbindliches Schiedsverfahren unterscheidet sich von einem gerichtlichen oder privaten nicht-rechtsverbindlichen Schiedsverfahren, da die Entscheidung des Schiedsrichters rechtsverbindlich ist. Die Parteien verzichten auf ihr Recht, dass ein Richter ihren Fall später überprüft (außer aus Gründen, die in California Code of Civil Procedure, Section 1286.2 aufgeführt sind). Die Vorschriften für rechtsverbindliche Schiedsverfahren sind in California Code of Civil Procedure, Sections 1280-1288.8 aufgeführt. Die Parteien können sich jederzeit darauf einigen, bevor der Richter eine Entscheidung trifft, wodurch der Fall beigelegt wird, auf ein rechtsverbindliches Schiedsverfahren überzuwechseln. Die Parteien wählen den Schiedsrichter selbst aus und müssen dessen übliche Gebühren bezahlen (nicht 150 USD).

## SETTLEMENT MENTOR CONFERENCE [VERGLEICHSBERATERKONFERENZ]

Settlement Mentors [Vergleichsberater] sind unabhängige, erfahrene Prozessanwälte, die von einem Anwalt zugewiesen werden, um den Parteien dabei zu helfen, Möglichkeiten für die Beilegung ihres Falls zu finden. Die Konferenz ist kostenlos und wird im Gerichtsgebäude abgehalten. Oft findet sie am Morgen der Verhandlung statt, kann jedoch auf jeden beliebigen Zeitpunkt angesetzt werden. Diese Konferenzen dauern normalerweise zwei bis drei Stunden. Die Parteien legen keine Beweise vor und rufen keine Zeugen auf. Die Parteien können den Settlement Mentor bitten, der anderen Partei (jedoch nicht dem Richter) gewisse Informationen vorzuenthalten. Der Settlement Mentor kann dem Richter sämtliche Informationen oder den Richter in Vergleichsverhandlungen einbeziehen. An der Settlement Mentor Conference müssen alle Auftraggeber, Klienten und Anspruchsvertreter teilnehmen.

## NEUTRALE FALLBEURTEILUNG (NEUTRAL CASE EVALUATION)

Bei der neutralen Fallbeurteilung werden die Unterlagen von einem unabhängigen Anwalt (Beurteiler) überprüft, der der Darstellung des Falls durch die jeweiligen Parteien zuhört. Der Beurteiler sagt den Parteien dann, was seines Erachtens passieren könnte, wenn der Fall



gerichtlich verhandelt würde. Viele Leute benutzen die Meinung des Beurteilers, um selbst zu einer Einigung zu gelangen, oder sie benutzen diese Informationen später bei der Mediation oder einem Schiedsverfahren, um ihren Fall beizulegen.

Die Parteien rufen das ADR Programs-Büro an oder holen im Büro eine Liste der Beurteiler ab. Nachdem die Parteien sich auf einen Beurteiler geeinigt haben, müssen sie eine Zusammenfassung erstellen (höchstens fünf Seiten), in der die Tatsachen, die rechtlichen Argumente und die rechtliche Grundlage für ihre Position erklärt wird. Sie müssen diese Zusammenfassung mindestens fünf Tage vor Beginn der Beurteilung den anderen Parteien und dem Beurteiler zusenden. ALLE Parteien und ihre Anwälte müssen an der neutralen Fallbeurteilung teilnehmen. Die Beurteilung kann an einem Ort und Zeitpunkt stattfinden, auf den sich die Parteien und der Beurteiler einigen, vorausgesetzt, die Beurteilung wird vor der gerichtlichen Frist abgeschlossen. Wenn die Parteien das ADR-Programm des Gerichts durchlaufen, stellen die Beurteiler für die erste halbe Stunde, die sie für die Planung oder Vorbereitung der Beurteilungskonferenz aufwenden, keine Gebühr in Rechnung. Für die ersten zwei Stunden der Beurteilung berechnen sie ebenfalls keine Gebühren. Sollten die Parteien mehr Zeit brauchen, müssen sie die üblichen Gebühren dieser Person bezahlen. Einige Beurteiler bitten vor Beginn der Beurteilung um eine Anzahlung. Wenn ein Beurteiler um eine Anzahlung bittet, muss er/sie den Betrag zurückbezahlen, der übrig ist, wenn er/sie die Zeit, die er für die Vorbereitung oder Durchführung der Beurteilung aufgewendet hat, zusammenrechnet. Eine Partei, auf deren Gerichtskosten verzichtet wurde, kann darum bitten, dass auf die Beurteilungsgebühren oder die Anzahlung ebenfalls verzichtet wird.

CV-655c/Rev. 1/2/07



## VORLÄUFIGER RICHTER [TEMPORARY JUDGE]

Manche Parteien möchten einen Prozess, möchten jedoch die Wahl treffen, wer den Fall entscheidet und wann die Verhandlung stattfinden wird. Die Parteien können sich auf einen Anwalt einigen, der vom Gericht zum vorläufigen Richter für ihren Fall bestellt wird. (Siehe Article 6, Section 21, State Constitution und Rule 244, California Rules of Court.) Vorläufige Richter haben beinahe dieselbe Befugnis wie ein Richter am Superior Court, eine Verhandlung durchzuführen und Entscheidungen zu treffen. Solange die Parteien die Frist des Gerichts einhalten, können sie die Verhandlung auf einen Zeitpunkt ansetzen, der für sie und den vorläufigen Richter angenehm ist.

