R. Lewis Van Blois, sbn 38912
Thomas C. Knowles, sbn 40899
Darren J. Van Blois, sbn 232583
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through FIFTY, inclusive,<br><br>Defendants.<br>_____/ | Case No. C 07-03258 SC<br><br>PLAINTIFFS' OPPOSITION TO DEFENDANT DAIMLER AG's RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, REQUEST TO ALLOW JURISDICTIONAL DISCOVERY<br><br>Date:        March 7, 2008<br>Time:       10:00 a.m.<br>Courtroom: 1<br>Judge:      Hon. Samuel Conti<br><br>Complaint Filed: 6/20/07<br>Trial Date: 1/12/09 |

I. INTRODUCTION

     This case stems from a motor vehicle accident involving a 1998 Jeep Cherokee. Daimler AG maintains, and Plaintiffs have no evidence to the contrary, that Chrysler Corporation designed, manufactured, and distributed the subject vehicle. However, Daimler AG overlooks a claim made by Plaintiffs in this case that the defendants were negligent during the time period

---

after the distribution and initial sale of the subject vehicle, for not giving the customers an option of retrofitting their vehicles with electronic stability control. In 1998 Daimler-Benz "merged" with Chrysler, forming a corporation named "DaimlerChrysler AG", which in 2007 became Daimler AG. For the purposes of this motion, the relevant inquiry is whether or not DaimlerChrysler AG had sufficient minimum contacts to establish specific personal jurisdiction over them during the time period from 1998 to the time of the subject accident.

Daimler AG also overlooks the "agency" theory, through which the minimum contacts of a subsidiary entity can be imputed to the foreign parent entity. The cases cited by Daimler AG deal with the "alter-ego" theory, which is not the exclusive theory through which minimum contacts can be established for a foreign parent company, and it is completely inapplicable to DaimlerChrysler Motors Company LLC because that entity is not a corporation.

Under the "agency" theory, the minimum contacts of DaimlerChrysler Corporation and DaimlerChrysler Motors Company LLC are imputed to their parent company, DaimlerChrysler AG. Those two American entities were, in reality, the Chrysler division, or Chrysler branch, of DaimlerChrysler AG. They were agents for DaimlerChrysler AG engaging in activities that, but for their existence, DaimlerChrysler AG would have to undertake itself. DaimlerChrysler AG was a merged corporation from former Chrysler Corporation and Daimler-Benz AG, converting the shares of both predecessor corporations to DaimlerChrysler AG, and combining the two prior corporate functions into one. DaimlerChrysler AG created a management structure consisting of a Supervisory Board, and a Board of Management, that had the responsibility for managing both the Mercedes division and the Chrysler division. While the "Chrysler division" maintained its physical location Michigan, the management of this division, and the hiring of executives in Michigan, was done by the Board of Management of DaimlerChrysler AG.

II. FACTS

    A.    **The formation of DaimlerChrysler AG**

DaimlerChrysler AG was formed in 1998, as a result of the merger between Daimler-Benz AG and Chrysler Corporation that closed on November 12, 1998. As a result of the Merger, all shareholders of Chrysler Corporation and all shareholders of Daimler-Benz AG became shareholders of the new company, DaimlerChrysler AG. Chrysler Corporation's shareholders received approximately 42% of DaimlerChrysler AG outstanding shares and Daimler-Benz AG shareholders received approximately 58% of those shares. (See Tracinda Corp. v. DaimlerChrysler AG (D. Del. 2005) 364 F.Supp.2d 362, 380).

    B.    **The Supervisory Board**

In accord with German law, DaimlerChrysler AG had a two tier system consisting of a Supervisory Board and a Management Board. The Supervisory Board appointed and removed members of the Management Board, oversaw the management of the company, and was ultimately responsible for significant corporate transactions like major asset sales and acquisitions. From the time the Merger was completed, through and including November 27, 2000, half of the shareholder representatives on the DaimlerChrysler AG Supervisory Board were those originally designated by Chrysler Corporation and half of the shareholder representatives were those originally designated by Daimler-Benz AG. (See Tracinda Corp, 364 F.Supp.2d 362, 380-381).

