Justs N. Karlsons, No. 42899
Matthew J. Kemner, No. 188124
David M. Rice, No. 131064
Jonathan Yank, No. 215495
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:    415.989.5900
Facsimile:    415.989.0932
Email:        drice@cbmlaw.com

Attorneys for Specially-Appearing Defendant
DAIMLER AG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHELLEY P. ROBINSON et al., | No. 3:07cv03258-SC |
| Plaintiffs, | **SPECIALLY-APPEARING DEFENDANT DAIMLER AG'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| DAIMLERCHRYSLER AG et al., | |
| Defendants. | |

Date:         March 7, 2008
Time:         10:00 a.m.
Courtroom:    1
Judge:        Hon. Samuel Conti

Hon. Samuel Conti

CARROLL, BURDICK &
McDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF394115

REPLY BRIEF ISO RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISD.    (NO. 3:07CV03258-SC)

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. PLAINTIFFS CANNOT ESTABLISH AGENCY JURISDICTION THROUGH DCC AND DC MOTORS FOR MULTIPLE REASONS ..................................................................................... 2

    A. Plaintiffs Do Not Establish—or Even Assert—That Daimler AG Had a Principal Role in Recall and Retrofitting Decisions Related to the Jeep Cherokee at Issue in This Case ............................................................................... 2

    B. Plaintiffs Do Not Meet the Legal Requirements for Agency Jurisdiction Because They Cannot Establish That Daimler AG Needs to Do What DCC and DC Motors Do ............................................................................................................ 5

III. PLAINTIFFS DO NOT—AND CANNOT—DISPUTE THAT THE EXERCISE OF JURISDICTION OVER DAIMLER AG IN THIS CASE WOULD BE UNREASONABLE ............................................... 6

IV. PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY ....................................... 6

V. CONCLUSION ..................................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*,
    1 F.3d 848 (9th Cir. 1993) ................................................................................. 6

*Asahi Metal Indus. Co. v. Superior Ct.*,
    480 U.S. 102 (1987) ............................................................................................ 6

*Bauman v. DaimlerChrysler AG*,
    2007 WL 486389 (N.D. Cal. Feb. 12, 2007) ..................................................... 5

*Bright v. Primary Source Media*,
    998 WL 671247 (N.D. Cal. 1998) ...................................................................... 4

*Burger King Corp. v. Rudzewicz*,
    471 U.S. 462, 471-72 (1985) .............................................................................. 6

*Cai v. DaimlerChrysler AG*,
    480 F. Supp. 2d 1245 (D. Or. 2007) .................................................................. 5

*Dames & Moore v. Emirate of Dubai*,
    1996 WL 671279 (N.D. Cal. Nov. 14, 1996) .................................................... 6

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) .............................................................................. 3

*In re Western States Wholesale Nature Gas Antitrust Litig.*,
    2007 WL 2445953 (D. Nev. Aug. 17, 2007) ..................................................... 4

*Kramer Motors, Inc. v. British Leyland, Ltd.*,
    628 F.2d 1175 (9th Cir. 1980) ............................................................................ 4

*Levy v. Norwich Union Ins. Soc'y*,
    1998 WL 544971 (N.D. Cal. Aug. 5, 1998) ...................................................... 6

*Progressive N. Ins. Co. v. Fleetwood Enters., Inc.*,
    2006 WL 1009334 (W.D. Wash. Apr. 14, 2006) .............................................. 5

*Quarles v. Fuqua Indus., Inc.*,
    504 F.2d 1358, 1364 (10th Cir. 1974) ............................................................... 4

*Terracom v. Valley Nat'l Bank*,
    49 F.3d 555 (9th Cir. 1995) ................................................................................ 6

*Tracinda Corp. v. DaimlerChrysler AG*,
    354 F. Supp. 2d 362 (D. Del. 2005) ................................................................... 3

## I. INTRODUCTION

Plaintiffs concede that Daimler AG had nothing to do with the 1998 Jeep Cherokee at issue in this case, and had nothing to do with any Jeep-related entity at the time the Jeep was manufactured, assembled, and distributed. Plaintiffs further concede that there is absolutely no basis for general jurisdiction in this case and that Daimler AG does not itself have contacts with California sufficient for the exercise of specific personal jurisdiction.

