United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER,

Plaintiffs,

v.

DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through FIFTY, inclusive,

Defendants.

No. 07-3258 SC

ORDER GRANTING DEFENDANT DAIMLER AG'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

## I. INTRODUCTION

Defendant Daimler AG ("Daimler") brings this Renewed Motion to Dismiss for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2). See Docket No. 31.[1] Plaintiffs Shelley Robinson and Elizaveta Hunsinger ("Plaintiffs") opposed the motion, and Daimler replied. See Docket Nos. 36, 37. Having reviewed all of the parties' submissions, the Court hereby GRANTS Daimler's motion for the reasons set forth below.

---

[1]Daimler labels itself a "specially appearing defendant" in order to avoid waiving its jurisdictional challenge by making an appearance. "Rule 12 of the Federal Rules of Civil Procedure has abolished the formal distinction between general and special appearances." Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972). Daimler timely challenged the Court's jurisdiction pursuant to Rule 12(b)(2) and therefore has not waived its right to object.

United States District Court
For the Northern District of California

**II. BACKGROUND**

**A. The Accident**

Plaintiffs allege that the 1998 Jeep Cherokee ("the Cherokee") in which they were traveling lost control and rolled over on a road in Idaho on May 25, 2005. See Notice of Removal, Docket No. 1, Ex. B ("Complaint") ¶ 8. Plaintiffs allege that certain components of the Cherokee, including the roof, roof supports, and restraints, failed during this accident as a result of flaws in their design and manufacture. Id. ¶¶ 10, 11, 17, 18. This failure allegedly resulted in severe and catastrophic injuries to Plaintiffs. See, e.g., id. ¶¶ 12, 19. Plaintiffs brought this suit against DaimlerChrysler AG, DaimlerChrysler Motors Company LLC, and DaimlerChrysler Corporation, alleging causes of action for negligence, strict liability, and breach of warranty. See id. Plaintiffs filed the suit in the Contra Costa County Superior Court on May 9, 2007, and Defendants removed it to this Court on June 20, 2007. See Notice of Removal; Compl.

**B. Defendants' Corporate History and Structure**

Chrysler Corporation was incorporated in Delaware in 1986, and was responsible for the design, development, and assembly of Chrysler, Dodge, and Jeep vehicles.[2] Chrysler Corporation had its principal place of business in Michigan.

Chrysler Motors Corporation was incorporated in Delaware in 1998, and was responsible for the sale of Chrysler, Dodge, and

---

[2]The details of the Defendants' corporate history and structure are taken from the Declaration of Louann Van Der Wiele and the Declaration of Paul Hecht. Docket Nos. 26, 12.

United States District Court
For the Northern District of California

Jeep vehicles to authorized dealers. Chrysler Motors Corporation was a wholly owned subsidiary of Chrysler Corporation.

DaimlerChrysler AG was incorporated under the laws of the Federal Republic of Germany in May 1998, and has its principal place of business in Stuttgart, Germany.[3] DaimlerChrysler AG designed and manufactured Mercedes-Benz vehicles in Germany.

In May of 1998, Chrysler Corporation entered into a Business Combination Agreement ("BCA") with Daimler-Benz AG and DaimlerChrysler AG, which became effective on November 12, 1998. Pursuant to the BCA, Daimler-Benz AG merged into DaimlerChrysler AG, and Chrysler Corporation became a wholly owned subsidiary of DaimlerChrysler AG.

In November 1998, upon execution of the BCA, Chrysler Corporation renamed itself DaimlerChrysler Corporation, and Chrysler Motors Corporation renamed itself DaimlerChrysler Motors Corporation.

In January 2000, DaimlerChrysler Corporation became a wholly owned subsidiary of DaimlerChrysler North America Holding Corporation, which was itself a wholly owned subisidiary of DaimlerChrysler AG.

