1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   MICKI S. SINGER  Bar No. 148699
2  JOHN G. GHERINI  Bar No. 220981
   One Market Plaza, Steuart Tower, 8th Floor
3  San Francisco, California 94105
   Telephone: (415) 781-7900
4  Facsimile: (415) 781-2635

5  Attorneys for Defendants CHRYSLER LLC, formally
   DAIMLERCHRYSLER COMPANY LLC, formerly
6  DAIMLERCHRYSLER CORPORATION, and
   CHRYSLER MOTORS LLC, formally
7  DAIMLERCHRYSLER MOTORS COMPANY LLC

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   SHELLEY P. ROBINSON; and ELIZAVETA M.          CASE NO. C-07-03258 SC
12 HUNSINGER, by and through her Conservator
   IVAN J. HUNSINGER,
13
         Plaintiffs,
14                                                CHRYSLER LLC'S AND
                                                  CHRYSLER MOTORS LLC'S
   v.                                             MOTION FOR ADMINISTRATIVE
15                                                RELIEF REGARDING EXPERT
   DAIMLERCHRYSLER AG;                            WITNESS DISCLOSURES AND
16 DAIMLERCHRYSLER MOTORS COMPANY                 DISCOVERY
   LLC; DAIMLERCHRYSLER CORPORATION;
17 and DOES One through Fifty, inclusive,         [Civil Local Rule 7-11]

18       Defendants.

19              I.     INTRODUCTION

20       Defendants Chrysler LLC and Chrysler Motors LLC (collectively referred to herein as

21 "Chrysler") brings this motion for administrative relief pursuant to Civil Local Rule 7-11 and

22 Federal Rule of Civil Procedure 26(a). Chrysler requests the Court issue an order setting

23 deadlines for expert disclosure and expert discovery as set forth herein.

24       On January 25, 2008, the Court issued a scheduling order establishing November 12,

25 2008 as the deadline for the completion of expert discovery. Pursuant to FRCP Rule 26(a), the

26 deadline for the disclosure of expert reports (90 days before trial) is currently October 14, 2008.

27 The parties concur that more time is needed to take expert depositions.

28       Despite the parties best efforts to meet and confer, a dispute has arisen as to the timing

-1-

and order of expert disclosure and discovery. Plaintiffs want a simultaneous disclosure starting in early September, 2008 with a rebuttal disclosure in October, 2008. Chrysler wants a staggered disclosure as follows:

- **July 3, 2008** – Close of non-expert discovery;
- **July 3, 2008** – Plaintiffs' disclosure of expert identities, résumés, reports, and all other materials required by Federal Rule of Civil Procedure 26(a)(2);
- **August 4, 2008** – Chrysler's disclosure of expert identities, résumés, reports, and all other matters required by Federal Rule of Civil Procedure 26(a)(2);
- **August 25, 2008** – Plaintiffs' rebuttal disclosure;
- **November 12, 2008** – Completion of discovery.

A staggered disclosure will streamline the issues for trial and result in a more efficient and expedient discovery process.

## II.    FACTUAL BACKGROUND

This case arises out of a May 25, 2005 single vehicle rollover accident in Twin Falls County, Idaho involving a 1998 Jeep. Plaintiffs Shelley Robinson and Elizaveta Hunsinger, ages 20 and 21, sustained serious injuries in the crash: Robinson is a quadriplegic and Hunsinger has a severe brain injury. (*See* Declaration of John G. Gherini (hereafter "Gherini Decl."), ¶ 3).

In addition to the obvious complexity of issues related to plaintiffs' injuries, plaintiffs have alleged a myriad of product defect theories, including: (1) improper handling or stability; (2) lack of a sufficient electronic stability control program; (3) defective roof design and insufficient structure; and (4) defective window glazing which allowed the occupants to be ejected during the accident sequence. (*See* Gherini Decl., ¶ 4).

Although both parties submitted proposed schedules, the Court's January 25, 2008 Scheduling Order did not set a deadline for disclosure of Rule 26(a)(2) reports. The Order did, however, establish November 12, 2008 as the close of expert discovery. Pursuant to FRCP Rule 26 (a)(2), expert disclosures would, therefore, be made 90 days before trial, or October 14, 2008,

SF/1498269v1

-2-

CHRYSLER LLC AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY

leaving only 30 days to complete expert discovery.[1]

Counsel for the parties met and conferred on the issues discussed in this motion via telephone on March 26, 2008. (*See* Gherini Decl., ¶ 5). Counsel for Chrysler sent a confirming letter setting forth the its position on March 28, 2008. (*See* Gherini Decl., ¶ 6). Plaintiffs responded with a letter on March 31, 2008. (*See* Gherini Decl., ¶ 7). The parties agree the case will involve extensive expert discovery on plaintiffs' multiple liability theories, as well as plaintiffs' alleged injuries and damages. The parties also agree the Court should order an expert disclosure and discovery schedule, which provides additional time for expert depositions. (*See* Gherini Decl., ¶ 8).

