SEDGWICK, DETERT, MORAN & ARNOLD LLP
MICKI S. SINGER  Bar No. 148699
JOHN G. GHERINI  Bar No. 220981
One Market Plaza, Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants CHRYSLER LLC, formally
DAIMLERCHRYSLER COMPANY LLC, formerly
DAIMLERCHRYSLER CORPORATION, and
CHRYSLER MOTORS LLC, formally
DAIMLERCHRYSLER MOTORS COMPANY LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY P. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER,<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES One through Fifty, inclusive,<br><br>Defendants. | CASE NO. C-07-03258 SC<br><br>**DECLARATION OF JOHN GHERINI IN SUPPORT OF CHRYSLER LLC'S AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY**<br><br>[Civil Local Rule 7-11] |

I, John G. Gherini, do hereby declare that:

1. I am an attorney licensed to practice before the Federal District Court for the Northern District of California and am an associate at the law firm of Sedgwick, Detert, Moran & Arnold, attorneys of record for Chrysler LLC and Chrysler Motors LLC.

2. I am one of the attorneys responsible for the handling of this file and, in this capacity, have personal knowledge of the facts set forth in this declaration. If called as a witness, I would testify as set forth herein.

3. This case arises out of a May 25, 2005 single vehicle rollover accident in Twin Falls County, Idaho involving a 1998 Jeep. Plaintiffs Shelley Robinson and

Elizaveta Hunsinger, ages 20 and 21, sustained serious injuries in the crash: Robinson is a quadriplegic and Hunsinger has a severe brain injury.

4. In addition to the obvious complexity of issues related to plaintiffs' injuries, plaintiffs have alleged a myriad of product defect theories, including: (1) improper handling or stability; (2) lack of a sufficient electronic stability control program; (3) defective roof design and insufficient structure; and (4) defective window glazing which allows occupants to be ejected during the accident sequence.

5. Counsel for the parties met and conferred on the issues discussed in this motion via telephone on March 26, 2008.

6. Counsel for Chrysler sent a confirming letter on March 28, 2008, a copy of which is attached as Exhibit A.

7. Plaintiffs responded with a letter on March 31, 2008, a copy of which is atached as Exhibit B.

8. The parties agree the case will involve extensive expert discovery on plaintiffs' multiple liability theories, as well as plaintiffs' alleged injuries and damages. The parties also agree the Court should order an expert disclosure and discovery schedule, which provides additional time for expert depositions.

9. The parties do not agree, however, on the timing and order of the disclosure. Plaintiffs request a simultaneous disclosure in early September with a rebuttal disclosure in early October.

10. But this complex automotive defect case, in which multiple theories of liability have been alleged, requires a staggered disclosure which will promote efficiency and narrow the issues for trial.

11. Plaintiffs' counsel claims that a staggered disclosure is prejudicial to plaintiffs because it purportedly allows Chrysler to "tailor" its expert reports based upon the reports prepared by plaintiffs' experts.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on this 31 day of March 2008, at San Francisco, Ca.

By: _____
John G. Gherini
Attorneys for Defendants
CHRYSLER LLC, formally DAIMLERCHRYSLER COMPANY LLC, formerly DAIMLERCHRYSLER CORPORATION, and CHRYSLER MOTORS LLC, formally DAIMLERCHRYSLER MOTORS COMPANY LLC

# EXHIBIT "A"

-1-



**Facsimile Transmittal Sheet**

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
tel: 415.781.7900 fax: 415.781.2635

DATE: MARCH 28, 2008

TIME: 4:26 PM

NUMBER OF PAGES: (including cover page)

IF ANY PORTION OF THE FOLLOWING DOCUMENT IS ILLEGIBLE OR MISSING, PLEASE CALL OUR FAX CENTER AT (415) 781-7900 EXTENSION 2162 AS SOON AS POSSIBLE.

**TO:**

| Name | Company | Telephone | Facsimile |
|---|---|---|---|
| Darren Van Blois | Van Bloise & Associates | 510-635-1284 | 510-635-1516 |

**FROM:**

Name: John G. Gherini

Office: San Francisco

Fax Back Number: (415) 781-2635

Our File No.: 0284-004209

**RE:** Robinson v. DCC

**MESSAGE:**
Attached please find our letter re expert disclosures. Thank you.

PRIVILEGE AND CONFIDENTIALITY NOTICE

The information contained in this facsimile message is attorney privileged and confidential information intended only for the person or entity named above. If you are not the intended recipient (or someone responsible to deliver to the intended recipient), please be aware that any dissemination or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone immediately at (415) 781-7900 and return the original message to us at the address above via the U. S. Postal Service. Thank you.



**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105
Tel: 415.781.7900  Fax: 415.781.2635

March 28, 2008

**VIA FACSIMILE**
Darren J. Van Blois
Law Office of Van Blois & Associates
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621

Re:  Robinson v. Chrysler: need authorization for release of medical records
     File No.: 0284-004209

Dear Mr. Van Blois:

This letter confirms our discussion that occurred on Wednesday March 26, 2008 pertaining to the discovery schedule in the above referenced case. As we discussed, both plaintiffs and defendants agree that some expert discovery schedule should be ordered by the court to allow the parties additional time to conduct expert discovery other then that which is provided by Rule 26. However, the parties disagree on the specifics of that altered disclosure.

