R. Lewis Van Blois, sbn 38912
Thomas C. Knowles, sbn 40899
Darren J. Van Blois, sbn 232583
Law Office of VAN BLOIS & ASSOCIATES
Airport Corporate Centre
7677 Oakport Street, Suite 565
Oakland, CA 94621
Telephone: (510) 635-1284
Facsimile: (510) 635-1516

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELLEY R. ROBINSON; and ELIZAVETA M. HUNSINGER, by and through her Conservator IVAN J. HUNSINGER<br><br>Plaintiffs,<br><br>v.<br><br>DAIMLERCHRYSLER AG; DAIMLERCHRYSLER MOTORS COMPANY LLC; DAIMLERCHRYSLER CORPORATION; and DOES ONE through FIFTY, inclusive,<br><br>Defendants.<br>_____/ | Case No. C 07-03258 SC<br><br>OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF REGARDING EXPERT WITNESS DISCLOSURES AND DISCOVERY<br><br>[Civil Local Rule 7-11] |

## I. INTRODUCTION

Chrysler's motion was made without meeting and conferring or even notifying Plaintiffs' counsel about a critical issue raised in their motion concerning the close of non-expert discovery. They request the close of non-expert discovery to be set for July 3, 2008, which would only give the parties three months to complete it. This early date would be extremely prejudicial because

Plaintiffs will not have sufficient time to complete discovery. The fact that counsel for Chrysler never raised this issue during the meet and confer, proposed in their letter that the close of non-expert discovery would be November 12, 2008, and now requests a July 3, 2008 cut-off date in their motion is an abuse of Civil Local Rule 7-11.

Furthermore, their entire proposed schedule unfairly advantages Chrysler. It gives Chrysler 32 days to rebut Plaintiffs' experts, yet only gives Plaintiffs 21 days to rebut Chrysler's experts. It also requires Plaintiffs to disclose expert reports for issues on which they have the burden, but would not require Chrysler to disclose expert reports for issues on which they have the burden. None of Chrysler's requests should be granted.

## II. FACTS

This case arises out of a single vehicle accident that occurred on May 25, 2005 on Highway 93 near Twin Falls, Idaho, when the 1998 Jeep Cherokee in which Plaintiffs were passengers oversteered, yawed, and rolled over. Plaintiffs claim that the vehicle was defective (1) in its handling and stability, (2) for not having electronic stability control, (3) for having a weak roof, and (4) for having inadequate glazing. These claims are known to Chrysler. (See Gherini Decl. at ¶4).

Counsel for both parties met and conferred regarding the scheduling of expert discovery, beginning in September, 2007. (See Van Blois Decl. at ¶1.) The parties included this issue in their Joint Case Management Statement. At the hearing, however, the issue was not raised and the Court did not establish a schedule for expert discovery in the Status Conference Order. (See Van Blois Decl. at ¶1.) The Court ordered the close of all discovery by November 12, 2008. Plaintiffs have relied on this cut-off date in their discovery planning. (See Van Blois Decl. at ¶5.)

On March 26, 2008. The parties met and conferred telephonically regarding the timing of expert disclosures. (See Van Blois Decl. at ¶2.) On the same day, defense counsel sent a meet

and confer letter, and asked for a response by March 31. (See Ex. A to Gherini Decl.) On March 31, Plaintiffs' counsel sent a written response. (See Ex. B to Gherini Decl.) Defense counsel mentioned that they would seek court assistance to resolve the expert discovery scheduling if an agreement was not made. Defense counsel did not mention that they would also ask the Court to move the non-expert discovery cut-off date by over four months. (See Van Blois Decl. at ¶4.)

### III. ARGUMENT

**A.     The cut-off date for non-expert discovery should remain at November 12, 2008.**

Chrysler provided *no argument* in their moving papers in support of their request to move the date for the close of non-expert discovery ahead by over four months to July 3, 2008. Chrysler did not meet and confer regarding this issue, and they did not inform Plaintiffs that they would ask for this relief. By slipping this request in their motion, Chrysler is abusing Civil Local Rule 7-11. This is sufficient reason to deny the relief requested.

