1  R. Lewis Van Blois, sbn 38912
   Thomas C. Knowles, sbn 40899
2  Darren J. Van Blois, sbn 232583
   Law Office of VAN BLOIS & ASSOCIATES
3  Airport Corporate Centre
   7677 Oakport Street, Suite 565
4  Oakland, CA 94621
   Telephone: (510) 635-1284
5  Facsimile: (510) 635-1516

6  Attorneys for Plaintiffs

7

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12 SHELLEY R. ROBINSON; and               Case No. C 07-03258 SC
   ELIZAVETA M. HUNSINGER, by and
13 through her Conservator IVAN J.
   HUNSINGER                              DECLARATION OF DARREN VAN BLOIS
14                                        IN OPPOSITION TO MOTION FOR
        Plaintiffs,                       ADMINISTRATIVE RELIEF REGARDING
15                                        EXPERT WITNESS DISCLOSURES AND
        v.                                DISCOVERY
16
   DAIMLERCHRYSLER AG;
17 DAIMLERCHRYSLER MOTORS
   COMPANY LLC; DAIMLERCHRYSLER           [Civil Local Rule 7-11]
18 CORPORATION; and DOES ONE through
   FIFTY, inclusive,
19
        Defendants.
20 _____/

21
   I, Darren J. Van Blois, hereby declare:
22
        I am an attorney, licensed to practice in the State of California, and licensed to practice
23
   before the Federal District Court for the Northern District of California, in the law firm Van
24
   Blois & Associates, which represents Plaintiffs in this action. I make the following statements
25
   based on my own personal knowledge.
26

---
Declaration of Darren Van Blois                                                              1

1. I met and conferred with counsel for Chrysler regarding the scheduling of expert discovery before the initial status conference from approximately September, 2007 to January, 2008. During this time, I specifically discussed the issue of staggered disclosure and simultaneous disclosure with three separate attorneys from Sedgwick. The issue was identified in the Joint Case Management Conference Statement, but was not raised at the hearing.

2. On March 26, 2008, I met and conferred with two attorneys from Sedgwick wherein they proposed to modify the expert disclosure dates. I agreed that I would move the disclosure date from the default date of October 14, 2008 to September 12, 2008. Contrary to what is stated in Chrysler's moving papers, I did not agree that "the Court should order an expert disclosure and discovery schedule". The gist of what I said was that the parties should try to reach an agreement, and that I would agree to move the disclosure date to September 12, 2008.

3. I have relied on the Court's Status Conference Order for the litigation planning in this case. Specifically, I have relied on the discovery cut-off date of November 12, 2008, and I have relied on an expert disclosure date that is reasonably close to October 14, 2008, which is 90 days before trial per the default rule in federal court. I anticipated that the parties would agree to an expert disclosure date that is near September 12, 2008, so the parties would have approximately 60 days to complete expert discovery. I did not forsee that Chrysler would request to move it up all the way to July 3, 2008. This should have been requested at the January 25, 2008 Status Conference, and not three months before Chrysler's requested date.

4. The request to move the non-expert discovery cut-off date to a sooner date was a total surprise to me when I received the motion. I don't recall the non-expert discovery cut-off date being an issue in the March 26, 2008 telephonic meet and confer. I recall we mentioned that the non-expert discovery cut-off date was November 12, 2008 pursuant to the Court's Order, and I remember defense counsel expressing some dissatisfaction with that ruling, but I don't recall that the non-expert discovery cut-off date was an issue. The March 26 letter from defense

Declaration of Darren Van Blois                                                                      2

counsel, memorializing the conversation, does not mention or even suggest that the cut-off date for non-expert discovery was an issue.

5. A July 3, 2008 cut-off date for non-expert discovery and disclosure date for expert reports is only three months away. This is not a sufficient amount of time to do the work that is necessary in discovery. I have litigated numerous products liability cases, and several specifically against auto manufacturers, and my experience is that there is resistance to discovery requests and deposition notices of party witnesses that significantly delays discovery. I usually have to resort to law and motion work to obtain needed discovery, which causes more delay. Three months is not an adequate amount of time to complete discovery. Chrysler has not even completed its initial disclosures because we are still waiting for the agreed upon protective order to be entered by the Court.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States that the forgoing is true and correct. Executed on April 4, 2008 in Oakland, California.

By: Darren J. Van Blois

Declaration of Darren Van Blois

3