Jeder der vorläufigen Richter in der Liste des Gerichts hat sich verpflichtet, kostenlos bis zu fünf Tage tätig zu sein. Sollten die Parteien mehr Zeit brauchen, müssen sie die üblichen Gebühren dieser Person bezahlen. Alle Parteien und ihre Anwälte müssen dem Verfahren beiwohnen und dem vorläufigen Richter mindestens zwei Wochen vor der Verhandlung eine Abschrift aller Schriftsätze oder anderen Gerichtsdokumente geben. Diese Verfahren ähneln anderen Zivilverfahren, werden jedoch normalerweise außerhalb des Gerichts abgehalten. Gegen die Entscheidung des vorläufigen Richters kann beim Superior Court Berufung eingelegt werden. Ein Geschworenenverfahren ist nicht möglich. Die Parteien müssen ihren eigenen Gerichtsstenografen beauftragen.

## SPECIAL MASTER [HILFSRICHTER]

Ein Special Master ist ein privater Anwalt, pensionierter Richter oder anderer, vom Gericht bestellter Experte, um in einem Gerichtsfall beim Treffen der täglichen Entscheidungen zu helfen. Die Rolle des Special Master kann unterschiedlich sein. Oftmals gehört dazu jedoch das Treffen von Entscheidungen, die dabei helfen, dass die Beweisermittlung (Informationsaustausch) reibungsloser abläuft. Er oder sie kann Entscheidungen über die Tatsachen des Falls treffen. In komplexen Fällen können Special Masters besonders hilfreich sein. Der Prozessrichter entscheidet in einer Gerichtsentscheidung, was ein Special Master tun bzw. nicht tun kann.

Special Masters geben oft Zwischenempfehlungen und einen abschließenden Bericht an die Parteien und das Gericht. Wenn eine Partei gegen das, was ein Special Master entscheidet oder an das Gericht berichtet, Einwendungen hat, kann die Partei den Richter bitten, die Angelegenheit zu prüfen. Im Allgemeinen entscheiden die Parteien (durch Einigung), wen das Gericht als Special Master bestellen soll. Allerdings kann das Gericht zuzeiten einen Special Master oder Schiedsrichter ohne Einigung der Parteien bestellen (siehe California Code of Civil Procedure Section 639). Die Parteien sind für die Zahlung der üblichen Gebühren des Special Master verantwortlich.

## COMMUNITY MEDIATION SERVICES [MEDIATIONSDIENSTE DER GEMEINDE]

Mediation Services stehen durch gemeinnützige Gemeindeorganisationen zur Verfügung. Diese kostengünstigen Dienste werden durch geschulte, freiwillige Mediatoren erbracht. Setzen Sie sich wegen weiterer Informationen über diese Programm mit dem ADR Program unter +1-(925) 957-5787 in Verbindung

CV-655c/Rev. 2.1.07

R. LEWIS VAN BLOIS SBN 038912
THOMAS C. KNOWLES. SBN 40899
Law Offices of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs



SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
UNLIMITED JURISDICTION

SHELLEY R. ROBINSON; and
ELIZAVETA M. HUNSINGER, by and
through her Conservator IVAN J.
HUNSINGER,

        Plaintiffs

v.

DAIMLERCHRYSLER AG;
DAIMLERCHRYSLER MOTORS
COMPANY LLC; DAIMLERCHRYSLER
CORPORATION; and DOES ONE through
FIFTY, Inclusive,

        Defendants

Case No. C07 00998

## ORDER APPOINTING INTERNATIONAL PROCESS SERVER

Pursuant to Chapter 1, Article 3 of the Convention on the Service Abroad of Judicial and

Extrajudicial Documents in Civil or Commercial Matters developed at the Tenth Session

of the Hague Conference on Private International Law on 15 November, 1965 (the

"Hague Convention"), and for good cause shown, the Court hereby appoints Crowe

Foreign Services, 1020 SW Taylor Street, Suite 240, Portland, Oregon, 97205, and its



agents, as the authority and judicial officer competent under the Jurisdiction of this Court to forward to the Central Authority in the applicable country, any and all documents to be served in this case.

IT IS SO ORDERED this __5__ day of __June__, 2007.