    C.    **The Board of Management**

In contrast to the Supervisory Board, the Management Board managed the daily operations of the company. The DaimlerChrysler AG Management Board initially consisted of 18 members, ten of whom were designated by Daimler-Benz AG, and eight of whom were

designated by Chrysler Corporation. The Management Board functioned as a board of equals with collective responsibility for the operations of the company. (See Tracinda Corp, 364 F.Supp.2d 362, 381).

### D. Operating Structure of DaimlerChrysler AG

DaimlerChrysler AG maintained two operational headquarters, one located at the former Chrysler Corporation headquarters in Auburn Hills, Michigan and the other at the former Daimler-Benz AG headquarters in Stuttgart, Germany. The overlapping corporate functions of Daimler-Benz AG and Chrysler Corporation were combined. (See Tracinda Corp, 364 F.Supp.2d 362, 382).

Chrysler Corporation was renamed to DaimlerChrysler Corporation, which became a subsidiary of DaimlerChrysler Motors Company LLC (formerly DaimlerChrysler Motors Corporation) (See Declaration of Louann Van Der Wiele at ¶¶ 8-12). In 2000, Dieter Zetsche was appointed by the Board of Management of DaimlerChrysler AG to be the CEO of DaimlerChrysler Corporation, after the Management Board terminated his predecessor. (See Tracinda Corp, 364 F.Supp.2d 362, 384-386). The Chrysler brands were kept together in a separate, independent unit of DaimlerChrysler AG and the Daimler brands were similarly separated. Chrysler was referred to in financial reports, in internal memoranda, in shareholder meetings, and in press releases as a "division" of DaimlerChrysler AG. DaimlerChrysler Corporation and DaimlerChrysler Motors Company LLC constituted a U.S. division of DaimlerChrysler AG where vehicle design, procurement, production, and marketing was overhauled through the management of the DaimlerChrysler AG Board of Management. (See Tracinda Corp, 364 F.Supp.2d 362, 382-383, 387).

III. ARGUMENT

    A.    **This Court has specific personal jurisdiction over Daimler AG through the contacts of DaimlerChrysler Motors Company, LLC, which acted as an agent of DaimlerChrysler AG.**

Due process requires that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice. International Shoe Co. v. Washington (1945) 326 U.S. 310, 316. The minimum contacts of a nonresident's agents are ordinarily imputed to the principal. See Ochoa v. J.B. Martin & Sons Farms, Inc. (9th Cir. 2002) 287 F.3d 1182, 1189. In the context of a parent-subsidiary relationship, an agency relationship is established for jurisdictional purposes if the plaintiff makes a "prima facie showing that the subsidiary represents the parent corporation by performing services 'sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent corporation would undertake to perform substantially similar services.' The agency test permits the imputation of contacts where the subsidiary was 'either established for, or is engaged in, activities that, but for the existence of the subsidiary, the parent would have to undertake itself.'" Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd (9th Cir. 2003) 328 F.3d 1122, 1135 (quoting Chan v. Society Expeditions, Inc. (9th Cir. 1994) 39 F.3d 1398, 1405-1406; Wells Fargo & Co. v. Wells Fargo Express Co. (9th Cir. 1977) 556 F.2d 406, 422-424; and Gallagher v. Mazda Motor of America, Inc. (E.D.Pa. 1992) 781 F.Supp. 1079, 1083); see also Meier ex rel. Meier v. Sun Intl. Hotels, Ltd. (11th Cir. 2002) 288 F.3d 1264, 1275.