Instead, plaintiffs base their assertion of specific jurisdiction over Daimler AG solely on the purported decision by DaimlerChrysler Corporation ("DCC") and DaimlerChrysler Motors Company, LLC ("DC Motors") to "not giv[e] the customers an option of retrofitting their [1998 Jeep Cherokees] with electronic stability control." Pl. Opp. at 1-2 (Docket No. 36). Plaintiffs attempt to attribute the contacts of these separate entities to Daimler AG under an "agency jurisdiction" theory. *Id.* at 2, 6-7 (Docket No. 36).

There are two independent reasons why plaintiffs' alleged "agency jurisdiction" theory does not work. First, plaintiffs do not establish—or even assert—that Daimler AG had a principal role with respect to recalling and retrofitting 1998 Jeep Cherokees. Second, plaintiffs cannot meet the Ninth Circuit's legal requirements for agency jurisdiction because they cannot establish that Daimler AG needs to do what DCC and DC Motors do.

Moreover, even assuming that plaintiffs could impute the contacts of DCC and DC Motors to Daimler AG via "agency jurisdiction," Daimler AG's motion should still be granted, because plaintiffs do not offer any principled response to Daimler AG's showing that the exercise of jurisdiction in this case would be unreasonable. Finally, plaintiffs do not meet the requirements for jurisdictional discovery. Their only specific request relates to merits issues, not personal jurisdiction. In any event, given plaintiffs' failure to contest the unreasonableness of asserting jurisdiction in this case, jurisdictional discovery would be futile.

As such, there are myriad bases on which to grant Daimler AG's motion, and dismiss Daimler AG for lack of personal jurisdiction.

## II. PLAINTIFFS CANNOT ESTABLISH AGENCY JURISDICTION THROUGH DCC AND DC MOTORS FOR MULTIPLE REASONS.

### A. Plaintiffs Do Not Establish—or Even Assert—That Daimler AG Had a Principal Role in Recall and Retrofitting Decisions Related to the Jeep Cherokee at Issue in This Case.

Plaintiffs cannot establish agency jurisdiction because they do not—and cannot—claim that Daimler AG played a principal role in recall and retrofitting decisions related to the Jeep Cherokee at issue in this case. *Cf.* Pl. Opp. at 2 (Docket No. 36) (asserting basis of claims as "not giving the customers an option of retrofitting" the 1998 Jeep Cherokee at issue).

The evidence shows that DCC and DC Motors were always separate and distinct entities from Daimler AG. Van Der Wiele Decl. ¶ 13 (Docket No. 26). DCC was a Delaware corporation with its principal place of business in Michigan. Hecht Decl. ¶ 3 (Docket No. 12). DC Motors was a Delaware LLC with its principal place of business in Michigan. Van Der Wiele Decl. ¶ 10 (Docket No. 26). By contrast, Daimler AG is a distinct German stock company with its "seat" or effective place of business in Stuttgart, Germany. Hecht Decl. ¶ 2 (Docket No. 12).

In their respective business operations, Daimler AG, DCC, and DC Motors always strictly maintained all corporate formalities necessary to maintain their separate legal existence. *Id.* ¶ 3. Plaintiffs do not dispute these facts and, indeed, now expressly ***disavow*** any assertion that the various entities were "alter egos" of one another. *See, e.g.*, Pl. Opp. at 2, 6 (Docket No. 36).