In 2001, DaimlerChrysler Motors Company LLC ("DC Motors") was formed in Delaware. In January 2002, DaimlerChrysler Motors Corporation merged into DC Motors. At this point, DC Motors

---

[3]"AG" is the standard abbreviation for "*Aktiengesellschaft*," which is a German stock company, comparable to a shareholder-owned company in the United States. The details of this designation, and the differences between an AG and an American corporation, if any, are not material to this order.

assumed the responsibility for sales and distribution of Chrysler, Dodge, and Jeep vehicles to authorized dealers. At the same time, DC Motors became a wholly owned subsidiary of DaimlerChrysler North America Holding Corporation, and DaimlerChrysler Corporation became a wholly owned subsidiary of DC Motors.

DaimlerChrysler Corporation was responsible for making recall decisions affecting Chrysler, Dodge, and Jeep vehicles.

In March of 2007, the relationship between the German and American automakers ended and DaimlerChrysler AG sold the majority of its interest in DaimlerChrysler Corporation. DaimlerChrysler Corporation was converted to a Delaware limited liability company and renamed DaimlerChrysler Company LLC. Two months later, DC Motors became a wholly owned subsidiary of DaimlerChrysler Company LLC. In July 2007, DaimlerChrysler Company LLC was renamed Chrysler Motors LLC. Chrysler Motors LLC is a wholly owned subsidiary of Chrysler Holding LLC, in which DaimlerChrysler AG retained a 19.9% interest. The remainder was held by a private investment firm.

In October 2007, DaimlerChrysler AG renamed itself Daimler AG, the "Daimler" entity that brought the instant motion.

Daimler did not design, manufacture, or sell the Cherokee. Daimler does not conduct any business or maintain any offices in California. Daimler has not appointed an agent for service of process in California. Although Daimler currently manufactures Mercedes-Benz automobiles in Germany, it does not sell them anywhere in the United States, nor has it done so at any time relevant to this suit. Mercedes-Benz USA LLC, a Delaware limited

United States District Court
For the Northern District of California

liability company with its principal place of business in New Jersey, has the rights to import, advertise, and distribute Mercedes-Benz vehicles and parts within the United States, but it purchases the vehicles and attains title to them in Germany.

**III. LEGAL STANDARD**

"When a defendant challenges the sufficiency of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction over the defendant." Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir. 1988). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. In such cases, we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Because there is no federal statute governing personal jurisdiction in this matter, the Court applies California law. See id. (citing Fed. R. Civ. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998)). "California's long-arm statute permits a court to exercise personal jurisdiction over a defendant to the extent permitted by the Due Process Clause of the Constitution." Panavision, 141 F.3d at 1320 (citing Cal. Code Civ. P. § 410.10). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions

United States District Court
For the Northern District of California

of fair play and substantial justice.'" Schwarzenegger, 374 F.3d at 801 (quoting Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be either general or specific. Panavision, 141 F.3d at 1320. "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" Id. (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)). The Ninth Circuit uses a three-part test to determine whether there is specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Yahoo!, Inc. v. La Ligue Contre Le Racisme, 433 F.3d 1199, 1205-06 (9th Cir. 2006).

## IV. DISCUSSION

There is no basis for the Court to exercise jurisdiction over Daimler in this matter. In opposing the Motion, Plaintiffs do not even suggest that general jurisdiction exists. See Opp'n at 5-6. Rather, Plaintiffs' sole contention is that the Court has personal

jurisdiction over Daimler because it has jurisdiction over DC Motors and DaimlerChrysler Corporation, which Plaintiffs claim were Daimler's agents. See id. "In determining the sufficiency of a defendant's contacts, it is not only defendant's activities in the forum, but also actions relevant to the transaction by an agent on defendant's behalf, which support personal jurisdiction." Theo H. Davies & Co v. Republic of the Marshall Islands, 174 F.3d 969, 974 (9th Cir. 1999).

> The agency test is satisfied by a showing that the subsidiary functions as the parent corporation's representative in that it performs services that are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.

Doe v. Unocal Corp., 248 F.3d 915, 928 (9th Cir. 2001) (internal quotation marks omitted).