The parties do not agree, however, on the timing and order of the disclosure. Plaintiffs request a simultaneous disclosure in early September with a rebuttal disclosure in early October. (*See* Gherini Decl., ¶ 9). But this complex automotive defect case, in which multiple theories of liability have been alleged, requires a staggered disclosure which will promote efficiency and narrow the issues for trial. (*See* Gherini Decl., ¶ 10).

### III.    DISCUSSION

Staggered disclosure of expert witness information was contemplated by the drafters of the Federal Rules. The Rule 26 Advisory Committee Notes state "[i]n most cases the party with the burden of proof on an issue should disclose its expert testimony on that issue before other parties are required to make their disclosures with respect to that issue." (Fed. R. Civ. Proc. 26(a)(2)(C), Advisory Committee's Note (1993 Amendments). The goal of these disclosure requirements is to allow the parties sufficient time to prepare cross-examination and otherwise prepare their experts for trial. (*See* id.).

Other district courts have agreed that the party with the burden of proof should disclose first. (*See* Sandata Techs, Inc. v. Info Crossing, Inc., 2007 U.S. Dist. Lexis 85176 at p. 3 (SDNY November 16, 2007) ("It is routine that the party with the burden of proof on a particular issue be

---

[1] Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony. Subsection (C) controls the timing of these disclosures: "disclosure shall be made at the times and in the sequence directed by the court. In the absence of other directions from the court or stipulations by the parties, the disclosure shall be made at least 90 days before the trial date…."

-3-

the first to submit its expert reports addressing the issue."). Staggered disclosures also promote an efficient and expedient expert discovery process that "accords with the requirement that the [federal] rules be construed and administered to secure the just, speedy, and inexpensive determination of every action." (Dixon v. Certainteed Corp., 168 F.R.D. 51, 54 (D. Kan. 1996). Staggered disclosures accomplish this goal because they streamline the issues for trial and build more time into the expert discovery process, which will likely result in fewer delays and modifications to the discovery schedule. (*See* Brink's Home Security v. Caliber Holdings Co., 2007 U.S. Dist. LEXIS 17989, 4 (Dist. Az 2007)("the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines."); *see also* Lidy v. Apaio, 2007 U.S. Dist. LEXIS 3765, 4 (Dist. Az 2007)).

Plaintiffs' counsel claims that a staggered disclosure is prejudicial to plaintiffs because it purportedly allows Chrysler to "tailor" its expert reports based upon the reports prepared by plaintiffs' experts. (*See* Gherini Decl., ¶ 11). But it is, of course, plaintiffs' burden to prove, among other things, that the design of the vehicle was a substantial factor in causing plaintiffs' injuries, as well as the nature and extent of those injuries. And it is plaintiffs that determine the theory, or theories, upon which they will proceed.[3] A staggered disclosure will streamline the issues for trial, prevent the expenditure of resources on theories plaintiffs ultimately do not pursue, and provide additional time to complete what will undoubtedly be a challenging and lengthy expert discovery process.

///
///
///
///
///
///

---

[3] In his most recent facsimile, plaintiffs' counsel also claims, without explanation, that the Advisory Committee Notes should not not apply here because, although plaintiffs have asserted 4 distinct theories of liability, plaintiffs do not have the burden of proving defect.



-4-

SF/1498269v1    CHRYSLER LLC AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY

-5-

## IV. CONCLUSION

For the reasons set forth above, Chrysler requests the Court issue the Scheduling Order set forth in Section I, which includes staggered disclosure of FRCP Rule 26(a)(2) reports.

DATED: March 31, 2008                SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
John G. Gherini
Attorneys for Defendants
CHRYSLER LLC and CHRYSLER MOTORS LLC,

SF/1498269v1

CHRYSLER LLC AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY

Shelley Robinson, et al. v. DaimlerChrysler AG, et al.
USDC, Northern District No.: C-07-03258 SC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On the date executed below, I electronically served the document(s) via ECF described as:

CHRYSLER LLC'S AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY

on the recipients designated on the Transaction Receipt located on the ECF website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 31, 2008, at San Francisco, California.

_Joanne M. Heffron Jones_

PROOF OF SERVICE

SF/1498672v1