As we discussed, Chrysler's position is that the disclosure of expert witness identities should be staggered with plaintiffs disclosing their experts first. As we explained, a staggered disclosure is appropriate in this case where plaintiffs have multiple theories of liability and have the burden of proof on each. As explained by the Advisory Committee Notes to Rule 26, the general rule should be that the party with the burden of proof should disclose experts first.

We also provided you with the following suggested expert schedule: (1) plaintiffs' disclosure of expert information – July 3, 2008; (2) defendants' disclosure of expert information – August 4, 2008; (4) supplemental disclosures of expert information – August 25, 2008; and (5) close of discovery – November 12, 2008.

SF/1498228v1

New York ■ London ■ San Francisco ■ Zurich ■ Los Angeles ■ Paris ■ Newark ■ Orange County ■ Chicago ■ Dallas

Darren VanBlois, Esq.
Re: Robinson v. Chrysler: need authorization for release of medical records
March 28, 2008
Page 2

While we understand plaintiffs do not agree with this proposal, we request you reconsider your position. Please let us know by close of business Monday, March 31, 2008. If we do not hear from you, we will likely request the Court resolve this dispute.

Regards,

John Gherini
Sedgwick, Detert, Moran & Arnold LLP

SF/1498228v1

# EXHIBIT "B"

LAW OFFICES OF

# Van Blois & Associates

AIRPORT CORPORATE CENTRE
7677 OAKPORT STREET, SUITE 565
OAKLAND, CALIFORNIA 94621

R. LEWIS VAN BLOIS
BOARD CERTIFIED CIVIL TRIAL SPECIALIST
NATIONAL BOARD OF TRIAL ADVOCACY

THOMAS C. KNOWLES
DARREN J. VAN BLOIS

NANCY HORAN, PARALEGAL

Telephone: (510) 635-1284
Facsimile: (510) 635-1516

www.vanbloislaw.com
email: info@vanbloislaw.com

Livermore Office:
(925) 455-0193

Stockton Office:
(209) 478-2400

# FACSIMILE TRANSMISSION

DATE:     March 31, 2008

TO:       John Gherini                FAX:   (415) 781-2635

FROM:     Darren J. Van Blois

RE:       Robinson v. Daimler Chrysler et al.

Total number of pages, including cover letter:  ___2___

If you do not receive all of the pages, please call back as soon as possible at (510) 635-1284.

Note: Hard copy _____ Will __X__ Will not be sent via U.S. Mail.

MESSAGE:

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CONFIDENTIALITY NOTICE

The documents accompanying this FACSIMILE transmission may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying distribution or use of any of the information contained in this transmission is strictly PROHIBITED. If you have receive this transmission in error, please immediately notify us by telephone and mail the original transmission to us. Thank you.

LAW OFFICES OF
# Van Blois & Associates
AIRPORT CORPORATE CENTRE

R. LEWIS VAN BLOIS
CERTIFIED AS A CIVIL TRIAL LAWYER
BY THE NATIONAL BOARD OF TRIAL ADVOCACY

THOMAS C. KNOWLES
DARREN J. VAN BLOIS

NANCY HORAN, PARALEGAL

7677 OAKPORT STREET, SUITE 565
OAKLAND, CALIFORNIA 94621

Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Livermore Office:
(925) 455-0193

Modesto/Stockton Offices
(209) 478-2400

Contra Costa County Office:
(925) 947-1055

March 31, 2008

*Via Facsimile Only:* (415) 781-2635

John Gherini
SEDGWICK, DETERT, MORAN & ARNOLD
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105

Re: Robinson v. DaimlerChrysler, et al.

Dear John:

I am in receipt of your March 28, 2008 letter regarding the scheduling of expert discovery. The issue of whether expert disclosures should be simultaneous or staggered is one that we have disputed for approximately six months and included in our joint case management statement. At the case management conference, however, no-one raised the issue in front of the Judge and my assumption was that we would resort to a simultaneous disclosure because there is no provision in the federal rules requiring a staggered disclosure. I have met and conferred several times with your office with at least three different attorneys. To reiterate our position, there is no need for staggered disclosure because we have identified Plaintiffs' claims, and to the extent that there is some aspect of a claim that you were previously unaware, Chrysler will have the opportunity to address it in supplemental disclosures. Indeed, the simultaneous disclosure of experts operates satisfactorily in state court, where it is mandatory. Furthermore, your focus on an advisory committee note is not helpful in this case because it is Chrysler who has the burden of proof in a design defect case, not Plaintiffs.

Regarding the date of expert disclosures, I have proposed September 12, 2008. This date would allow the parties two months to complete all expert discovery which should be satisfactory. It is 10 more days than the time that parties have in state court, and it will not overlap with the final trial preparation like it does in state court. I look forward to talking with you soon to try to resolve these issues informally.

Very truly yours,

Darren J. Van Blois

Shelley Robinson, et al. v. DaimlerChrysler AG, et al.
USDC, Northern District No.: C-07-03258 SC

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On the date executed below, I electronically served the document(s) via ECF described as:

DECLARATION OF JOHN G. GHERINI IN SUPPORT OF CHRYSLER LLC'S AND CHRYSLER MOTORS LLC'S MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY (EXHIBITS A AND B)

on the recipients designated on the Transaction Receipt located on the ECF website.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 31, 2008, at San Francisco, California.

_____
Joanne M. Heffron Jones

PROOF OF SERVICE

SF/1498672v1