Plaintiffs would be severely prejudiced if the cut-off date for non-expert discovery is moved to July 3, 2008. Plaintiffs' counsel has relied on the November 12, 2008 cut-off date in their discovery planning, and they would have inadequate time to complete non-expert discovery if the cut-off date is moved ahead by four months. At this time, the parties are still waiting for the Court to sign the protective order that the parties agreed to, and Chrysler has not completed their initial disclosures. (See Van Blois Decl. at ¶5.) Products liability cases with automobile manufacturers are fraught with disputes that require law and motion work and significant delay. By asking the Court to change the cut-off date for non-expert discovery, Chrysler is attempting to prevent Plaintiffs from obtaining discovery about their automobile. From this day, Plaintiffs would only have three months to complete discovery, when they have been planning on having seven months from this day pursuant to the Court's January 25, 2008 Status Conference Order. During these three months, Chrysler will delay discovery responses, refuse to produce certain

categories of documents, oppose motions, delay depositions of the PMK witnesses, and send the wrong PMK witnesses who have limited knowledge of the subject matters at issue, requiring further meet and confer, and potential additional law and motion work. (See Van Blois Decl. at ¶5.) This would be unduly prejudicial to Plaintiffs who would be denied their right to discovery in this case. Chrysler should have made this request at the status conference instead of waiting until three months before their requested cut-off date.

**B.     The date for expert disclosure should be later than the one proposed by Chrysler.**

Plaintiffs would be similarly prejudiced if the date for expert disclosures is moved ahead to July 3, 2008. Chrysler admits that the default date for expert disclosures is 90 days before trial, which in this case would be October 14, 2008. FRCP 26(a)(2)(C)(i). (See Motion at 2:25-26). Plaintiffs have relied on this date, or a date reasonably close thereto, as the date for expert disclosures. Plaintiffs have informed Chrysler that they would stipulate to change the disclosure date to September 12, 2008. However, to change the disclosure date to July 3, 2008 would be so distant from the Court's Order that it would completely change all of Plaintiffs' litigation planning. Chrysler should have made this request at the status conference instead of waiting until three months before their requested disclosure date.

Chrysler has not provided adequate justification for their request for over four months of expert discovery. In State Court, the parties only have 50 days to complete expert discovery, which may be completed all the way up to the trial date. C.C.P. §2034.230(b). Here, Plaintiffs will stipulate to allow 60 days of discovery which would be completed two months before trial. This is a sufficient relaxation from the more rigorous requirements in State Court that defense counsel has complained of, and it is sufficient time to complete expert discovery.

**C.     Expert disclosure should be simultaneous.**

FRCP 26 contains no requirement for staggered disclosure of experts. The best argument that Chrysler can make is that the staggered disclosure of experts may be ordered at the Judge's

---

Opposition to Motion for Administrative Relief re: Expert Witness Disclosures                    4

discretion, requiring the party with the burden of proof on a particular issue to disclose their expert reports first. The first fallacy with that argument is that Chrysler has the burden of proof on design defect issues, not Plaintiffs.

> "Once the plaintiff makes a prima facie showing that the injury was proximately caused by the product's design, the burden should appropriately shift to the defendant to prove, in light of the relevant factors, that the product is not defective." Campbell v. General Motors Corp. (1982) 32 Cal.3d 112, 118 (quoting Barker v. Lull Engineering Co. (1978) 20 Cal.3d 413, 431.

Indeed, a prima facie case of causation may be established without any expert testimony, See Campbell v. General Motors Corp. (1982) 32 Cal.3d 112, and it certainly may be established without expert reports and expert depositions. Therefore, under Chrysler's reasoning, Chrysler would have to disclose their experts first.

The second fallacy with Chrysler's argument is that they already know what Plaintiffs' claims are, so there is no need for a staggered disclosure. They know the claims are for defective handling and stability, failure to have ESC, defective roof, and defective glazing. If there is some aspect of these claims that they were previously unaware of, they will have the ability to disclose supplemental reports and/or rebuttal experts. If Chrysler is searching for another way to narrow issues, a better way to do this would be to schedule an interim pretrial conference before the disclosure date. This would prevent Chrysler from obtaining the unfair advantage they are seeking in asking that Plaintiffs disclose their expert reports before Chrysler discloses theirs.

## IV. CONCLUSION

The Court should deny all relief requested in Chrysler's motion and order that the date for the disclosure of experts is September 12, 2008.

Dated: April 4, 2008

VAN BLOIS & ASSOCIATES

Darren J. Van Blois,
Attorneys for Plaintiffs