                    BY THE COURT:

                    DIANA BECTON SMITH
                    _____

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
DaimlerChrysler AG; DaimlerChrysler Motors Company LLC;
DaimlerChrysler Corporation; and Does One through Fifty, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTA DEMANDANDO EL DEMANDANTE):**
Shelley R. Robinson
Elizaveta M. Hunsinger, by and through her Conservator Ivan J.
Hunsinger

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

CASE NUMBER:
(Número del Caso):
**C 07    00998**

The name and address of the court is:
*El nombre y dirección de la corte es):*
Superior Court of California
Contra Costa County
725 Court Street, P.O. Box 911        Martinez, CA 94553-1233

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
R. Lewis Van Blois                Van Blois & Associates
7677 Oakport Street, Suite 565        Oakland, CA 94621
(510) 635-1284

DATE:                Clerk, by        C. AGUILAR-JACALA, Deputy
(Fecha)    MAY 11 2007    (Secretario)                (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): DaimlerChrysler AG
   under:  ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Robinson-Hunsinger

1  R. LEWIS VAN BLOIS, SBN 038912
   THOMAS C. KNOWLES, SBN 40899
2  Law Office of VAN BLOIS & ASSOCIATES
   Airport Corporate Centre
3  7677 Oakport Street, Suite 565
   Oakland, CA 94621
4  Telephone: (510) 635-1284
5  Facsimile: (510) 635-1516

6  Attorneys for Plaintiffs

PER LOCAL RULE 5 THIS
   CASE IS ASSIGNED TO
   DEPT _____

7

8

9

10        SUPERIOR COURT OF CALIFORNIA, CONTRA COSTA COUNTY
                        UNLIMITED JURISDICTION

11

12

13  SHELLEY R. ROBINSON; and          No.    C 07    00998
    ELIZAVETA M. HUNSINGER, by and
14  through her Conservator IVAN J.
    HUNSINGER                              COMPLAINT FOR PERSONAL INJURY
15                                         AND DAMAGES

16          Plaintiffs,

17      v.

18  DAIMLERCHRYSLER AG;
19  DAIMLERCHRYSLER MOTORS
    COMPANY LLC; DAIMLERCHRYSLER
20  CORPORATION; and DOES ONE through
    FIFTY, inclusive,
21

22          Defendants.
                                        /
23

24
        Comes now SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and
25
    through her Conservator IVAN J. HUNSINGER, and complain of defendants, and each of them
26
    as follows:



## FACTUAL ALLEGATIONS

1. Prior to the issuance of the summons in this action, on February 14, 2006, the above-entitled Court, by its order regularly made, entered, appointed, and issued, Letters of Conservatorship, in case number P05-01241, naming IVAN J. HUNSINGER as Conservator of the person and estate of plaintiff ELIZAVETA M. HUNSINGER.

2. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES, are unknown to plaintiffs, who therefore sue said defendants by such fictitious names, pursuant to Section 474 of the Code of Civil Procedure. Plaintiffs are informed and believe, and thereon allege, that each of said defendants designated by such fictitious names is responsible and legally obligated to plaintiffs in contract, in tort, or by statute, for the events and happenings herein referred to, and for the injuries and damages legally caused to plaintiffs, all as hereinafter alleged. Plaintiffs will therefore pray leave to amend this complaint to insert herein the true names and capacities of said defendants when the same have been ascertained, or upon proof thereof at trial.

3. Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants named herein, including each defendant sued herein under a fictitious name, was the duly authorized agent, servant, and/or employee of each and every other defendant with respect to the events and transactions herein alleged, and in acting or omitting to act with respect thereto as hereinafter alleged, was within the course, scope and authority of such agency, service, and/or employment, and conducting himself, herself, or itself pursuant to the consent, permission, authorization, and/or ratification of and by each and every other defendant, and further that, each and every defendant, as



aforesaid, when acting as a principal, was negligent in the selection, hiring, and/or supervision of each and every other defendant as an agent, servant, employee and/or independent contractor. Additionally, plaintiffs are informed and believe, and thereon allege, that at all times material hereto, certain of said defendants owned, controlled, were the alter egos of, or successors in interest to the assets and liabilities of, certain other businesses, or the corporate owners of said other businesses. As such, each of said defendants is liable and responsible to plaintiffs for the acts and/or omissions of said other businesses, as hereinafter alleged.

4.  Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER AG was and now is a corporation, organized and existing under the laws of a country other than the United States.  Plaintiffs are further informed and believe, and thereon allege that said defendant is engaged in the business of the design, manufacture, distribution and sale of motor vehicles for use by members of the general public for purposes of business, pleasure and recreation, and that said defendant does now, and has for some time, engaged in this business with the knowledge and the intent that a substantial number of its products will be distributed to, and purchased and/or used within the State of California by large numbers of California citizens, including many who reside in Contra Costa County, thereby purposefully availing itself of the privilege of conducting business activities in California, and the benefits and protection of California laws.

5.  Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER MOTORS COMPANY LLC was and now is a limited partnership or limited liability company, organized and existing under the laws of the

State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof, including Contra Costa County.

6.    Plaintiffs are informed and believe, and thereon allege, that defendant DAIMLERCHRYSLER CORPORATION; was and now is a corporation, organized and existing under the laws of the State of Delaware, but qualified to do business, and doing business, in the State of California, in various counties thereof including Contra Costa County.