During the time period between 1998 and the subject accident, DaimlerChrysler Corporation and DaimlerChrysler Motors Company LLC were engaged in activities that, but for their existence, DaimlerChrysler AG would have to undertake itself. DaimlerChrysler AG was a merged entity that combined the corporate functions of Daimler-Benz AG and Chrysler Corporation, wherein the daily operations of DaimlerChrysler AG were managed by its Board of

Management, which was composed of former executives from Daimler-Benz AG and Chrysler Corporation. Shares of both Chrysler Corporation and Daimler-Benz AG were converted to shares of DaimlerChrysler AG. As part of this "merger", new entities were created to run the operational headquarters in Michigan according to the orders and direction of DaimlerChrysler AG. These entities, known as the "Chrysler Group", were DaimlerChrysler Corporation and DaimlerChrysler Motors Company LLC (formerly DaimlerChrysler Motors Corporation). The Board of Management of DaimlerChrysler AG had the power to terminate and appoint executives, including the CEO of DaimlerChrysler Corporation, which they did when they appointed Dieter Zetsche as CEO, and terminated his predecessor. The "Chrysler Group", was a branch or division of DaimlerChrysler AG. They were referred to as a "division" of DaimlerChrysler AG in financial reports, internal memoranda, shareholder meetings, and in press releases. DaimlerChrysler AG, through its Board of Management, overhauled the Chrysler Group in their vehicle design, procurement, production, and marketing. DaimlerChrysler AG owned the Chrysler Group in whole, it managed the Chrysler group through the DaimlerChrysler AG Board of Management, and it controlled the Chrysler Group as its own division. But for the creation of DaimlerChrysler Corporation and DaimlerChrysler Motors Company LLC, all of the operations of the former Chrysler headquarters in Michigan would have to be performed by DaimlerChrysler AG, and most of them in fact were. (See <u>Tracinda Corp. v. DaimlerChrysler AG</u> (D. Del. 2005) 364 F.Supp.2d 362 (attached as Exhibit 1 to Van Blois Decl.).

      The cases cited by Defendant, <u>U.S. Vestor</u> and <u>Von Grabe</u>, do not address the agency issue, but rather address the "alter-ego" theory of jurisdiction. Under theory, a plaintiff can overcome the "presumption of corporate separateness" and "piece the corporate veil" to get to the parent. However, the alter-ego theory is not applicable to DaimlerChrysler Motors Company LLC because that entity is not a corporation. More important, the alter-ego theory is not exclusive, and the minimum contacts of a subsidiary can be imputed to its parent company under

Plaintiffs' Opposition to Daimler AG Motion to Dismiss      6

the agency theory.

Asserting jurisdiction of DaimlerChrysler AG in this case would not offend the traditional notions of fair play and substantial justice. This parent company completely controlled and dominated the affairs of their "division" called the Chrysler Group. DaimlerChrysler AG managed and directed the Chrysler Group, through which they were allowed to reap the benefits of their marketing, distribution, and presence in the U.S. DaimlerChrysler AG cannot now complain of being subject to suit here.

### B. In the alternative, this Court should allow Plaintiffs to conduct discovery limited to jurisdictional issues.

Without the benefit of having conducted any discovery, without the knowledge of how decisions were made regarding the defendants' use and non-use of electronic stability control in Chrysler vehicles, and without access to defendants' records and witnesses related to the jurisdictional issues presented in the motion, Plaintiffs are slightly handicapped in their ability to oppose Defendant's motion. To the extent that there is issue regarding the adequacy of the documents submitted in support of this opposition, or to the extent that additional information is necessary to make out a prima facie case of a principal-agent relationship, Plaintiffs should be permitted to conduct discovery limited to jurisdictional issues.

### IV. CONCLUSION

For the above reasons, Defendant Daimler AG's motion to dismiss should be denied, or, in the alternative, the hearing of this matter should be continued approximately 60 days to permit discovery on jurisdictional issues.

Dated: February 15, 2008

VAN BLOIS & ASSOCIATES

Darren J. Van Blois,
Attorneys for Plaintiffs

Plaintiffs' Opposition to Daimler AG Motion to Dismiss          7