It is also undisputed that, at the time the 1998 Jeep Cherokee at issue was designed, manufactured, and distributed, neither DCC, DC Motors, nor any of their predecessors were even subsidiaries—much less "branches" or a "division"—of Daimler AG or its predecessors. *See, e.g.*, Van Der Wiele Decl. ¶¶ 3, 7 (Docket No. 26); Pl. Opp. at 2 (Docket No. 36).[1] Similarly, plaintiffs do not dispute that, at all times, DCC and its predecessors/successors were responsible for the design, development, and assembly of Chrysler, Dodge, and Jeep vehicles, as well as for making recall decisions affecting those vehicle brands. Van Der Wiele Decl. ¶¶ 4, 13 (Docket No. 26); Pl. Opp. at 1 ("Plaintiffs have no evidence to the contrary") (Docket No. 36). Nor do they dispute that,

---

[1] Earlier this year, DCC became Chrysler LLC and DC Motors became Chrysler Motors LLC. Van Der Wiele Decl. ¶ 16. Neither entity is a subsidiary of Daimler AG any longer.

at all times, DC Motors and its predecessors were responsible for the sale and distribution of Chrysler, Dodge, and Jeep vehicles to authorized dealers. Van Der Wiele Decl. ¶¶ 5, 11 (Docket No. 26).

Even when these companies were later affiliated, Daimler AG did not design, manufacture, distribute, or make recall decisions with respect to any Chrysler, Jeep, or Eagle vehicles—much less the 1998 Jeep Cherokee vehicle at issue in this lawsuit. *Id.* ¶¶ 4, 5, 11, 13, 17; Hecht Decl. ¶¶ 3, 4 (Docket No. 12). Rather, Daimler AG continued to perform its wholly separate operations relating to the design and manufacture of Mercedes-Benz vehicles in Germany. Hecht Decl. ¶¶ 2, 7, 8.

Plaintiffs make *no assertions* to the contrary. Instead, their basic theory is that DCC and DC Motors were "agents" of Daimler AG because the boards of Daimler AG "oversaw the management" of DCC and DC Motors when those companies were indirect subsidiaries, and were also "ultimately responsible for significant corporate transactions like major asset sales and acquisitions." Pl. Opp. at 3:13-16 (Docket No. 36); *see, e.g., id.* at 6 (claiming that agency jurisdiction is appropriate because the Daimler AG board did things like "terminate and appoint executives" of DCC). These allegations are insufficient for agency jurisdiction.

Plaintiffs cite extensively to the decision in *Tracinda Corp. v. DaimlerChrysler AG*, 354 F. Supp. 2d 362 (D. Del. 2005). But that case had *nothing* to do with agency jurisdiction. Never does the case conclude that "but for the existence of [DCC and DC Motors], [Daimler AG] would have to undertake itself" the design, manufacture, distribution, or recall decisions with respect to Chrysler, Jeep, and Eagle vehicles—much less the 1998 Jeep Cherokee at issue in this lawsuit. *Cf.* Pl. Opp. at 5 (Docket No. 36) (conceding that this is the test for agency jurisdiction). Rather, *Tracinda* was a securities case and, at best, establishes that the entities responsible for Jeep vehicles were subsidiaries of Daimler AG at one point in time.

*Tracinda* is irrelevant to the motion at issue because it is well established that "[t]he existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." *Doe v. Unocal Corp.*, 248 F.3d 915, 926 (9th Cir. 2001).

1    Thus, for example, "one company's exercise over a second corporation of a controlling
2  influence through stock ownership does not make the second corporation an agent of the first." *In*
3  *re Western States Wholesale Nature Gas Antitrust Litig.*, 2007 WL 2445953, at *5 (D. Nev. Aug.
4  17, 2007) (quoting *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1364 (10th Cir. 1974)). Indeed,
5  "even where a corporate parent actively approves a corporation's major policy decisions and is
6  involved in the executive operation of the corporation, the Ninth Circuit has held that an agency
7  relationship does not exist for the purpose of establishing personal jurisdiction." *Bright v.*
8  *Primary Source Media*, 1998 WL 671247, at *7 (N.D. Cal. 1998); *Western States*, 2007 WL
9  2445953, at *5, *7 (without creating an agency relationship, parent can engage in things like
10  "supervision of the subsidiary's finance and capital budget decisions, and articulation of general
11  policies and procedures" and make "'strategic marketing policies and decisions concerning [the
12  product sold by the Group]' [that are] 'implemented on an operational level by affiliates'").