Plaintiffs argue that "DaimlerChrysler Corporation and [DC Motors] were engaged in activities that, but for their existence, [Daimler] would have had to undertake itself." Opp'n at 5. Plaintiffs offer no declarations, affidavits, or other evidence for this assertion. The only basis they provide for the agency argument is Tracinda Corp. v. DaimlerChrysler AG, 364 F. Supp. 2d 362 (D. Del. 2005). Plaintiffs' reliance on Tracinda is misplaced for a number of reasons. First, while Judge Farnan's opinion in that case is extraordinarily thorough in its discussion of the BCA and the corporate structure of DaimlerChrysler following the merger, it is based on a well-developed factual record that is not before this Court. The Court cannot simply adopt those findings

en masse.

Second, even if the Court did adopt those findings, they would be inadequate to support Plaintiffs' agency claim here. Tracinda was a securities fraud suit, arising out of pre-merger statements made by executives from Chrysler Corporation and Daimler-Benz AG that the combination was to be a "merger of equals." See id. at 378-80.[4] The plaintiffs there were investors who claimed that despite these statements, it was more accurately an acquisition, with Daimler retaining managing control of the entire corporate entity. Even if the Court accepts that Chrysler Corporation (subsequently DaimlerChrysler Corporation, now effectively Chrysler LLC) was fully absorbed into Daimler, and assumes, without evidentiary support, that the companies did not observe the corporate formalities necessary to protect Daimler in a case such as this, the Tracinda order does not address the roles of the various subsidiaries at issue here. There is no mention of Chrysler Motors Corporation, DaimlerChrysler Motors Corporation, DaimlerChrysler North America Holding Corporation, or DC Motors. Nothing in Tracinda can shed any light on the issue here, which is whether Daimler AG, or its predecessor DaimlerChrysler AG, can be held accountable for the decision not to recall the Cherokee.

Finally, even if the findings in Tracinda did support Plaintiffs' claim that DC Motors was Daimler's agent, it would not preclude the Court from considering the affidavits Daimler offers

---

[4]The Court provides only the most cursory summary of the Tracinda facts and holdings. However, the Court has thoroughly reviewed that case and is firm in the conclusion that the holdings there have no bearing in this matter.

in this matter. Jurisdiction was not an issue in that case because the suit arose out of transactions that took place in Delaware, the defendants conducted business in Delaware, and the shareholder agreement in question contained a forum selection clause under which the parties had submitted to the jurisdiction of the Delaware courts. Id. at 365. As such, the various Daimler entities involved in that suit had no reason to present evidence that might acquit them of the court's jurisdiction. None of the foregoing is true here. Daimler does not do business in California and has not submitted to the Court's jurisdiction. It is therefore entitled to present evidence contesting jurisdiction without concern that the unrelated holding in Tracinda will preclude that argument.

The evidence Daimler presented supports its argument that DC Motors and DaimlerChrysler Corporation were not Daimler's agents. DC Motors and its predecessor, Chrysler Motors Corporation, were responsible for sales of Jeep vehicles, such as the Cherokee, to authorized dealers. Van Der Wiele Decl. ¶¶ 5, 8, 11. DaimlerChrysler Corporation and its predecessor, Chrysler Corporation, were responsible for the design, development, and manufacture of the Cherokee, as well as for decisions regarding recalls to Jeep vehicles. Id. ¶¶ 4, 8, 13. These are not tasks which, but for the existence of these subsidiaries, Daimler would have had to do itself. See Doe, 248 F.3d at 928. Daimler designs and manufactures Mercedes-Benz automobiles in Germany. It existed (as Daimler-Benz AG) prior to entering the BCA without needing a presence in California for the design, development, manufacture,

sales, or recall of Jeep vehicles. Since divesting its majority interest in DaimlerChrysler Corporation, Daimler has not engaged a new subsidiary in those tasks or undertaken to perform those tasks on its own. In short, the design, development, manufacture, sales, and recall of Jeep vehicles are not tasks which are fundamental to Daimler's business. Therefore, the subsidiaries performing those tasks cannot be considered Daimler's agents for the purposes of establishing personal jurisdiction.