7.    Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, defendants, DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, were engaged in the businesses of designing, manufacturing, remanufacturing, reconditioning, converting, packaging, distributing, testing, constructing, selecting, assembling, installing, fabricating, accessorizing, configuring, analyzing, marketing, recommending, servicing, repairing, maintaining, warranting, merchandising, advertising, promoting, leasing, renting, selling, and instructing and warning concerning the operation, installation, accessory and/or component configuration, care, repair, service, maintenance, and use of certain motor vehicles, the component parts thereof (including but not limited to the passenger compartment, roof, passenger restraints and protective devices, tires, wheels, brakes, steering components, handling components, suspension components, etc.), and the accessories therefor, for use by members of the general public for the purpose, among others, of transporting persons and cargo over the public streets and highways for business and recreational use. As a part of their respective businesses, as aforesaid, defendants, and each of them, did design,

manufacture, remanufacture, recondition, convert, package, accessorize, configure, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, repair, maintain, warrant, merchandise, advertise, promote, lease, rent, sell, and instruct and warn concerning the installation, operation, maintenance, repair, accessory and/or component configuration, service, use, and care of, a certain 1998 Jeep Cherokee, California license number 5ESC758, VIN number 1J4FJ68SXWL252744, the component parts thereof (including but not limited to the passenger compartment, roof, passenger restraints and protective devices, tires, wheels, brakes, steering components, handling components, suspension components, etc.), and the accessories therefor, all hereinafter referred to collectively as the "subject products".

8.    On or about May 25, 2005, plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER were passengers in the aforesaid Jeep Cherokee vehicle and subject products, which were being used and driven in a manner and under conditions in which they were intended to be used, and reasonably foreseeable that they would be used, to convey them from their residence in Contra Costa County, California, to the State of Montana.  Traveling northbound on Highway 93, 366 feet south of mile post marker 3, in Twin Falls County, Idaho, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiffs SHELLEY R. ROBINSON and ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries.



### FIRST CAUSE OF ACTION

Plaintiff SHELLEY R. ROBINSON complains of defendants DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

### FIRST COUNT

(Negligence)

9.    Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

10.   At all times material hereto, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said vehicles, their component parts and accessories, including the subject products, were of such a nature that if not properly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed, marketed, recommended, serviced, repaired, maintained, warranted, merchandised, advertised, promoted, leased, rented, sold, configured, accessorized, and described with appropriate warnings and instructions concerning the proper operation, accessory and/or component configuration, installation, use, care, repair, service, and maintenance, they would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the uses for which and the manner in which they were intended to be used and would foreseeably be used, and would thereby be likely to injure the person or persons by whom, or in the vicinity of whom, they would foreseeably be used; in consequence thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate

the foreseeable uses and conditions of use of said vehicles and said subject products, including but not limited to the transportation of both persons and cargo both over the public streets and highways and the potential for involvement of same in accidents and collisions; in further consequence thereof, defendants, and each of them, had a duty to exercise and use reasonable care to properly design, manufacture, remanufacture, recondition, convert, package, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair, warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning and instruction concerning the proper installation, operation, accessory and/or component configuration, maintenance, service, repair, care, and use of said vehicles, their component parts and accessories, including the subject products, such that the same would be reasonably safe for the uses, the conditions of use, and manner of use for which they were intended to be used and would foreseeably be used.

11.    On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently and carelessly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, accessorized, configured, installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired, warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to label, provided inadequate, or failed to provide adequate instructions and warnings concerning the proper installation, operation, accessory and/or component configuration, use, care, service, repair and maintenance of, the subject products, the component parts thereof, and the accessories therefor, such that the same were rendered unreasonably

---

Complaint for Personal Injuries and Damages    7

dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

12.  As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

13.  As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain severe and permanent injuries and was injured in her health, strength

Complaint for Personal Injuries and Damages                                8

and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on such information and belief alleges, that said injuries will result in severe permanent disability to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum which is greater than the minimum jurisdiction of this Court.

14.   As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff SHELLEY R. ROBINSON has been, and in the future, will be required to obtain the services of physicians and other health care practitioners and to incur other medical expenses. At this time, plaintiff does not know the reasonable value of said services and expenses, but will ask leave to insert the same in her complaint when the same has been ascertained or upon proof thereof at trial.

15.   As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff SHELLEY R. ROBINSON has sustained injury and damage to her earnings and/or earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to her further damage in an amount presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert the amount of said damage when the same has been ascertained, or upon proof thereof at trial.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

---

Complaint for Personal Injuries and Damages                                                    9



## SECOND COUNT

(Strict Liability)

16.  Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

17.  At the time of manufacture, and at all times thereafter, including but not limited to the time that the subject products, their component parts, and each accessory, left the possession of the defendants, and each of them, the subject products, their component parts and accessories, were defective, unsafe and unfit for their intended uses and for their reasonably foreseeable uses.

18.  As a direct and legal result of the defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

19.  As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

---

Complaint for Personal Injuries and Damages

10

## THIRD COUNT

### (Breach of Warranty)

20. Plaintiff refers to the allegations of paragraphs 2 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

21. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, on and prior to the sale of the subject products, and each of their component parts, and each accessory, and continuing thereafter, defendants, and each of them, through advertising media urging the purchase, rental and/or use of the subject products, each of their component parts, and each accessory, and otherwise, expressly warranted and represented, and otherwise impliedly warranted and represented, to members of the general public, including all persons who would foreseeably use or be in the vicinity of use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and including plaintiff SHELLEY R. ROBINSON, that their products, including the subject products, each of their component parts, and each accessory, were and was effective, proper, free from defects, and in all respects safe and fit for their intended and reasonably foreseeable uses, free from defects in design, workmanship, instructions, and materials, and of merchantable quality.