13    The Ninth Circuit's decision in *Kramer Motors, Inc. v. British Leyland, Ltd.* concisely
14  demonstrates that plaintiffs' allegations are insufficient to establish agency jurisdiction. As in
15  this case, plaintiffs in *Kramer* claimed that the parent company "had general executive
16  responsibility for the operation of [the subsidiary], and reviewed and approved its major policy
17  decisions . . . ." 628 F.2d 1175, 1177 (9th Cir. 1980); *cf.* Pl. Opp. at 2, 6 (Docket No. 36)
18  (making similar allegations). Despite these facts, the Ninth Circuit held that agency jurisdiction
19  was inappropriate because the subsidiary—not the parent—"has primary and exclusive
20  responsibility for the distribution, marketing, and sale" of the motor vehicles at issue. *Kramer*,
21  628 F.2d at 1177-78.

22    The same is indisputably true in this case. The Chrysler entities designed, manufactured,
23  and sold the 1998 Jeep Cherokee at issue. In plaintiffs' own words, they "have no evidence to the
24  contrary." Pl. Opp. at 1 (Docket No. 36). Thus, this Court should reach the same result as the
25  Ninth Circuit did in *Kramer* and reject plaintiffs' claims of agency jurisdiction.

### B. Plaintiffs Do Not Meet the Legal Requirements for Agency Jurisdiction Because They Cannot Establish That Daimler AG Needs to Do What DCC and DC Motors Do.

In plaintiffs' own words, agency jurisdiction is improper unless, among other things, they present admissible evidence demonstrating that "but for the existence of the subsidiary" (here, DCC and DC Motors), the parent Daimler AG "would undertake to perform substantially similar services" in California. Pl. Opp. at 5 (Docket No. 36).

In this case, there is no basis to conclude that Daimler AG "would undertake" to design, manufacture, distribute, or make recall decisions with respect to vehicles like the 1998 Jeep Cherokee at issue. Plaintiffs have offered no evidence establishing that Daimler AG has ever been involved with such activities. Indeed, plaintiffs directly **concede** that Daimler AG had no corporate relationship with the Chrysler entities for the vast majority of their corporate lifetimes—and, thus, could not possibly need to "undertake"—such activities. *Id.* at 2.

Stated another way, there have always been "alternative automotive distribution channels" for Jeep Cherokees. Such channels have never involved Daimler AG. Moreover, even though DCC and DC Motors are no longer subsidiaries (*i.e.*, part of Daimler AG's business), Daimler AG has **not** "undertaken" to do what DCC and DC Motors do. The courts of this Circuit have uniformly held that Daimler AG is not subject to agency jurisdiction in similar circumstances. *See Bauman v. DaimlerChrysler AG*, 2007 WL 486389, at *2 (N.D. Cal. Feb. 12, 2007) ("evidence that alternative automobile distribution channels" can be used is sufficient to demonstrate that agency jurisdiction does not exist with respect to DaimlerChrysler AG); *Cai v. DaimlerChrysler AG*, 480 F. Supp. 2d 1245, 1252 (D. Or. 2007) (agency jurisdiction does not apply because there is no evidence that DaimlerChrysler AG would manufacture and sell trucks in Oregon if subsidiary could not do so); *see also, e.g., Progressive N. Ins. Co. v. Fleetwood Enters., Inc.*, 2006 WL 1009334, at *9 (W.D. Wash. Apr. 14, 2006) (no agency jurisdiction can exist where parent company "could presumably authorize a different entity" to perform the activity allegedly giving rise to jurisdiction).

This Court should make the same finding and dismiss Daimler AG for lack of personal jurisdiction.