The available authority also supports this conclusion. Where the subsidiary maintains the "primary and exclusive responsibility for the distribution, marketing, and sale" of the vehicle, it is not an agent of the parent company for jurisdictional purposes. Kramer Motors, Inc. v. British Leyland, Ltd., 628 F.2d 1175, 1177 (9th Cir. 1980). In Kramer Motors, the president of the U.S. subsidiary sat on the British parent company's board of directors, the British parent reviewed and approved general policy decisions of the U.S. subsidiary, and the parent had "general executive responsibility for the operation" of the subsidiary, but the court still found that the subsidiary was not an agent for the purposes of establishing jurisdiction. Id. The level of control Plaintiffs assert that Daimler had over DC Motors is comparable to that rejected in Kramer Motors. See Opp'n at 6.

Other plaintiffs who have attempted to bring Daimler or its predecessor into court by asserting agency jurisdiction have been unsuccessful for a number of reasons. Daimler's evidence that it has used alternate means of distributing its products was sufficient to defeat agency jurisdiction in one case. Bauman v.

DaimlerChrysler AG, No. C-04-00194 RMW, 2007 U.S. Dist. LEXIS 13116, at * 8-9 (N.D. Cal. Feb. 12, 2007); see Hecht Decl. ¶ 11 (Daimler has a variety of distribution channels for the Mercedes-Benz products it manufactures). In another, the court found that there was no agency because there was no evidence that absent the subsidiary, Daimler would start manufacturing and selling the vehicles the subsidiary manufactured and sold. Cai v. DaimlerChrysler AG, 480 F. Supp. 2d 1245, 1252 (D. Or. 2007). Plaintiffs do not allege that Daimler has begun the manufacture and sale of Chrysler, Dodge, and Jeep vehicles in California since divesting its interest in Chrysler.

Finally, the Court agrees with Daimler that, even if Plaintiffs had adequately shown a basis for jurisdiction, it would be unreasonable to require Daimler to defend itself in a lawsuit in California. Daimler structured its business to avoid this sort of liability. Plaintiffs do not provide any evidence that Defendants failed to observe corporate formalities. Nor do they offer any authority suggesting that the corporate structure in question was improper. Daimler could reasonably expect that it would not have to appear in litigation in California. See, e.g., World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) ("The Due Process Clause, by ensuring the orderly administration of the laws, gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.") (internal quotation marks and citation omitted). Requiring Daimler to appear would be

United States District Court
For the Northern District of California

unreasonable. That Daimler resides in another country, rather than merely in another forum within the United States, makes this conclusion even more compelling. See, e.g., Sinatra, 854 F.3d at 1199 ("litigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist").

**V. DISCOVERY**

Plaintiffs request that, if the Court finds they have not established a prima facie case for jurisdiction over Daimler, they be allowed to conduct limited discovery on jurisdictional issues. The Court has broad discretion in considering whether or not to allow jurisdictional discovery. See Butcher's Union Local No 498 v. SDC Inv., Inc., 788 F.2d 535, 540 (9th Cir. 1986). The Court's conclusion regarding jurisdiction was not based on a failure to prove the facts alleged, but the failure to even allege the necessary facts. Discovery will not cure this. Further, Plaintiffs have not identified what discovery they would seek or how that discovery would assist in resolving the dispute over jurisdiction, particularly in light of the Van Der Wiele and Hecht Declarations. See Terracom v. Valley Nat'l Bank, 59 F.3d 555, 562 (9th Cir. 1995). The Court therefore denies Plaintiffs' request for additional discovery.

**VI. CONCLUSION**

For the reasons set forth above, the Court concludes that it does not have jurisdiction over Daimler, and therefore GRANTS

Daimler's Motion to Dismiss. The Court DENIES Plaintiffs' request for limited jurisdictional discovery.

IT IS SO ORDERED.

March 17, 2008

UNITED STATES DISTRICT JUDGE