22. Plaintiff is informed and believes, and thereon alleges, that plaintiff SHELLEY R. ROBINSON and the owners and operators of said vehicle, in the purchase and use of the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including

---

Complaint for Personal Injuries and Damages                                    11



options, components, systems, and accessories, which was in all respects safe and fit for the purpose for which it was to be used and would foreseeably be used.

23. Said express and implied warranties and warranty representations were untrue and breached by defendants, and each of them, in that the subject products, certain of their component parts, and certain of their accessories, were not of merchantable quality, were not free of defects in design, workmanship and materials, were not safe and reasonably fit for their intended and reasonably foreseeable uses, but instead were defective, unfit and unsafe for their intended and reasonably foreseeable uses.

24. As a direct and legal result of the breach of express and implied warranties and warranty representations by defendants, and each of them, and of the defective, unsafe, and unfit character of the subject products, their component parts, and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff SHELLEY R. ROBINSON to sustain severe and catastrophic injuries, including but not limited to quadriplegia.

25. As a direct and legal result of the aforesaid, plaintiff SHELLEY R. ROBINSON, was caused to sustain the injuries and damages set forth in paragraphs 13 through 15.

WHEREFORE, plaintiff SHELLEY R. ROBINSON prays judgment against said defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

Plaintiff ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER, complains of defendants DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through THIRTY, and each of them, as follows:

### FIRST COUNT

### (Negligence)

26.    Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

27.    At all times material hereto, defendants, and each of them, knew, or in the exercise of reasonable care should have known, that said vehicles, their component parts and accessories, including the subject products, were of such a nature that if not properly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, installed, fabricated, analyzed, marketed, recommended, serviced, repaired, maintained, warranted, merchandised, advertised, promoted, leased, rented, sold, configured, accessorized, and described with appropriate warnings and instructions concerning the proper operation, accessory and/or component configuration, installation, use, care, repair, service, and maintenance, they would be likely to become unreasonably dangerous, defective, unsafe, and unfit for the uses for which and the manner in which they were intended to be used and would foreseeably be used, and would thereby be likely to injure the person or persons by whom, or in the vicinity of whom, they would foreseeably be used; in consequence

Complaint for Personal Injuries and Damages

13



thereof, at all times material hereto, defendants, and each of them, had a duty to anticipate the foreseeable uses and conditions of use of said vehicles and said subject products, including but not limited to the transportation of both persons and cargo both over the public streets and highways and the potential for involvement of same in accidents and collisions; in further consequence thereof, defendants, and each of them, had a duty to exercise and use reasonable care to properly design, manufacture, remanufacture, recondition, convert, package, distribute, test, construct, select, assemble, install, fabricate, analyze, market, recommend, service, accessorize, configure, maintain, repair, warrant, merchandise, advertise, promote, lease, rent, sell, and provide adequate warning and instruction concerning the proper installation, operation, accessory and/or component configuration, maintenance, service, repair, care, and use of said vehicles, their component parts and accessories, including the subject products, such that the same would be reasonably safe for the uses, the conditions of use, and manner of use for which they were intended to be used and would foreseeably be used.

28.    On a date or dates prior to May 25, 2005, the defendants, and each of them, so negligently and carelessly designed, manufactured, remanufactured, reconditioned, converted, packaged, distributed, tested, constructed, selected, assembled, accessorized, configured, installed, fabricated, analyzed, marketed, recommended, serviced, maintained, repaired, warranted, merchandised, advertised, promoted, leased, rented, sold, labeled, or failed to label, provided inadequate, or failed to provide adequate instructions and warnings concerning the proper installation, operation, accessory and/or component configuration, use, care, service, repair and maintenance of, the subject products, the component parts

---

Complaint for Personal Injuries and Damages                                    14

thereof, and the accessories therefor, such that the same were rendered unreasonably dangerous, defective, unsafe and unfit for the uses for which, the conditions under which, and the manner in which it and they were intended to be used and would foreseeably be used; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products, the component parts and accessories thereof, and the fact that they were unreasonably dangerous, unsafe, defective, and unfit for the purposes for which, the manner in which, and the conditions under which they were intended to be used when used as recommended by, and/or foreseeable to defendants, and each of them, was known to the defendants, and each of them, or in the exercise of reasonable care should have been discovered and known by defendants, and each of them; that furthermore the unreasonably dangerous, defective, unsafe and unfit character of the subject products and the component parts thereof was not made known to the users thereof, including plaintiff.

29.  As a direct and legal result of the negligence and carelessness of the defendants, and each of them, and of the dangerous, defective, unsafe, and unfit character of the subject products, their component parts and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

---

Complaint for Personal Injuries and Damages                                                    15

30.    As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER, was caused to sustain severe and permanent injuries and was injured in her health, strength and activity, sustaining injury to her body and shock and injury to her nervous system and person, all of which have caused and continue to cause plaintiff great mental, physical and nervous pain and suffering. Plaintiff is informed and believes, and on such information and belief alleges, that said injuries will result in severe permanent disability to plaintiff. By reason of the foregoing, plaintiff has sustained general damages in a sum which is greater than the minimum jurisdiction of this Court.