III. **PLAINTIFFS DO NOT—AND CANNOT—DISPUTE THAT THE EXERCISE OF JURISDICTION OVER DAIMLER AG IN THIS CASE WOULD BE UNREASONABLE.**

Even if the contacts of DCC and DC Motors were sufficient for personal jurisdiction and could be imputed to Daimler AG under an "agency jurisdiction" test, Daimler AG's motion to dismiss should still be granted, because plaintiffs do not—and cannot—dispute that the exercise of jurisdiction over Daimler AG in this case would be unreasonable.

Daimler AG demonstrated that there were multiple reasons why the assertion of personal jurisdiction in this case would be unreasonable. *See* Renewed Motion Br. at 9-10 (Docket No. 32). Plaintiffs offered no principled response; they only reiterated their agency jurisdiction argument. *Cf.* Pl. Opp. at 7 (Docket No. 36). Such reiteration is completely insufficient, as it ignores the independent nature of the "reasonableness" requirement. *See, e.g., Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (failure to meet "reasonableness" requirement alone makes personal jurisdiction improper, regardless of contacts); *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.2 (9th Cir. 1993) (citing *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 113 (1987)). As such, "reasonableness" provides an independent basis to grant Daimler AG's motion.

IV. **PLAINTIFFS ARE NOT ENTITLED TO JURISDICTIONAL DISCOVERY.**

The courts of this Circuit have repeatedly held that a plaintiff must affirmatively "demonstrate how further discovery would allow it" to establish jurisdiction before jurisdictional discovery can be permitted. *See Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995) ("the Court need not permit even limited discovery" when plaintiff fails to make the required demonstration); *Levy v. Norwich Union Ins. Soc'y*, 1998 WL 544971, at *5 n.8 (N.D. Cal. Aug. 5, 1998); *Dames & Moore v. Emirate of Dubai*, 1996 WL 671279, at *7 (N.D. Cal. Nov. 14, 1996) ("much like a motion under Federal Rule of Civil Procedure 56(f), the burden is on plaintiff to proffer specific items of discovery that would support specific facts that it alleges").

In asking this Court to grant jurisdictional discovery, plaintiffs make no reference to any "specific items of discovery" except for a desire to know "***how*** decisions were made regarding the defendants' use and non-use of electronic stability control in Chrysler vehicles . . . ." Pl. Opp. at

CARROLL, BURDICK &
MCDONOUGH LLP
ATTORNEYS AT LAW
SAN FRANCISCO

CBM-MERCEDES\SF394115    -6-
REPLY BRIEF ISO RENEWED MOTION TO DISMISS FOR LACK OF PERSONAL JURISD.    (NO. 3:07CV03258-SC)

1  7 (emphasis added).  But the question of "how" only goes to merits issues.  It could not possibly

2  go to jurisdiction—particularly in light of the undisputed evidence that Daimler AG was not

3  involved in any such decision, and that no such decision would have been made in California in

4  any event.  Van Der Wiele Decl. ¶ 13 (Docket No. 26); Hecht Decl. ¶ 3 (Docket No. 12).

   Moreover, because plaintiffs have failed to address reasonableness on any independent ground, discovery would be futile in this case.  Even assuming that plaintiffs were to uncover evidence of sufficient contacts with California, the exercise of personal jurisdiction in this case would still not comport with due process notions of "fair play and substantial justice," and Daimler AG's Motion should still be granted.

### V.  CONCLUSION

There are multiple reasons why plaintiffs cannot establish "agency jurisdiction" through DCC and DC Motors.  But even if they could make the required showing, Daimler AG's motion should still be granted because plaintiffs do not offer any principled basis to find that the exercise of jurisdiction over Daimler AG would be reasonable in this case.  Furthermore, plaintiffs and have not demonstrated an entitlement to jurisdictional discovery.  As such, Daimler AG should be dismissed for lack of personal jurisdiction.

Dated: February 22, 2008              Respectfully submitted,

                                      CARROLL, BURDICK & McDONOUGH LLP

                                      By  /s/
                                          ───────────────────────────────
                                          Matthew J. Kemner
                                          Attorneys for Specially-Appearing Defendant
                                          DAIMLER AG