31.    As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has been, and in the future, will be required to obtain the services of physicians and other health care practitioners and to incur other medical expenses. At this time, plaintiff does not know the reasonable value of said services and expenses, but will ask leave to insert the same in her complaint when the same has been ascertained or upon proof thereof at trial.

32.    As a direct and legal result of the aforesaid, and the injuries thereby caused to her, plaintiff ELIZAVETA M. HUNSINGER has sustained injury and damage to her earnings and/or earning capacity, and plaintiff is informed and believes, and thereon alleges, that she will continue to sustain such damage in the future, all to her further damage in an amount presently unknown, wherefore plaintiff will pray leave to amend this complaint to insert the amount of said damage when the same has been ascertained, or upon proof thereof at trial.

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said

---

Complaint for Personal Injuries and Damages                                    16



1  defendants, and each of them, as hereinafter set forth.

2

3                           SECOND COUNT

4                           (Strict Liability)

5    33.   Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and
6
7          incorporates the same herein by reference as if fully set forth at this point.

8    34.   At the time of manufacture, and at all times thereafter, including but not limited to the
9          time that the subject products, their component parts, and each accessory, left the
10         possession of the defendants, and each of them, the subject products, their component
11         parts and accessories, were defective, unsafe and unfit for their intended uses and for their
12         reasonably foreseeable uses.
13
14   35.   As a direct and legal result of the defective, unsafe, and unfit character of the subject
15         products, their component parts and accessories, as aforesaid, at the time and place
16         hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control,
17         yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate
18         functioning of the components of the vehicle (including but not limited to the roof, roof
19
20         support structure, glazing, restraints, etc.) which should have protected the occupants
21         from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe
22         and catastrophic injuries, including but not limited to quadriplegia and traumatic brain
23         injury.
24
25   36.   As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER,
26         was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.

Complaint for Personal Injuries and Damages                                    17

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said defendants, and each of them, as hereinafter set forth.

## THIRD COUNT

(Breach of Warranty)

37.    Plaintiff refers to the allegations of paragraphs 1 through 8 of this Complaint, and incorporates the same herein by reference as if fully set forth at this point.

38.    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, on and prior to the sale of the subject products, and each of their component parts, and each accessory, and continuing thereafter, defendants, and each of them, through advertising media urging the purchase, rental and/or use of the subject products, each of their component parts, and each accessory, and otherwise, expressly warranted and represented, and otherwise impliedly warranted and represented, to members of the general public, including all persons who would foreseeably use or be in the vicinity of use of the subject products, including the driver of the subject Jeep Cherokee vehicle, and including plaintiff ELIZAVETA M. HUNSINGER, that their products, including the subject products, each of their component parts, and each accessory, were and was effective, proper, free from defects, and in all respects safe and fit for their intended and reasonably foreseeable uses, free from defects in design, workmanship, instructions, and materials, and of merchantable quality.

39.    Plaintiff is informed and believes, and thereon alleges, that plaintiff ELIZAVETA M. HUNSINGER and the owners and operators of said vehicle, in the purchase and use of

Complaint for Personal Injuries and Damages

18

the subject products, each of their component parts, and each accessory, did justifiably rely on said warranties and warranty representations, and further did rely upon the skill and judgment of defendants, and each of them, to select and furnish equipment, including options, components, systems, and accessories, which was in all respects safe and fit for the purpose for which it was to be used and would foreseeably be used.

40.  Said express and implied warranties and warranty representations were untrue and breached by defendants, and each of them, in that the subject products, certain of their component parts, and certain of their accessories, were not of merchantable quality, were not free of defects in design, workmanship and materials, were not safe and reasonably fit for their intended and reasonably foreseeable uses, but instead were defective, unfit and unsafe for their intended and reasonably foreseeable uses.

41.  As a direct and legal result of the breach of express and implied warranties and warranty representations by defendants, and each of them, and of the defective, unsafe, and unfit character of the subject products, their component parts, and accessories, as aforesaid, at the time and place hereinabove set forth, the aforesaid Jeep Cherokee vehicle was caused to lose control, yaw, oversteer, overturn, rollover, and to sustain various failures and/or inadequate functioning of the components of the vehicle (including but not limited to the roof, roof support structure, glazing, restraints, etc.) which should have protected the occupants from injuries, thereby causing plaintiff ELIZAVETA M. HUNSINGER to sustain severe and catastrophic injuries, including but not limited to quadriplegia and traumatic brain injury.

42.  As a direct and legal result of the aforesaid, plaintiff ELIZAVETA M. HUNSINGER,



was caused to sustain the injuries and damages set forth in paragraphs 30 through 32.

WHEREFORE, plaintiff ELIZAVETA M. HUNSINGER prays judgment against said defendants, and each of them, as hereinafter set forth.


## PRAYER FOR RELIEF

WHEREFORE, plaintiffs, and each of them, pray judgment against defendants, and each of them, as follows:

1.   For general damages in an amount which is greater than the minimum jurisdiction of this Court.

2.   All past and future medical and incidental expenses, according to proof.

3.   All past and future loss of earnings, according to proof.

4.   Prejudgment interest at ten percent (10%) per annum, pursuant to the provisions of Civil Code, Sections 3288 and 3291, or either of them.

5.   For costs of suit herein incurred.

6.   Such other and further relief as this Court may deem proper.


Dated:  May 9, 2007                         VAN BLOIS & ASSOCIATES

                                            BY: R. LEWIS VAN BLOIS
                                            Attorneys for Plaintiff

Complaint for Personal Injuries and Damages                                    20

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

SHELLEY ROBINSON VS. DAIMLERCHRYSLER AG

NOTICE OF CASE MANAGEMENT CONFERENCE                    CIVMSC07-00998

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE:  09/28/07         DEPT:  30         TIME:    8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

    a.  an order establishing a discovery schedule
    b.  an order referring the case to arbitration
    c.  an order transferring the case to limited jurisdiction
    d.  an order dismissing fictitious defendants
    e.  an order scheduling exchange of expert witness information
    f.  an order setting subsequent conference and the trial date
    g.  an order consolidating cases
    h.  an order severing trial of cross-complaints or bifurcating
        issues
    i.  an order determining when demurrers and motions will be filed

                            SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  05/11/07         _____
                              C. JACALA, Deputy Clerk

Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS in Unlimited Jurisdiction Civil Cases

**YOU ARE BEING SUED.** This packet should contain the following papers:

   a.   The *Summons*

   b.   The *Complaint*

   c.   The *Notice of Case Management Conference* (shows hearing date and time)

   d.   <u>Blank</u>: *Case Management Conference Statement* (Judicial Council form CM-110)

   e.   Alternative Dispute Resolution (ADR) Information sheet

   f.   <u>Blank</u>: *Stipulation to Attend ADR and Delay First Case Management Conference 90 Days*

**NOTE: The court strongly recommends consulting an attorney for all or part of your case. While you may represent yourself in this case, lawsuits can be very complicated, and the court cannot give you legal advice.**

---

 ## WHAT DO I DO NOW?

<u>You Must:</u>

1. **Complete the <u>Case Management Conference Statement</u>** (CM-110)
2. **File a response** (See other side of page)
3. **Appear in Court on the date and time given** in the <u>Notice of Case Management Conference</u>.
4. **File and serve your court papers on time.**

**IMPORTANT!  YOU COULD LOSE YOUR CASE IF YOU DO NOT FILE A RESPONSE ON TIME.** If you were served in person **you have to file your response in 30 days**. If the server left a copy of the papers with an adult person in charge at your home or work and you also received a copy by mail you have 40 days. If you do not file a response in time, the case can be decided against you—even before it is heard by a judge or before you can defend yourself.

---

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms 982(a)(17)(A) [information sheet]; 982(a)(17) [application]; and 982(a)(18) [order].

**FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at www.courtinfo.ca.gov/forms/.

---

### YOU MUST FILE AND SERVE YOUR COURT PAPERS

You <u>must</u> file your forms (1 original and 2 copies) at the clerk's office. Someone over 18 years old who is NOT involved in your court case must serve one set of forms on the Plaintiff. The server completes a Proof of Service, Judicial Council form POS-040, that you <u>must</u> file with the court promptly.

---

### <u>ARE THERE ALTERNATIVES TO GOING TO TRIAL?</u>

If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the <u>Stipulation to Attend ADR and Delay First Case Management Conference 90 Days</u> can be filed with your other papers. For more information read the enclosed ADR information or visit www.contracostacourts.org/adr. Or call (925) 957-5787.

CV-655d/new 1/2/07

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.
- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.
- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

### HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
   b. For contract claims, use Judicial Council form 982.1(35)
   Answers for other types of claims do not have Judicial Council forms and you will have to write your own..
2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

| | | |
|---|---|---|
| **All answers include:** | | |
| 1. <u>The Denial</u> | General Denial: | *Use the correct Judicial Council form (see the forms listed above)* |
| | OR | |
| | Specific Denial: | *Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #__ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.* |
| 2. <u>Affirmative Defenses</u> | | *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.* |
| 3. <u>The Prayer or Relief</u> | | *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.* |

Be sure to include <u>all</u> defenses in the Answer, or you may not be able to use them later in the case.
If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.

### TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. <u>Demurrer</u> *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court);*
4. <u>Motion to Quash Service of Summons</u> *(you were not legally served);*
5. <u>Motion to Stay</u> *(put the case on hold); or*
6. <u>Motion to Dismiss</u> *(stops the case).*

   **NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.**

### WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:   (866) 442-2529
- Bay Legal:   (800) 551-5554
- Contra Costa County Law Library          Martinez: (925) 646-2763          Richmond: (510) 374-3019
- Ask the Law Librarian:      www.247ref.org/portal/access_law3.cfm

## WHAT KIND OF RESPONSES CAN I FILE?

- If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true you can file an Answer.

- And, if you have a claim in the same case against the plaintiff. You can file a Cross-Complaint.

- You want to ask the court to do something on your behalf, you can file a Motion (See TYPES OF MOTIONS below)

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers, depending on whether the Complaint was verified or not. You can tell a Complaint is verified because it says "Verified Complaint" or has a "Verification" statement on the last page.

1. There are standard court Answer forms you can use for Complaints that ARE NOT verified.
   a. For personal injury, property damage, and wrongful death claims, use Judicial Council form 982.1(15)
   b. For contract claims, use Judicial Council form 982.1(35)

   Answers for other types of claims do not have Judicial Council forms and you will have to write your own..

2. Complaints that are verified usually require Answers with Specific Denials. There are no Judicial Council forms for these. You have to write your own Answer on pleading paper and a verification statement.

You can get help with how to write your own Answer from a law librarian who will lead you to samples of Answers. Your papers must be in the format described in Rules of Court 2.100, www.courtinfo.ca.gov/rules/titletwo/titletwo.pdf.

---

**All answers include:**

| | | |
|---|---|---|
| 1. The Denial | General Denial: | *Use the correct Judicial Council form (see the forms listed above)* |
| | OR | |
| | Specific Denial: | *Be sure to deny every claim that you disagree with. For example, you might write: "I believe, or know, that the information in paragraph #__ is untrue/incorrect." Continue your list until you have addressed each paragraph in the Complaint.* |
| 2. Affirmative Defenses | | *The Judicial Council forms have spaces for your defenses. Or, if you write your own Answer that is a Specific Denial, list each of your defenses in separate paragraphs.* |
| 3. The Prayer or Relief | | *Whether you use a Judicial Council form, or write a specific denial, you can ask the court to deny the Plaintiff's complaint and have the Plaintiff pay your costs.* |

---

**Be sure to include all defenses in the Answer, or you may not be able to use them later in the case. If you are filing a cross-complaint, you must file it when you file the Answer or you may not file it later.**

## TYPES OF MOTIONS

Motions ask the court to do something. You may have to file an Answer at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(something is wrong with the facts stated in the complaint or it's too late to file);*
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court);*
4. Motion to Quash Service of Summons *(you were not legally served);*
5. Motion to Stay *(put the case on hold);* or
6. Motion to Dismiss *(stops the case).*

**NOTE: Motions are very complicated and you most likely will need to consult a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- Lawyer Referral Service:  (866) 442-2529
- Bay Legal:  (800) 551-5554
- Contra Costa County Law Library    Martinez: (925) 646-2763    Richmond: (510) 374-3019
- Ask the Law Librarian:    www.247ref.org/portal/access_law3.cfm

sSd/new 1/2/07

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **Check one):**  ☐ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | |

**CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                Time:            Dept.:            Div.:            Room:

Address of court *(if different from the address above)*:

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

**Party or parties** *(answer one)*:
a. ☐ This statement is submitted by party *(name)*:
b. ☐ This statement is submitted **jointly** by parties *(names)*:

**Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
a. The complaint was filed on *(date)*:
b. ☐ The cross-complaint, if any, was filed on *(date)*:

**Service** *(to be answered by plaintiffs and cross-complainants only)*
a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
b. ☐ The following parties named in the complaint or cross-complaint
   (1) ☐ have not been served *(specify names and explain why not)*:

   (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

   (3) ☐ have had a default entered against them *(specify names)*:

c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

**Description of case**
   Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Council of California
Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**CM-110**

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours *(short causes) (specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Page 2 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**10. d.** The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

**e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

**f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

**g.** ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    **a.** ☐ Insurance carrier, if any, for party filing this statement *(name):*

    **b.** Reservation of rights: ☐ Yes ☐ No

    **c.** ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    **a.** ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    **b.** ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**
- a. ☐ The party or parties have completed all discovery.
- b. ☐ The following discovery will be completed by the date specified (describe all anticipated discovery):

| Party | Description | Date |
|---|---|---|

**18. Economic Litigation**
- a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
- b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

- c. ☐ The following discovery issues are anticipated (specify):

**19. Other issues** ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

**20. Meet and confer**
- a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

- b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

**21. Case management orders** Previous case management orders in this case are (check one): ☐ none ☐ attached as Attachment 21.

**22.** Total number of pages attached (if any): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶
(TYPE OR PRINT NAME)          (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Page 4 of 4

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                        Plaintiff(s)
            vs.

_____

_____          ***Stipulation and Order* to Attend ADR and Delay**
                        Defendant(s)                  ***First Case Management Conference 90 Days***

Case No.:_____ Date complaint filed: _____  First case management conference set for:_____

> ▸ <u>ALL PARTIES MUST SIGN THIS FORM</u> AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE
>
> ▸ PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553
>
> ▸ THIS STIPULATION <u>MAY NOT</u> BE USED IN COMPLEX LITIGATION CASES

**Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:**

☐ Judicial mediation         ☐ Judicial arbitration         ☐ Neutral case evaluation

☐ Private mediation          ☐ Private arbitration

<u>**COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:**</u>

1. This is not a complex civil case (as described in California Rules of Court, Rule 1800);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

| | | |
|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | |
| Signature | | |
| Counsel for Plaintiff *(print)* | Fax | |
| Signature | | |

Counsel for Defendant *(print)*     Fax

Signature

Counsel for Defendant *(print)*     Fax

Signature

> Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) <u>Plaintiff's counsel must notify all parties of the case management conference.</u>
>
> **Dated:** _____          _____
>                                                *Judge of the Superior Court*



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (CM-110)*;
- File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.contracostacourts.org/adr

## MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

CV-655c/Rev. 1/2/07

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.



## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 244 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators.  For more information about these programs contact the ADR Program at (925) 957-5787



